UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ERNESTO and DIANA MIRANDA,                    :   **Civil Action No. 08-CIV 5491**
                                              :
                 Plaintiffs,                  :
                                              :
                                              :   **JOINDER PETITION**
        -against-                             :   **FOR REMOVAL**
                                              :
ABEX CORP;                                    :
f/k/a American Brake Show Company; et al.     :
                                              :
                 Defendants.                  :
------------------------------------------------------------------------ X

        Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 defendant General Dynamics

Corporation incorrectly s/h/a "General Dynamics; Individually and as successor-in-interest to

Consolidated Vultee Aircraft Corporation" (hereinafter "General Dynamics") that Defendant

General Dynamics hereby joins in to the removal of this action from the Supreme Court of New

York County, State of New York, bearing Index No.: 08-104346, to remove the foregoing case to

the United States District Court for the Southern District of New York, New York. Removal is

proper for the reasons stated in Co-Defendant Northrop Grumman Systems Corporation's Petition

for Removal, as well as for the reasons set forth below.


        In support, the defendant General Dynamics states:


### PROCEDURAL HISTORY

        1.      Plaintiffs commenced the instant action in the Supreme Court of the State of New

York, County of New York on or about March 25, 2008 by the filing of its Verified Summons and

Complaint. The defendant General Dynamics was served through the Secretary of State on or about

March 28, 2008. On or about June 6, 2008 plaintiffs filed its First Amended Summons and

Complaint. Thereafter, on or about June 10, 2008 plaintiffs filed its Second Amended Summons

and Complaint. Collectively annexed hereto as Exhibit "A" are copies of the Summons and Complaints served in the within action.

2.    On May 22, 2008 plaintiffs served via regular mail its Answers to Defendants' Fourth Set of Interrogatories And Request for Production Interrogatories, which were received on May 28, 2008. Plaintiffs' interrogatory responses include allegations that plaintiff was exposed to asbestos while in the United States Air Force. Specifically, plaintiff Ernesto Miranda alleges exposure to the F-16 aircraft. See Exhibit B, Northrop Grumman Systems Corporation's Petition for Removal.

## THE INSTANT NOTICE OF REMOVAL IS TIMELY FILED

3.    The plaintiffs' interrogatory responses form the basis for the within removal as plaintiff Ernesto Miranda alleges to have been exposed to asbestos from the F-16 aircraft(s) which were built by General Dynamics. See Exhibit B,  Chart "A", Northrop Grumman Systems Corporation's Petition for Removal.

4.    As plaintiffs' interrogatory responses were received on May 28, 2008 this instant application is timely filed as required by 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after receipt of the copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## INTRA DISTRICT ASSIGNMENT

5.    This Joinder Petition for Removal and all exhibits are being filed in the United States District Court for the district and division in which the state court action is pending. See 28 U.S.C. § 1446(a).

## **BACKGROUND**

6.    This is an asbestos personal injury action by plaintiffs against General Dynamics based on plaintiff Ernesto Miranda's alleged exposure to asbestos and asbestos-containing products while serving in the United States Air Force from approximately 1982 through 1986.

7.    General Dynamics was in the business of manufacturing military aircrafts. Specifically, General Dynamics built the F-16 aircraft. General Dynamics alleged involvement herein is not clear at this juncture as plaintiff's Complaint does not particularize specific allegations as against General Dynamics.   However, the plaintiffs' interrogatory responses form the basis for the within removal as Mr. Miranda alleges to have been exposed to asbestos from the F-16 aircraft. See Exhibit B, Chart "A".

8.    The F-16 aircraft built by General Dynamics during the period that Mr. Miranda was serving in the United States Air Force was constructed pursuant to precise government specifications. Virtually every detail of this construction was specified and overseen by the United States Air Force and required the approval of the United States Government at every stage of construction. The United States Air Force engaged General Dynamics to build a litany of military aircrafts, including the F-16, pursuant to a series of contracts.

9.    As set in more detail below, federal officers (The United States Air Force) selected the component parts of these aircrafts and approved and specified their design, including the use of asbestos, if any, and required General Dynamics to install them on military aircrafts, including the F-16. In other words, Generally Dynamics had no choice but to install the components parts, including any asbestos components therein, if any, on the military aircrafts.

10.    Here, plaintiff Ernesto Miranda sues General Dynamics for asbestos allegedly associated with the construction of these aircrafts, specifically the F-16. General Dynamics therefore removes this action to this Court on "federal officer" grounds pursuant to 28 U.S.C. § 1422(a)(1).

**FEDERAL OFFICER REMOVAL IS
APPROPRIATE UNDER 28 U.S.C 1442(a)(1)**

11.    Removal is proper under 28 U.S.C. 1442(a)(1) when the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official capacity for any act under color of such office. <u>See</u> 28 U.S.C. 1442(a)(1).

