Kenneth J. Kelly, Esq. (KK-4195)
Aisha L. Joseph, Esq. (AJ-2927)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177
(212) 351-4500
Attorneys for Defendant
Wayne Wire Cloth, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ERNESTO and DIANA MIRANDA,

                    Plaintiffs,

         - against -

ABEX CORPORATION et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 CV 5491 (SAS)

**ANSWER TO STANDARD
COMPLAINT NO. 1 AND
TO PLAINTIFFS'
COMPLAINT**

Defendant Wayne Wire Cloth, Inc. ("Wayne Wire"), by its attorneys, Epstein

Becker & Green, P.C., answers plaintiffs Ernesto and Diana Miranda's Complaint and answers

the New York Litigation Standard Asbestos Complaint No. 1 (hereinafter referred to as

"Standard Complaint No. 1") filed on their behalf by the law firm of Levy, Phillip &

Konigsberg, LLP as follows:

## ANSWER TO STANDARD COMPLAINT NO. 1

Wayne Wire states that it lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of Standard Complaint No. 1 as regards the other

defendants, generally denies that it made any products containing asbestos, and answers as to

itself as follows:

1.      Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of Standard Complaint No. 1.

2.      Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of Standard Complaint No. 1. insofar as they are directed to Wayne Wire.

3.      Wayne Wire denies the allegations set forth in paragraph 3 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

4.      Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of Standard Complaint No. 1.

5.      Wayne Wire denies the allegations set forth in paragraph 5 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

6.      Wayne Wire denies the allegations set forth in paragraph 6 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

7.      Wayne Wire denies the allegations set forth in paragraph 7 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

8.      Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of Standard Complaint No. 1.

9.      Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of Standard Complaint No. 1.

10.     Wayne Wire denies the allegations set forth in paragraph 10 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

11.    Wayne Wire denies the allegations set forth in paragraph 11 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

12.    Wayne Wire denies the allegations set forth in paragraph 12 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

13.    Wayne Wire denies the allegations set forth in paragraph 13 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

14.    Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of Standard Complaint No. 1.

15.    Wayne Wire denies the allegations set forth in paragraph 15 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

16.    Wayne Wire denies the allegations set forth in paragraph 16 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

17.    Wayne Wire denies the allegations set forth in paragraph 17 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

18.    Wayne Wire denies the allegations set forth in paragraph 18 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

19.    Wayne Wire denies the allegations set forth in paragraph 19 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

20.    Wayne Wire denies the allegations set forth in paragraph 20 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

21.     Wayne Wire denies the allegations set forth in paragraph 21 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

22.     Wayne Wire denies the allegations set forth in paragraph 22 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

23.     In response to paragraph 23, Wayne Wire repeats its answers to paragraphs 1 through 22 of Standard Complaint No. 1 as if set forth fully herein.

24.     Wayne Wire denies the allegations set forth in paragraph 24 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

25.     Wayne Wire denies the allegations set forth in paragraph 25 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

26.     Wayne Wire denies the allegations set forth in paragraph 26 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

27.     Wayne Wire denies the allegations set forth in paragraph 27 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

28.     Wayne Wire denies the allegations set forth in paragraph 28 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

29.     Wayne Wire denies the allegations set forth in paragraph 29 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

30.     Wayne Wire denies the allegations set forth in paragraph 30 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

31.    Wayne Wire denies the allegations set forth in paragraph 31 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

32.    Wayne Wire denies the allegations set forth in paragraph 32 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

33.    In response to paragraph 33, Wayne Wire repeats its answers to paragraphs 1 through 32 of Standard Complaint No. 1 as if set forth fully herein.

34.    Wayne Wire denies the allegations set forth in paragraph 34 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

35.    Wayne Wire denies the allegations set forth in paragraph 35 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

36.    Wayne Wire denies the allegations set forth in paragraph 36 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

37.    In response to paragraph 37, Wayne Wire repeats its answers to paragraphs 1 through 36 of Standard Complaint No. 1 as if set forth fully herein.

38.    Wayne Wire denies the allegations set forth in paragraph 38 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

39.    Wayne Wire denies the allegations set forth in paragraph 39 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

40.    In response to paragraph 40, Wayne Wire repeats its answers to paragraphs 1 through 40 of Standard Complaint No. 1 as if set forth fully herein.