12.    This statute overcomes the well-pleaded complaint rule by providing a method to remove a case brought in state court against a federal officer, or any other person acting under a federal officer, despite the absence of a federal cause of action. <u>See</u> *Nesbiet v. General Elec. Co.*, 399 F. Supp.2d 205, 209 (S.D.N.Y. 2005); *Jefferson County v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.E.2d 408 (1999). The Supreme Court has noted that one of the purposes of the federal officer removal statute is to ensure that a federal court will adjudicate the validity of a defendant's official immunity defenses. <u>See</u> *Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981).

13.    To remove a state court action under the statute, a private party must establish that (1) it has a colorable federal defense, (2) it acted under the direction of a federal agency or officer, and (3) there is a causal nexus between the claims and the conduct performed under the color of federal office." <u>See</u> *Mesa v. California*, 489 U.S. 121, 124-125, 134-135 (1989).

14.    A corporation is a "person" within the meaning of section 1442(a).  See Agent Orange Product Liability Litigation, 304 F. Supp. 2d 442, 446 (S.D.N.Y. 2004).  As such, General Dynamics is a "person" within the meaning of 28 U.S.C. § 1442.

15.    General Dynamics manufactured military aircrafts pursuant to military procurement contracts with the Government and, in compliance with reasonably precise design specifications, as well as detailed design drawings, which were reviewed and approved by the United States Air Force. The Government was intimately involved in the design, development and testing of these military aircrafts, including the F-16, and their components and systems, and monitored General Dynamics' performance under the contract at all times and required General Dynamics to construct the military aircrafts in accordance with the applicable and approved specifications and drawings incorporated into the contracts. All military aircrafts built pursuant to these contracts were subject to inspection, testing and approval by the United States Government. In addition, the Government performed extensive testing of the aircrafts and their components and systems to ensure complete conformity with the design specifications. Any part of those military aircrafts, specifically the F-16, that allegedly exposed Mr. Miranda to asbestos, if at all, was explicitly and directly required by the Government under the direction of the United States Air Force.

16.    Furthermore and perhaps more importantly, the United States Government required General Dynamics to install each and every system and component part, including any alleged asbestos-containing components, if any, that Mr. Miranda purportedly worked with and which plaintiffs' contend caused Mr. Miranda to contract an asbestos-related disease.

17.    Insofar as to any components which may have contained asbestos, the procurement contracts and federal officers required General Dynamics to install them aboard military aircrafts.

18.    General Dynamics asserts a colorable federal defense, namely the government contractor defense. See *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988). *Boyle* establishes that a government contractor is not liable for injures caused by design defects in equipment when the contractor built such equipment according to reasonably precise government-approved design specifications. The government contractor defense is satisfied here because the design specifications for these military aircrafts were government-approved, the military aircrafts conformed to these specifications, and to the extent that asbestos was known at the time to be a hazardous material, the Government's knowledge of such hazards was superior to the knowledge of General Dynamics.

19.    Since federal officers directed and required General Dynamics to install those parts and components on the military aircrafts, including the F-16, in which Mr. Miranda was allegedly exposed, there is an unequivocal "causal nexus" between the direction General Dynamics received from the military, which it followed, and Mr. Miranda's alleged injury. When a government contractor builds a product pursuant to military specifications and is later sued because compliance with those specifications allegedly causes personal injuries, the nexus requirement is satisfied. See *Fung v. Abex Corp.*; 816 F. Supp. 569, 572 (N.D. Cal 1992).

20.    The same is true for any  warnings plaintiffs claim were absent from either the military aircrafts or the maintenance manuals. The United States Air Force exercised a substantial degree of direct and detailed control over General Dynamics' provision of warnings and the United States Air Force's control over warnings directly interfered with General Dynamics ability to fulfill its state law obligation to warn about the dangers of asbestos. See *Nesbiet,* 399 F. Supp 2005 (S.D.N.Y. 2005).

21.    In addition, General Dynamics is entitled to federal officer removal under 28 U.S.C. 1442(a)(1) based upon the separate and additional federal defense of derivative sovereign immunity as set forth in *Yearsley v. WA Ross Construction Co.,* 309 U.S. 18 (1940). *Yearsely* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract. The *Yearsely* doctrine is satisfied here because the acts complained of were performed at the direction of government officers, namely the United States Air force, acting pursuant to government authorization, and if the government had performed these acts directly, it would be immune from suit.

## NOTICE

22.    This action has been removed by defendant Northrop Grumman Systems Corporation pursuant to its Petition for Removal which was filed on June 18, 2008 with this Court. Plaintiffs have been served with such Notice for Removal. General Dynamics joins in such removal and further asserts its own right of removal as fully set forth herein pursuant to 28 U.S.C. §§ 1441, 1442, and 1446.