41.    Wayne Wire denies the allegations set forth in paragraph 41 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

42.    Wayne Wire denies the allegations set forth in paragraph 42 of Standard Complaint No. 1 insofar as they are directed to Wayne Wire.

## ANSWER TO PLAINTIFF'S COMPLAINT

43.    In response to paragraph 1, Wayne Wire repeats its answers to paragraphs 1 through 42 of Standard Complaint No. 1 as if set forth fully herein.

44.    Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of Plaintiff's Complaint.

45.    Wayne Wire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of Plaintiff's Complaint.

## DEFENSES

### FIRST DEFENSE

This Court lacks jurisdiction over Wayne Wire.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Wayne Wire gave, made or otherwise extended no warranties, whether express or implied, upon which plaintiffs have a right to rely.

### FIFTH DEFENSE

Wayne Wire breached no warranties, whether express or implied.

### SIXTH DEFENSE

The plaintiff was comparatively negligent and he is thus barred from recovery.

### SEVENTH DEFENSE

The plaintiff was contributorily negligent and he is thus barred from recovery.

### EIGHTH DEFENSE

The matters that are the subject of the plaintiff's Standard Complaint No. 1 are attributable to third parties over whom Wayne Wire had neither control nor right of control.

### NINTH DEFENSE

While denying the allegations of plaintiff with respect to liability, injury and damages, to the extent that plaintiff may be able to prove the same, they were the result of intervening acts or superseding negligence on the part of parties over whom Wayne Wire had neither control nor right of control.

### TENTH DEFENSE

The doctrine of strict liability in tort is inapplicable to this litigation.

### ELEVENTH DEFENSE

There being no privity of contract between Wayne Wire and plaintiff, there can be no cause of action against Wayne Wire for alleged breach of warranties.

## TWELFTH DEFENSE

To the extent the allegations of the Standard Complaint No. 1 may be deemed to be directed or related to Wayne Wire, the substance, product or equipment allegedly produced, manufactured, processed, sold, supplied and/or distributed by Wayne Wire was not used for the purpose for which it was intended and/or was misused by plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims against Wayne Wire are barred by the doctrine of assumption of the risk.

## FOURTEENTH DEFENSE

While denying the allegations of plaintiff with respect to liability, to the extent that they may be able to prove negligence or improper conduct, the acts of Wayne Wire were not a proximate cause of any injuries to plaintiff.

## FIFTEENTH DEFENSE

Since plaintiff is unable to identify the manufacturers of the substance, product or equipment which allegedly caused injury to plaintiff, he fails to state a claim upon which relief may be granted, and if such relief were granted, it would deprive Wayne Wire of its constitutional right to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

## SIXTEENTH DEFENSE

The causes of action asserted herein by plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that plaintiff has asserted claims for relief which, if granted, would

constitute a taking of private property for public use, without just compensation. Such a taking would contravene Wayne Wire's constitutional rights as preserved for it by the Fourteenth Amendment of the Constitution of the United States.

### SEVENTEENTH DEFENSE

Any exposure that plaintiff claims to Wayne Wire's product or equipment, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that the products or equipment caused the claimed injuries and illness.

### EIGHTEENTH DEFENSE

The delay of plaintiff in commencing suit is inexcusable and has resulted in prejudice to Wayne Wire, and the equitable doctrine of laches bars plaintiff's claims.

### NINETEENTH DEFENSE

Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the Standard Complaint No. 1.

### TWENTIETH DEFENSE

To the extent that Wayne Wire conformed to the scientific knowledge and research data available throughout the industry and scientific community, Wayne Wire has fulfilled its obligations, if any, herein, and plaintiff's claims should be barred, in whole or in part.

### TWENTY-FIRST DEFENSE

To the extent that plaintiff alleges rights hereunder assertedly derived from oral warranties or undertakings on the part of Wayne Wire, the Standard Complaint No. 1 is barred by the applicable Statute of Frauds.

## TWENTY-SECOND DEFENSE

To the extent that the causes pleaded by plaintiff herein fail to accord with the Uniform Commercial Code, including, but not limited to, Section 2-725 thereof, plaintiff's Standard Complaint No. 1 is barred.