**WHEREFORE**, the defendant General Dynamics prays that this action proceed in this Court as an action properly removed thereto.

Respectfully submitted this 23rd day of June, 2008

Dated:      New York, New York
            June 23, 2008

Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:

ERIK C. DIMARCO (ED 1124)
Attorneys for defendant
GENERAL DYNAMICS CORPORATION
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
Our File No.: 07411.00024

TO:   LEVY PHILLIPS & KONIGSBERG, LLP
      Attorneys for plaintiffs
      800 Third Avenue-13[th] Floor
      New York, New York 10038

      All defendants on annexed Service Rider List

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2008, I electronically filed the foregoing Notice of Appearance and Joinder to Removal by GENERAL DYNAMICS CORPORATION with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all counsel of records who are CM/ECF participants. I further certify that I mailed the foregoing document and notice of electronic filing by first class mail to all known counsel of record who are non-CM/ECF participants.

Erik C. DiMarco

### *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK    )
                           ) ss.:

COUNTY OF NEW YORK

      Donzell Lewis , duly sworn, deposes, and says: that deponent is not a party to the action, is over 18 years of age and resides in Brooklyn , New York.

      That on the 23[th] day of June, 2008, deponent served the within **NOTICE OF APPEARANCE AND JOINDER TO REMOVAL** upon:

SEE ATTACHED SERVICE RIDER

at the address(es) designated by said attorney(s) for that purpose by depositing same in a correctly addressed envelope, in a container under the custody and control of the United Postal Service.

 

                                                        _____
                                                          Donzell Lewis

Sworn to before me on this
  23[th] day of June, 2008

_____
Notary Public

          **RENATE M. ZIELINSKI**
    **NOTARY PUBLIC, State of New York**
           No. 01ZI4862215
        **Qualified in Suffolk County**
  **Commission Expires July 14, 20 /0**

3268750.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ERNESTO and DIANA MIRANDA,

                    Plaintiffs,

            - against-

ABEX CORPORATION;
f/k/a American Brake Show Company;
ALCOA , INC.,
         Individually and as successor in
         Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
ENPRO INDUSTRIES, INC.
         Individually and as successor in interest
         to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GARLOCK SEALING TECHNOLOGIES, LLC;
GE AVIATION SYSTEMS LLC;
GENERAL DYNAMICS;

Index No: 08 - 104346
DOF: 3/25/08

**SUMMONS**

Plaintiff Designates
NEW YORK COUNTY
as the place of trial

The basis for venue is
Defendant's place of
business

Plaintiff resides at:
1315 Amsterdam Avenue
New York, NY 10027

NEW YORK
COUNTY CLERKS OFFICE

MAR 25 2008

NOT COMPARED
WITH COPY FILE

00112116.WPD

GENERAL ELECTRIC CORPORATION;
GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
    Individually and as successor in interest
    to Consolidated Vultee Aircraft
    Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
    Individually and as successor in interest
    to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
    Individually and as successor in interest
    to Hitco;
HONEYWELL INTERNATIONAL, INC.
    f/k/a Allied Signal, Inc. Successor
    in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
    Individually and as Successor in
    Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
    f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
    Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;

PNEUMO ABEX CORPORATION
Individually and as Successor in interest to
Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
      Individually and as successor in interest to Allison
      Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
      Individually and as successor in interest to
      McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
      Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
      Individually and as Successor in Interest to
      United Aircraft Corporation United
      Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
      f/k/a Minnesota Mining & Manufacturing;
-----------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

         You are hereby summoned to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete is this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
          March 21, 2008

                         LEVY PHILLIPS & KONIGSBERG, L.L.P.
                         Attorneys for Plaintiffs

              By:    Patrick J. Timmins, Esq.
                      800 Third Avenue - 13th Floor
                      New York, New York 10022
                      (212) 605-6200

## DEFENDANTS ADDRESSES:

### Via CPLR §312

ALCOA, INC.,
Individually and as successor in interest
to Fairchild Fastners
c/o Corporate Service Co.
80 State Street
Albany, NY 12207-2543

AMERICAN REFRACTORIES CO.
1250 Clarion Street
Reading, PA 19601

ANCHOR PACKING COMPANY
120 East Avenue, Suite 101
Rochester, NY 14604-7356

ATLAS TURNER, INC.
854 Blvd. Oullet West
Thetford Mines, Quebec G6G785

AVOCET ENTERPRISES, INC.
c/o SCN & R Registered Agent, Inc.
8000 Sears Tower
Chicago, IL 60606

A.W. CHESTERTON CO., INC.
Middlesex Industrial Park
Rt. 93
Stoneham, MA 02180

BOEING INTEGRATED DEFENSE
SYSTEMS
2201 Seal Beach Boulevard
Seal Beach, CA 90740-5603