## TWENTY-THIRD DEFENSE

Upon information and belief, insofar as plaintiff relies upon allegations of negligence, breaches of warranties, fraudulent representations, and violations of obligations of strict products liability against Wayne Wire prior to September 1975, said causes of action fail to state facts sufficient to constitute causes of action as against Wayne Wire by reason of the failure to allege the freedom of plaintiff from contributory negligence or fault; and if plaintiff sustained the injuries, losses or other damages complained of in the Standard Complaint No. 1, they were caused and brought about, in whole or in part, by the negligence, carelessness, assumptions of risks, fault or other culpable conduct of plaintiff.

## TWENTY-FOURTH DEFENSE

Upon information and belief, Wayne Wire conformed to the scientific knowledge and data available in the industry and fulfilled its obligations, if any, and its activities and undertakings, if any, were conducted in a reasonable fashion, without recklessness, malice or wantonness, and plaintiff may not recover herein any exemplary or punitive damages against Wayne Wire.

## TWENTY-FIFTH DEFENSE

Upon information and belief, insofar as plaintiff alleges, as against Wayne Wire, any willful and wanton misconduct, and that it knowingly and intentionally sold a product or

products that it knew to be unreasonable dangerous, all of which Wayne Wire denies, any such cause of action or causes of action accrued more than one year prior to the commencement of this lawsuit and so are time-barred.

### TWENTY-SIXTH DEFENSE

The injuries and/or illnesses of plaintiff, if any, are governed by the applicable Workmen's Compensation statutes and shall have constituted an industrial disability, and the exclusive remedy, if any, shall lie within the terms and ambit of said statutes.

### TWENTY-SEVENTH DEFENSE

The employer(s) of plaintiff were sophisticated purchasers upon whom devolved all responsibility for the use of the products referred to in plaintiff's Standard Complaint No. 1.

### TWENTY-EIGHTH DEFENSE

At all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any avoidable, unsafe, inherently dangerous, or hazardous character or nature of products containing asbestos when used in the manner and purpose described by plaintiff, and therefore, there was no duty to Wayne Wire to know of any such character or nature as to warn plaintiff or others similarly situated.

### TWENTY-NINTH DEFENSE

To the extent that plaintiff relies on Section 4 of the New York Laws 1986, c. 682, as grounds for reviving or maintaining the action, said statute(s) is/are unconstitutional and deprive(s) Wayne Wire of its constitutional rights and is/are wholly void and unenforceable.

### THIRTIETH DEFENSE

Any recovery by plaintiff herein must be reduced by collateral source payments pursuant to N.Y. Civ. Prac. L. & R. 4545.

### THIRTY-FIRST DEFENSE

To the extent that plaintiff seeks punitive damages against Wayne Wire and relies on Section 4 of the New York Laws l986, c. 682 as grounds for reviving or maintaining this action, such damages are improper and are not authorized by law since this statute does not revive any claims for punitive damages, leaving such claims time-barred in their entirety.

### THIRTY-SECOND DEFENSE

To the extent that plaintiff seeks punitive damages against Wayne Wire, these damages are improper and unwarranted, not authorized by law, and are unconstitutional. Subjecting Wayne Wire to multiple trials and the multiple imposition of punitive damages for a single course of conduct is a violation of both substantive and procedural due process under the Constitution of the United States and the Constitution of the State of New York.

WHEREFORE, Wayne Wire Cloth, Inc. demands judgment dismissing the Complaint and awarding its attorneys' fees and costs of suit and such other relief which this Court may deem proper and just.

### CROSSCLAIM FOR CONTRIBUTION

If Wayne Wire should be found liable to plaintiff, which liability is denied, Wayne Wire asserts that the co-defendants are joint tortfeasors with respect to any loss, liability and expense on account of plaintiff's demand for judgment.

WHEREFORE, Wayne Wire Cloth, Inc. demands judgment for contribution against its co-defendants with respect to any damages which may be recovered against Wayne Wire herein, together with the expense of defense and costs of suit.

## CROSSCLAIM FOR INDEMNIFICATION

Should Wayne Wire be found liable to plaintiff, which liability is denied, its liability will be secondary, passive, technical, vicarious or imputed and that of its co-defendants primary, active and direct.

WHEREFORE, Wayne Wire  Cloth, Inc. demands judgment against its co-defendants for indemnification in full with respect to any damages which may be reserved against it herein, together with costs of suit and attorneys' fees and such other relief as this Court may deem proper and just.