BORG WARNER CORPORATION
3850 Hamlin Road
Auburn, Hills, MI 48326

CANADIAN COMMERCIAL
CORPORATION
50 O'Connor Street, 11th Floor
Ottawa, Ontario K 1AOS6

CFM INTERNATIONAL, INC.
1 Neuman Way
Cincinnati, OH 45215-0514 COURTER

COURTER & COMPANY INC.
Richard Leff, Esq.
McGIVNEY & KLUGER , P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

CRANE AEROSPACE & ELECTRONICS
KELTEC OPERATION
84 Hill Avenue NW,
Fort Walton Beach, FL 32254-3858

CRANE CO.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

CRANE PUMPS & SYSTEMS, INC.
420 3rd Street
Piqua, OH 45356-3918

CRANE RESISTOFLEX AEROSPACE
2575 W. 5TH Street
Jacksonville, FL 32254-2066

DANA CORPORATION
P.O. Box 1000
Toledo, OH 43697-1000

DURABLA MANUFACTURING COMPANY
790 E. Market St., # 235
West Chester, Pennsylvania, 19382

DURAMETALLIC CORPORATION
5215 N. O'Connor Blvd., Suite 2300
Irving, TX 75039

EASTERN REFRACTORIES CORPORATION
Corporate/Service Address:
c/o Laura B. Hollman, Esq.
McMAHON MARTINE & GALLAGHER
90 Broad Street, 14th Floor
New York, New York 10004

ENPRO INDUSTRIES, INC.,
(Individually and as Successor to
Menasco Inc. c/o CT Corporation
Systems
225 Hillborough Street
Raleigh, NC 27603

EATON CORPORATION;
CT corporation System
111 Eighth Avenue
New York, NY 10011

EATON HYDRAULICS, INC.;
111 Eighth Avenue
New York, NY 10011

FAY SPOFFARD & THORNDIKE
OF NEW YORK, INC. f/k/a Wolff &
Munier, Inc.
111 John St., Suite 245
New York, New York 10035

FOSTER WHEELER ENERGY
CORPORATION
Perryville Corporate Park
P.O. Box 4000
Clinton, NJ 08809

GARLOCK, INC.
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL DYNAMICS,
Individually and as successor in interest
to Consolidated Vultee Aircraft
Corporation
3190 Fairview Park Drive
Falls Church, VA 22042

GE AVIATION SYSTEMS LLC
c/o Corporation System
111 Eight Avenue
New York, NY 10011

GENERAL ELECTRIC CORPORATION
Henry J. King., Jr., Esq.
Managing Attorney
Electric Insurance Company
152 Conant Street
Beverly, MA 01915

GENERAL MOTORS CORPORATION,
as Successor in Interest to Delco Products
a Division of General Motors
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL REFRACTORIES CO.
225 City Avenue, Suite 114
Bala Cynwyd, PA 19004

GEORGIA-PACIFIC CORPORATION
133 Peachtree St., N.E.
Atlanta, GA 30303

GRAYBAR ELECTRIC COMPANY, INC.
34 N Meramec Avenue
St. Louis MO 63105

GRIMES AEROSPACE COMPANY
Individually and as successor in interest to
Midland-Ross Corporation
550 Route 55
Urbana, Ohio 43078

HENKEL CORPORATION
CT CORPORATION SYSTEM
111 Eighth Avenue
New York, NY 10011

HERCULES CHEMICAL COMPANY, INC.
111 South Street
Passaic, NJ 07055

HEWLETT PACKARD COMPANY
PO box 10301
Palo Alto, CA 94303-0890

HITCO CARBON AND COMPOSITES, INC.
Individually and as successor in interest to Hitco
1600W 135th Street
Gardena, CA 90249

INGERSOLL-RAND COMPANY
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07675

J.H. FRANCE REFRACTORIES CO.
P.O. Box 276 - 895 Clarence Road
Snow Shoe, PA 16874-0276

JOHN CRANE, INC.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

KENTILE FLOORS, INC.
c/o Sandy Gropper
Insurance Claims Administrator
31 East 28th Street
New York, NY 10016

LEAR SEIGLER SERVICES, INC.
Individually and as Successor in Interest
to Lear Seigler, Inc.
3 Corbett Way
Eatontown, NJ 07724

LESLIE CONTROLS, INC.
12501 Telecom Drive
Tampa, Florida 33637

LOCKHEED MARTIN
CORPORATION
6801 Rockledge Drive
Bethesda, Maryland 20817

METROPOLITAN
TRANSPORTATION AUTHORITY
347 Madison Avenue
New York, New York 10017