## ANSWER TO ALL CROSSCLAIMS

Wayne Wire answers the Crossclaims of all co-defendants, however asserted or alleged, and says:

1.     All Crossclaims for Contribution alleged against Wayne Wire by any party defendant are denied.

2.     All Crossclaims for Indemnification alleged against Wayne Wire by any party defendant are denied.

WHEREFORE, defendant Wayne Wire Cloth, Inc. demands judgment dismissing all Crossclaims and awarding it attorneys' fees and costs of suit and such other relief which this Court may deem proper and just.

Dated: June 23, 2008
      New York, New York

EPSTEIN BECKER & GREEN, P.C.

By: _____
      Kenneth J. Kelly (KK-4195)
      Aisha L. Joseph  (AJ-2927)
250 Park Avenue
New York, New York  10177-0077
(212) 351-4500
Attorneys for Defendant
Wayne Wire Cloth, Inc.

## Miranda Service List

1. Patrick J. Timmins, Esq.
   Levy Phillips & Konigsberg, L.L.P.
   800 Third Ave., 13th Floor
   NY, NY 10022
   *Attorneys for Plaintiffs*

2. James Walker Smith, Esq.
   SMITH ABBOT, L.L.P.
   48 Wall Street, Suite 1100
   New York, NY 10005
   *Attorneys for Abex Corporation f/k/a*
   *American Brake Shoe and Pneumo Abex*
   *Corporation Individually and as successor*
   *in interest to Abex Corporation*

3. Suzanne Halbardier, Esq.
   BARRY McTIERNAN & MOORE
   2 Rector Street, 14th Floor
   New York, NY 10006
   *Attorneys for American Refractories, Co.,*
   *Graybar Electric Company, Inc., General Refractories Co. and John Crane, Inc.*

4. David Ferstendig, Esq.
   Law Offices of David L. Ferstendig
   292 Madison Avenue, 22nd Floor
   New York, New York 10017
   *Attorneys for Anchor Packing Company*

5. Bashi Buba, Esq.
   WILBRAHIM, LAWLER & BUBA
   1818 Market Street, Suite 3100
   Philadelphia, PA 19103
   *Attorneys for Atlas Turner*

6. Kerryann M. Cook, Esq.
   McGIVNEY & KLUGER P.C.
   80 Broad Street, 23rd Floor
   New York, NY 10004
   *Attorneys for Avocet Enterprises, Inc. Courter & Company and Fay Spoffard &*
   *Thorndike of New York, Inc. f/k/a Wolf & Munier, Inc., Hercules Chemical*
   *Company, Inc., Leslie Controls, Railroad Friction Products Corp. and Treadwell*
   *Corporation*

7.  Julie Evans, Esq.
    WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLLP
    150 East 42nd Street
    New York, NY  10017
    *Attorneys for A.W. Chesterton Co., Inc., Carrier Corporation, General Dynamics,*
    *The Boeing Company and The Boeing Company sued herein incorrectly as Boeing*
    *Integrated Defense Systems*

8.  Andrew M. Warshauer, Esq.
    WEINER LESNIAK, LLP
    888 Veterans Memorial Highway
    Suite 540
    Hauppauge, NY 11788
    *Attorneys for Bondex Incorporated,*
    *Lockheed Martin Corporation and Robert*
    *A. Keasbey Co.*

9.  Anna DiLonardo, Esq.
    WEINER LESNIAK, LLP
    888 Veterans Memorial Highway
    Suite 540
    Hauppauge, NY 11788
    *Attorneys for Borg Warner Corporation*

10. Michael Waller, Esq
    KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
    One Newark Center, Tenth Floor
    Newark, NJ 07102
    *Attorney's for Crane Co. and Crane Pumps & Systems, Inc. &*
    *CRAINE AEROSPACE & ELECTRONICS*

11. Deborah L. Slowata, Esq.
    Nancy McDonald, Esq.
    MCELROY, DEUTSCH, MULVANEY &
    CARPENTER, LLP
    1300 Mount Kemble Avenue
    P.O. Box 2075
    Morristown, New Jersey 07962
    *Attorneys for Cuttler Hammer n/k/a Eaton Electrical Inc.*

12. Judith Yavitz, Esq.
    REED SMITH, LLP.
    599 Lexington Avenue
    New York, NY  10022
    *Attorneys for Dana Corporation*