MUNACO PACKING & RUBBER
CO., INC.
325 West 16th Street
New York, New York 10011-5936

NASCO AIR BRAKES, INC.
13300 Estrella Avenue
Gardena, California 90248

NORTHROP GRUMAN CORPORATION
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

OLD ORCHARD CORPORATION
208 SO LaSalle Street, Suite 814
Chicago, IL 60604-1101

PARKER AEROSPACE
14300 Alton PKWY
Irvine, CA 92618-1814

PARKER HANNIFIN CORPORATION
6035 Park Boulevard
Cleveland, OH 44124-4141

PNEUMO ABEX CORPORATION
Individually and as Successor in interest to Abex
Corporation f/k/a American Brake Shoe;
c/o The Prentice Hall Corp. System Inc.
80 State Street
Albany, NY 12207

PRATT WHITNEY
400 Main Street
East Hartford, CT 06108-0968

RAILROAD FRICTION PRODUCTS CORP.
1001 Air Brake Avenue
Wilmerding, PA 15148
&
c/o The Trust Corporation Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RHEACO, INC.
1801 West Jefferson Street
Grand Prairie, TX 75051-1328

ROBERT A. KEASBEY CO.
Corporate/Service Address:
c/o Anna DiLonardo, Esq.
WEINER LESNIAK, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

ROLLS ROYCE CORPORATION,
Individually and as successor in interest
to Allison Engine Company, Inc.;
c/o CT Corporation Service Company
80 State Street
Albany, NY 12207

THE BOEING COMPANY
Individually and as successor in interest
to McDonnell Douglas
c/o Corporation Service System
80 State Street
Albany, NY 11207-2543

THE FAIRCHILD CORPORATION
1750 Tysons Boulevard, Suite 1400
McLean, VA 11102

TREADWELL CORPORATION
c/o Chuck McGivney, Esq.
McGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

TRIAD INTERNATIONAL
MAINTENANCE CORPORATION
individually and as successor in interest
to Aero Corporation
623 Radar Road
Greensboro, NC 27410

UNISYS CORPORATION
Unisys Way
Blue Bell, PA 19424-0001

UNITED TECHNOLOGIES
CORPORATION, Individually and as
successor in interest to United Aircraft
Corporation
United Technologies Building
Hartford, CT 06101

WAYNE WIRE CLOTH PRODUCTS,
INC.
200 E. Dresden Street NE
Kalkraska, MI 49646

**Personally Served:**

METROPOLITAN TRANSPORTATION
AUTHORITY
347 Madison Avenue
New York, New York 10017

## SECRETARY OF STATE BCL 306/307

ABEX CORPORATION
f/k/a American Brake Show Company;
AMERICAN REFRACTORIES, INC.;
BONDEX INCORPORATED;
CARRIER CORPORATION;
CUTLER HAMMER;
n/k/a EATON ELECTRICAL, INC.;
DRESSER INDUSTRIES, INC.;
GOODRICH CORPORATION
f/k/a B.F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULDS PUMPS INCORPORATED
HONEYWELL INTERNATIONAL, INC.
f/k/a Alliedsignal, Inc., as successor-in-interest to
The Bendix Corporation;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION
WESTINGHOUSE AIR BRAKE CO.; and
3M COMPANY f/k/a MINNESOTA MINING &
MANUFACTURING CO.



UNITED STATES POSTAGE
02 1A
0004345463          $ 00.41⁰
MAILED FROM ZIP CODE 10022
PITNEY BOWES

**LEVY PHILLIPS & KONIGSBERG, LLP**

800 THIRD AVENUE

NEW YORK, N.Y. 10022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X
ERNESTO and DIANA MIRANDA,

                              Plaintiff,

              - against-

ABEX CORPORATION
f/k/a American Brake Show Company;
ALCOA , INC.,
        Individually and as successor in
        Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
EASTERN REFRACTORIES CORPORATION;
ENPRO INDUSTRIES, INC.
        Individually and as successor in interest
        to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GE AVIATION SYSTEMS LLC;
GARLOCK SEALING TECHNOLOGIES, LLC;
GENERAL DYNAMICS;
GENERAL ELECTRIC CORPORATION;

Index No: 08 - 104 346
DOF: 3/05/08

**COMPLAINT**

00112116.WPD

GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
     Individually and as successor in interest
     to Consolidated Vultee Aircraft
     Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
     Individually and as successor in interest
     to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
     Individually and as successor in interest
     to Hitco;
HONEYWELL INTERNATIONAL, INC.
     f/k/a Allied Signal, Inc. Successor
     in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
     Individually and as Successor in
     Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
     f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
     Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;
PNEUMO ABEX CORPORATION
Individually and as Successor in interest to
Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
Individually and as successor in interest to

Allison Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
     Individually and as successor in interest to
     McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
     Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
     Individually and as Successor in Interest to
     United Aircraft Corporation United
     Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
     f/k/a Minnesota Mining & Manufacturing;
----------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

     Plaintiffs, by their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, for their
Complaint, respectfully alleges as follows:

1.     Plaintiff repeats and re-alleges New York Asbestos Litigation Standard
     Complaint No. 1 as if fully incorporated herein.