13.   Andrew P. Fishkin, Esq
      EDWARDS & ANGELL, LLP
      750 Lexington Avenue
      New York, New York 10022
      *Attorneys far Dresser Industries, Inc.*

14.   William Mueller, Esq.
      CLEMENTE MUELLER & TOBIA, P.A.
      P.O. Box 1296
      Morristown, New Jersey 07962
      *Attorneys for Durabla Manufacturing
      Company*

15.   Erich Gleber, Esq.
      SEGAL McCAMBRIDGE SINGER & MAHONEY
      830 Third Avenue, Suite 400
      New York, NY 10022
      *Attorneys for Defendant Flowserve Corporation as successor in interest to
      Durametallic Corporation and Attorneys for Garlock Sealing Technologies, LLC*

16.   Laura B. Hollman, Esq.
      McMAHON MARTINE & GALLAGHER
      90 Broad Street, 14th Floor
      New York, New York 10004
      *Attorneys for Eastern Refractories Corporation*

17.   Andrew Sapon, Esq.
      BIVONA & COHEN, P.C.
      Wall Street Plaza
      88 Pine Street
      New York, NY 10005-1886
      *Attorneys for Eaton Hydraulics, Inc. and
      Enpro Industries, Inc, Individually and as successor
      in interest to Menasco, Inc.*

18.   Michael A. Tanenbaum, Esq.
      SEDGWJCK, DETERT, MORAN & ARNOLD LLP
      Three Gateway Center, 12th Floor
      Newark, NJ 07102
      *Attorneys for Foster Wheeler Energy Corp.,
      General Electric Corporation*

19.  Ethan Baumfeld, Esq.
     Nancy L. Pennie, Esq.
     AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
     757 Third Avenue
     New York, NY 10017
     *Attorneys for General Motors Corporation*

20.  Scott R. Emery, Esq.
     LYNCH DASKAL EMERY, LLP
     264 West 40th Street
     New York, NY 10018
     *Attorneys for Georgia Pacific Corporation,*
     *Individually and as successor in interest to*
     *Consolidated Vultee Aircraft Corporation and*
     *Goodyear Tire & Rubber*

21.  SMITH, STRATTON, WISE, HHEHER & BRENNAN
     83 Maiden Lane – Penthouse
     New York, NY 10038
     *Attorneys for Goodrich Corporation*
     *f/k/a B.F. Goodrich Company*

22.  John Fanning, Esq.
     CULLEN & DYKMAN LLP
     177 Montague Street
     Brooklyn, New York 11201
     *Attorneys for Gould Pumps, Inc.*

23.  Lisa A. Linsky, Esq.
     Donald R. Pugliese, Esq.
     McDERMOTT, WILL & EMERY, LLP
     340 Madison Ave.
     New York, NY 10173
     *Attorneys for Honeywell International Inc.*
     *f/k/a Allied Signal, Inc.*
     *successor in interest to Bendix Corporation*

24.  Lisa M. Pascarella, Esq.
     PEHLIVAN, BRAATEN & PASCARELLA, L.L.C.
     Partner's Ridge Office Park
     2430 Route 34
     Manasquan, NJ 08736
     *Attorneys for Ingersoll-Rand Company and American Refractories, Inc.*

25.  Robert C. Malaby, Esq.
     MALABY & BRADLEY, LLC
     150 Broadway, Suite 600
     New York, New York 10038
     *Attorneys for JH France*

26.  Abbie Eliasberg Fuchs, Esq.
     HARRIS BEACH, PLLC
     100 Wall Street, 23rd Floor
     New York, NY 10005
     *Attorneys for Kentile Floors, Inc.*

27.  Christopher S. Kozak, Esq.
     One Gateway Center, Suite 400
     Newark, NJ 07102
     *Attorneys for Metropolitan Transit Authority*

28.  Steven L. Keats
     131 Mineola Boulevard
     Mineola, New York 11501
     *Attorneys for Munaco Packing & Rubber Co.*

29.  Elisa T. Gilbert, Esq.
     GILBERT & GILBERT, LLC
     325 East 57th Street
     New York, New York 10022
     *Attorneys for Northrup Gruman Corporation*

30.  Arthur Bromberg
     WEINER LESNIAK LLP
     629 Parsippany Road
     Parsippany, NJ 07054
     *Attorneys for Old Orchard Industrial Corporation,*
     *Individually and as successor to Vapor Corporation*