2.     Plaintiff is a citizen of the State of New York.

3.     Plaintiff, Ernesto Miranda, has been diagnosed with mesothelioma and meets the
     minimum requirement for activation into the active docket pursuant to the Case
     Management Order governing these actions.

Dated:     New York, New York
           March 21, 2008

                            LEVY PHILLIPS & KONIGSBERG, L.L.P.
                            Attorneys for Plaintiffs

                            By:     Patrick J. Timmins
                                 800 Third Avenue - 13th Floor
                                 New York, New York 10022
                                 (212) 605-6200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ERNESTO and DIANA MIRANDA,

                             Plaintiffs,          Index No:  08-104346

        - against-

ABEX CORPORATION;
f/k/a American Brake Show Company; et al.

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## FIRST NOTICE OF AMENDMENT

    Plaintiff in the above-named caption hereby amends his Complaint to add, **ADEL**

**WIGGINS GROUP.; BROTHERS INTERNATIONAL, INC.; CHRYLER LLC Individually**

**and as successor-in-interest to Daimlerchrysler Corporation Mopar Parts Division; EATON**

**AEROQUIP INC.; EPSON AMERICA, INC.; INTERNATIONAL BUSINESS MACHINES**

**CORP.; KONICA MINOLTA BUSINESS SOLUTIONS USA, INC.; MACK TRUCKS,**

**INC.; PARKER HANNIFIN STRATOFLEX PRODUCTS DIVISION; RICOH AMERICAS**

**CORPORATION; THE FAIRCHILD CORPORATION; THE ZIPPERTUBING CO.;**

**UNION CARBIDE; and XEROX CORPORATION.**, as additional defendants in New York

Asbestos Litigation Standard Complaint No. 1 pursuant to Case Management Order No. 1§VI E.

The Amended Complaint reflecting such additions is attached hereto.

Dated:  New York, New York
       June 6, 2008

                             LEVY PHILLIPS & KONIGSBERG, LLP
                             Attorneys for Plaintiff

                             By: _____
                                Patrick Timmins, Esq.
                                800 Third Avenue, 13th Floor
                                New York, New York 10022
                                (212) 605-6200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ERNESTO and DIANA MIRANDA,

      Plaintiffs,

          - against-

ABEX CORPORATION;
f/k/a American Brake Show Company;
ALCOA , INC.,
      Individually and as successor in
      Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
ENPRO INDUSTRIES, INC.
      Individually and as successor in interest
      to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;

Index No.  08-104346

**FIRST AMENDED
SUMMONS**

Plaintiff designates
NEW YORK COUNTY
as the place of trial

The basis for venue is
defendants' place of business

Plaintiff resides at:
1215 Amsterdam Avenue
New York, NY 10027

00119468.WPD

LEVY PHILLIPS &
KONIGSBERG LLP
800 THIRD AVENUE
NEW YORK, N.Y. 10022

GARLOCK SEALING TECHNOLOGIES, LLC;
GE AVIATION SYSTEMS LLC;
GENERAL DYNAMICS;
GENERAL ELECTRIC CORPORATION;
GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
        Individually and as successor in interest
        to Consolidated Vultee Aircraft
        Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
        Individually and as successor in interest
        to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
        Individually and as successor in interest
        to Hitco;
HONEYWELL INTERNATIONAL, INC.
        f/k/a Allied Signal, Inc. Successor
        in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
        Individually and as Successor in
        Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
        f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
        Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;

LEVY PHILLIPS &
RIMLSRACKER L.I.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

PARKER HANNIFIN CORPORATION;
PNEUMO ABEX CORPORATION
Individually and as Successor in interest to
Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
      Individually and as successor in interest to Allison
      Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
      Individually and as successor in interest to
      McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
      Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
      Individually and as Successor in Interest to
      United Aircraft Corporation United
      Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
      f/k/a Minnesota Mining & Manufacturing;
**ADEL WIGGINS GROUP.;**
**BROTHERS INTERNATIONAL, INC.;**
**CHRYLER LLC**
      **Individually and as successor-in-interest to**
      **Daimlerchrysler Corporation Mopar Parts Division;**
**EATON AEROQUIP INC.;**
**EPSON AMERICA, INC.;**
**INTERNATIONAL BUSINESS MACHINES CORP.;**
**KONICA MINOLTA BUSINESS SOLUTIONS USA, INC.;**
**MACK TRUCKS, INC.;**
**PARKER HANNIFIN STRATOFLEX PRODUCTS DIVISION;**
**RICOH AMERICAS CORPORATION;**
**THE FAIRCHILD CORPORATION;**
**THE ZIPPERTUBING CO.;**
**UNION CARBIDE; and**
**XEROX CORPORATION.**
----------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this amended summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this amended summons, exclusive of the day of service (or within 30 days after the service is complete is this amended summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
          June 6, 2008