31.  Mark S. Landman, Esq.
     LANDMAN CORSI BALLAINE & FORD, P.C.
     120 Broadway, 27th Floor
     New York, New York 10271-0079
     *Attorneys for Sequoia Ventures, Inc.*
     *f/k/a as Bechtel Corporation.*

32. Genevieve MacSteel, Esq.
    Robert Brooks-Rigolosi, Esq.
    MCGUIREWOODS
    1345 Avenue of the Americas, 7th Floor
    New York, New York 10022
    *Attorneys for Westinghouse Air Brake Co.*

33. Dominic P. Bianco
    GALLAGHER, WALKER, BIANCO & PLASTARAS
    98 Willis Avenue
    Mineola, New York 11501
    *Attorneys for Hewlett Packard Company*

34. Timothy J. McHugh, Esq.
    LAVIN O'NEIL RICCI CEDRONE & DISIPIO
    420 Lexington Avenue
    Graybar Building , Suite 2900
    New York, NY 10170
    *Attorneys for Pratt & Whitney &*
    *United Technologies Corporation,*
    *Individually and as Successor in Interest to*
    *United Aircraft Corporation United Technologies Building and Attorneys for 3M*
    *Company f/k/a Minnesota Mining & Manufacturing*

35. Christopher J. Garvey
    GOODWIN PROCTER LLP
    599 Lexington Avenue
    New York, NY 10022
    *Attorneys for Henkel Corporation*

36. Richard P. O'Leary
    MCCARTER & ENGLISH
    245 Park Avenue, 27th Floor
    New York, NY 10167
    *Attorneys for Parker Hannifin Corporation*

37. James M. Altman, David Bloomberg, Christopher R. Strianese, Esquires
    BRYAN CAVE LLP
    1290 Avenue of the Americas
    NY, NY 10104-3300
    *Attorneys for Defendant Nasco Aircraft Brake, Inc.*

**Counsel unknown for the following Defendants:**

1.    CFM INTERNATIONAL, INC.

2.    CRANE RESISTOFLEX AEROSPACE

3.    GE AVIATION SYSTEMS, LLC

4.    HITCO CARBON & COMPOSITES, Individually and as successor in interest to Hitco

5.    LEAR SEIGLER SERVICES, INC., Individually and as successor in interest to Lear Seigler, Inc.

6.    PARKER AEROSPACE

7.    RHEACO, INC.

8.    ROLLS ROYCE CORPORATION, Individually and as successor in interest to McDonnell Douglas

9.    THE FAIR CHILD CORPORATION

10.    TRIAD INTERNATIONAL MAINTENANCE CORPORATION, Individually and as successor in interest to Aero Corporation

11.    UNISYS CORPORATION


**Corporate addresses for the above named Defendants without counsel:**

1.    CFM INTERNATIONAL, INC.
      1 Neuman Way
      Cincinnati, OH 45215-0514

2.    CRANE RESISTOFLEX AEROSPACE
      2575 W. 5th Street
      Jacksonville, FL  32254-2066

3.    GE AVIATION SYSTEMS LLC
      c/o CT Corporation System
      111 Eight Avenue
      NY, NY  10011

4.    HITCO CARBON AND COMPOSITES, INC,
      1600W 135th Street
      Gardena, CA  90249

5.  LEAR SEIGLER SERVICES, INC.
    600 Montgomery Street, 26th Floor
    San Francisco, CA  94111-2728

6.  PARKER AEROSPACE
    14300 Alton Pkwy
    Irvine, CA  92618-1814

7.  RHEACO, INC.
    1801 West Jefferson Street
    Grand Prairie, TX  75051-1328

8.  ROLLS ROYCE CORPORATION,
    Individually and as successor in interest
    to Allison Engine Company, Inc.
    c/o CT Corporation Service Company
    80 State Street
    Albany, NY  12207

9.  THE FAIRCHILD CORPORATION
    1750 Tysons Boulevard, Suite 1400
    McLean, VA  11102

10. TRIAD INTERNATIONAL MAINTENANCE CORPORATION, Individually and as
    successor in interest to Aero Corporation
    623 Radar Road
    Greensboro, NC  27410

11. UNISYS CORPORATION
    Unisys Way
    Blue Bell, PA 19424-0001