                                    LEVY PHILLIPS & KONIGSBERG, L.L.P.
                                    Attorneys for Plaintiffs

                           By:      Patrick J. Timmins, Esq.
                                    800 Third Avenue - 13th Floor
                                    New York, New York 10022
                                    (212) 605-6200

**DEFENDANTS ADDRESSES:**

Service via CPLR § 306

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X          Index No: 08-104346

ERNESTO and DIANA MIRANDA,

                              Plaintiffs,                    **FIRST AMENDED**
                                                            **COMPLAINT**

                    - against-

ABEX CORPORATION;
f/k/a American Brake Show Company

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs, by their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, for their

Complaint, respectfully alleges as follows:

        1.      Plaintiff repeats and re-alleges New York Asbestos Litigation Standard

Complaint No. 1 as if fully incorporated herein.

        2.      Plaintiff is a citizen of the State of New York.

        3.      Plaintiff, Ernesto Miranda, has been diagnosed with mesothelioma and meets the

minimum requirement for activation into the active docket pursuant to the Case

Management Order governing these actions.

        4.      Plaintiff amends his complaint to add, **ADEL WIGGINS GROUP.;**

**BROTHERS INTERNATIONAL, INC.; CHRYLER LLC Individually and as successor-**

**in-interest to Daimlerchrysler Corporation Mopar Parts Division; EATON AEROQUIP**

**INC.; EPSON AMERICA, INC.; INTERNATIONAL BUSINESS MACHINES CORP.;**

**KONICA MINOLTA BUSINESS SOLUTIONS USA, INC.; MACK TRUCKS, INC.;**

**PARKER HANNIFIN STRATOFLEX PRODUCTS DIVISION; RICOH AMERICAS**

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

**CORPORATION; THE FAIRCHILD CORPORATION; THE ZIPPERTUBING CO.;**

**UNION CARBIDE; and XEROX CORPORATION.**, as additional defendants in this action

pursuant to Case Management Order No.1§VIE.

Dated:  New York, New York
         June 6, 2008

                                    LEVY PHILLIPS & KONIGSBERG, L.L.P.
                                    *Attorneys for Plaintiffs*


                                    By:    Patrick J. Timmins, Esq.
                                           800 Third Avenue - 13th Floor
                                           New York, New York 10022
                                           (212) 605-6200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ERNESTO and DIANA MIRANDA,

                           Plaintiffs,          Index No: 08-104346

     - against-

ABEX CORPORATION;
f/k/a American Brake Show Company; et al.

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SECOND NOTICE OF AMENDMENT

Plaintiff in the above-named caption hereby amends his Complaint to add, **FLOWSERVE CORPORATION, IMO INDUSTRIES, INC., NEW YORK CITY TRANSIT AUTHORITY, TATE ANDALE, INC. Individually & as Successor-in-interest to C.H. Wheeler Co.; WARREN PUMPS, YUBA HEAT TRANSFER, Division of Connell-Limited Partnership**, as additional defendants in New York Asbestos Litigation Standard Complaint No. 1 pursuant to Case Management Order No. 1§VI E. The Amended Complaint reflecting such additions is attached hereto.

Dated:  New York, New York
       June 10, 2008

                           LEVY PHILLIPS & KONIGSBERG, LLP
                           Attorneys for Plaintiff

                           By: _____

                           Patrick Timmins, Esq.
                           800 Third Avenue, 13th Floor
                           New York, New York 10022
                           (212) 605-6200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ERNESTO and DIANA MIRANDA,

Plaintiffs,

- against-

ABEX CORPORATION;
f/k/a American Brake Show Company;
ALCOA , INC.,
     Individually and as successor in
     Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
ENPRO INDUSTRIES, INC.
     Individually and as successor in interest
     to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK,
INC. f/k/a Wolf & Munier, Inc.;

Index No: 08-104346
DOF:

**SECOND AMENDED**
**SUMMONS**

Plaintiff Designates
NEW YORK COUNTY
as the place of trial

The basis for venue is
Defendant's place of business

Plaintiff resides at:
1315 Amsterdam Avenue
New York, NY 10027

00119559.WPD

FOSTER WHEELER ENERGY CORP.
GARLOCK SEALING TECHNOLOGIES, LLC;
GE AVIATION SYSTEMS LLC;
**GENERAL DYNAMICS;**
  **Individually and as successor-in-**
  **interest to Consolidated Vultee**
  **Aircraft Corporation;**
GENERAL ELECTRIC CORPORATION;
GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
**GEORGIA PACIFIC CORPORATION;**
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
**GOODYEAR TIRE & RUBBER,**
  **Individually and as successor- in - interest to**
  **Dunlop Tires;**
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
  Individually and as successor in
  interest to Midland-Ross
  Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
  Individually and as successor in
  interest to Hitco;
HONEYWELL INTERNATIONAL, INC.
  f/k/a Allied Signal, Inc. Successor
  in interest to the Bendix Corporation;

INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
  Individually and as Successor in
  Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
  f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION
AUTHORITY;

MUNACO PACKING & RUBBER CO.;

LEVY PHILLIPS &
KONIGSBERG, LLP
ATTORNEY AT LAW  00119559.WPD
NEW YORK NY 10022

NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION,
    Individually and as successor to Vapor Corporation;
PNEUMO ABEX CORPORATION;
    Individually and as Successor in interest to
    Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
    Individually and as successor in
    interest to Allison
    Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
    Individually and as successor in
    interest to McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
    Individually and as successor in
    interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
    Individually and as Successor in
    Interest to United Aircraft Corporation United
    Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
    f/k/a Minnesota Mining & Manufacturing;
ADEL WIGGINS GROUP.;
BROTHERS INTERNATIONAL, INC.;
CHRYLER LLC
    Individually and as successor-in-interest to
    Daimlerchrysler Corporation Mopar Parts Division;
EATON AEROQUIP INC.;
EPSON AMERICA, INC.;
INTERNATIONAL BUSINESS MACHINES CORP.;
KONICA MINOLTA BUSINESS SOLUTIONS USA, INC.;
MACK TRUCKS, INC.;
PARKER HANNIFIN STRATOFLEX PRODUCTS DIVISION;
RICOH AMERICAS CORPORATION;
THE ZIPPERTUBING CO.;

UNION CARBIDE;
XEROX CORPORATION;
**FLOWSERVE CORPORATION;**
**IMO INDUSTRIES, INC.;**
**NEW YORK CITY TRANSIT AUTHORITY;**
**TATE ANDALE, INC.**
      **Individually & as Successor-in-interest**
      **to C.H. Wheeler Co.;**
**WARREN PUMPS;**
**YUBA HEAT TRANSFER,**
      **Division of Connell-Limited Partnership.**
-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

      You are hereby summoned to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this amended summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this amended summons, exclusive of the day of service (or within 30 days after the service is complete is this amended summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
      June 10, 2008

                        LEVY PHILLIPS & KONIGSBERG, L.L.P.
                        Attorneys for Plaintiffs

                By:    Patrick J. Timmins, Esq.
                        800 Third Avenue - 13th Floor
                        New York, New York 10022
                        (212) 605-6200

**DEFENDANTS ADDRESSES:**

Service via CPLR § 306

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ERNESTO and DIANA MIRANDA,

       Plaintiffs,       Index No: 08-104346

   - against-

              **SECOND AMENDED**
ABEX CORPORATION;        **COMPLAINT**
f/k/a American Brake Show Company

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

   Plaintiffs, by their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, for their

Complaint, respectfully alleges as follows:

   1.  Plaintiff repeats and re-alleges New York Asbestos Litigation Standard

Complaint No. 1 as if fully incorporated herein.

   2.  Plaintiff is a citizen of the State of New York.

   3.  Plaintiff, Ernesto Miranda, has been diagnosed with mesothelioma and meets the

minimum requirement for activation into the active docket pursuant to the Case

Management Order governing these actions.

   4.  Plaintiff amends his complaint to add, **FLOWSERVE CORPORATION, IMO**

**INDUSTRIES, INC., NEW YORK CITY TRANSIT AUTHORITY; TATE ANDALE,**

**INC. Individually & as Successor-in-interest to C.H. Wheeler Co.; WARREN PUMPS,**

**YUBA HEAT TRANSFER, Division of Connell-Limited Partnership,** as additional

defendants in this action pursuant to Case Management Order No.1§VIE.

   5.  Plaintiff also amends his complaint against the current defendants (General

Dynamics and Goodyear Tire and Rubber) to properly name the defendants and any successors.

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

6.    Plaintiff also amends his complaint to properly name defendant Georgia Pacific

Corporation.

Dated:   New York, New York
         June 10, 2008

                                       LEVY PHILLIPS & KONIGSBERG, L.L.P.
                                       *Attorneys for Plaintiffs*


                                       By:    Patrick J. Timmins, Esq.
                                              800 Third Avenue - 13th Floor
                                              New York, New York 10022
                                              (212) 605-6200