UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERNESTO and DIANA MIRANDA,                      :

                    Plaintiff(s)          :

         -against-                           :

ABEX CORPORATION, et al.                         :

                 Defendants,      ::

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                08 Civ 5491

       **NOTICE OF REMOVAL**

TO: THE  HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

      Pursuant to Title 28 U.S.C. §§ 1442(a)(1) and 1446, Defendants THE BOEING COMPANY and THE BOEING COMPANY sued herein incorrectly as BOEING INTEGRATED DEFENSE SYSTEMS (hereinafter  referred to collectively as "Boeing"), give notice of removal of an action filed against them in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

## **INTRODUCTION**

      1.    On or about April 1, 2008, plaintiffs commenced this lawsuit, Index No. 08-104346, against Boeing, among others, in the Supreme Court of the State of New York, New York County.  (*See*, Exhibit "A," Summons and Verified Complaint.)   Boeing served its verified answer on or about May 7, 2008.  (*See,* Exhibit "B.")

      2.    The basis of this lawsuit is Plaintiffs' allegations that Ernesto Miranda's medical condition, mesothelioma, was caused by his exposure to asbestos.

3.    Plaintiffs assert failure to warn claims along with strict liability and negligence claims based on various theories against Boeing and the other defendants.

4.    Plaintiffs' Verified Complaint did not state the claims in a manner or in sufficient detail to inform Boeing that this matter was removable.  On or about May 22, 2008 (via regular mail), the Plaintiffs served their Answers To Defendants' Fourth Amended Standard Set of Interrogatories and Request for Production.  (*See,* Exhibit "C").  However, the Plaintiff's interrogatory responses were unsworn and did not provide a reliable basis upon which Boeing could intelligently ascertain removability of this matter. (*Id.*; *see, Negrin v. Alza Corporation*, 1999 WL 144507 (S.D.N.Y. 1999); *see also, Whitaker v. American Telecasting, Inc.* 261 F.3d 196 (2d Cir. 2001); *Gee Broadcasting, Inc. v. Kahn Communications, Inc.,* 2007 U.S. Dist. LEXIS 29390 (E.D.N.Y. 2007); *Rios v. New York Marriott Marquis*, 2001 U.S. Dist. LEXIS 10798 (S.D.N.Y. 2001)).

5.    It was not until the fourth day of the Plaintiff's sworn testimony at his deposition (on June 17, 2008), that the Plaintiff alleged exposure to asbestos contained in Boeing aircraft while enlisted in the United States Air Force. (*See,* Exhibit "D," selected portions from Plaintiff Ernesto Miranda's deposition).    Specifically, Plaintiffs allege exposure to the B-52 and KC-135 aircraft. (*Id.*).  This was the first reliable indicia of a basis for removal.

## REMOVAL BASED UPON 28 U.S.C. § 1442(a)(1)

6.    This Notice of Removal is timely as it is filed within thirty (30) days of service of the Plaintiff's unsworn interrogatory responses and Plaintiff's relevant deposition testimony. 28 U.S.C. § 1446(b).  Boeing manufactured the B-52 and KC-135 for the U.S. Air

Force pursuant to contracts with and the specifications of the U.S. Air Force. In its capacity as the manufacturer of the B-52 and KC-135 for the U.S. Air Force, Boeing was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

7.    Pursuant to Section 1442(a)(1), Boeing must show that: (1) it is a "person" within the meaning of the statute, (2) there is a causal nexus between the claims and the conduct performed under the color of federal office, and (3) it has a colorable federal defense. (*See,* 28 U.S.C. § 1442(a)(1); *Mesa v. California*, 489 U.S. 121, 124 (1989); *Nesbiet v. General Elec. Co.* , 399 F. Supp.2d 205, 209 (S.D.N.Y. 2005); In re *Agent Orange Product Liability Litigation*, 304 F. Supp.2d 442, 446 (E.D.N.Y.2004).

8.    As to the first requirement above, a corporate defendant is a "person" for purposes of removal under Section 1442(a)(1). (*See,* In re *Agent Orange*, 304 F. Supp. 2d at 447). Therefore, Boeing is a "person" within the meaning of the statute.

9.    Next, with respect to the Plaintiffs' claims, had Boeing placed any asbestos-containing parts or equipment on the B-52 and KC-135, Boeing was under the direct control of the federal government and federal officers. (*See, Nesbiet*, 399 F. Supp.2d at 212 (U.S Navy's control over asbestos warnings sufficient for defendant to establish causal nexus requirement). As such, the U.S. Air Force had "[a] substantial degree of direct and detailed federal control over [Boeing's] work." (In re *Agent Orange*, 304 F. Supp. 2d at 447).

10.    In order to demonstrate a colorable federal defense, Boeing need not show that the defense is meritorious, but only that there is a colorable claim to such a defense. (*See, Mesa*, 489 U.S. at 129; In re *Agent Orange*, 304 F. Supp. 2d at 448). "At the removal stage, it is not the Court's role to assess the validity of a particular defense. The Supreme Court made it clear ... that the phrase 'under color of . . . office' allows removal even if, on the record then

2025580.1

existing, it could not be said that 'the officers had a clearly sustainable defense.'" (*Nesbiet*, 399 F. Supp. 2d at 211 (internal citations omitted)).

11.    The government contractor defense is a colorable federal law defense allowing removal to federal court. *Agent Orange*, 304 F. Supp.2d at 450. Under this defense, a contractor is immune from tort suit if: (1) the government approved the reasonably precise specifications; (2) the product conformed to those specifications; and (3) the defendant warned the government about those dangers known to it but unknown to the government. *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988).

13.    The B-52 and KC-135 were built for the federal government, under the direction of the United States Air Force, and pursuant to government specifications. With regard to the composition of any component parts and materials, the B-52 and KC-135 conformed to the government's requirements. At that time, Boeing did not have superior knowledge of any of the hazards of materials that may have been required pursuant to the Government's requirements.

14.    Because Boeing has raised a colorable claim of having acted under the color of a federal officer and has asserted a colorable federal defense for liability for alleged injuries arising from claims exposure to asbestos-containing, removal of this civil action pursuant to 28 U.S.C. § 1442(a)(1) is proper.

15.    Boeing is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under § 1442(a)(1). (*See, Torres v. CBS News*, 854 F. Supp. 245 (S.D.N.Y. 1994)).

## Conclusion

16.    Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because Boeing was acting under an officer or agency of the United States.

THEREFORE, THE BOEING COMPANY and THE BOEING COMPANY sued herein incorrectly as BOEING INTEGRATED DEFENSE SYSTEMS, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Supreme Court of the State of New York, County of New York.

Dated:    White Plains, New York
          June 24, 2008

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
    Joseph A. D'Avanzo, Esq. (JD1083)
    *Attorneys for Defendant*
    *THE BOEING COMPANY*
    *THE BOEING COMPANY sued herein*
    *incorrectly as BOEING INTEGRATED*
    *DEFENSE SYSTEMS*
    3 Gannett Drive
    White Plains, New York 10604
    (914) 323-7000
    File No. 07040.00014

TO:    LEVY PHILLIPS & KONIGSBERG, L.L.P.
       Patrick Timmins, Esq.
       *Attorneys for Plaintiffs*
       800 Third Avenue, 13th Floor
       New York, New York 10022
       (212) 605-6200

-5-

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ERNESTO and DIANA MIRANDA,

Plaintiffs,

- against-

ABEX CORPORATION;
f/k/a American Brake Show Company;
ALCOA , INC.,
      Individually and as successor in
      Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
ENPRO INDUSTRIES, INC.
      Individually and as successor in interest
      to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GARLOCK SEALING TECHNOLOGIES, LLC;
GE AVIATION SYSTEMS LLC;
GENERAL DYNAMICS;

Index No: 08 - 104346
DOF: 3/25/08

**SUMMONS**

Plaintiff Designates
NEW YORK COUNTY
as the place of trial

The basis for venue is
Defendant's place of
business

Plaintiff resides at:
1315 Amsterdam Avenue
New York, NY 10027

NEW YORK
COUNTY CLERK'S OFFICE
MAR 25 2008
NOT COMPARED
WITH COPY FILE

00112116.WPD

GENERAL ELECTRIC CORPORATION;
GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
     Individually and as successor in interest
     to Consolidated Vultee Aircraft
     Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
     Individually and as successor in interest
     to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
     Individually and as successor in interest
     to Hitco;
HONEYWELL INTERNATIONAL, INC.
     f/k/a Allied Signal, Inc. Successor
     in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
     Individually and as Successor in
     Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
     f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
     Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;

0011211 6.WPD

PNEUMO ABEX CORPORATION
Individually and as Successor in interest to
 Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
        Individually and as successor in interest to Allison
        Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
        Individually and as successor in interest to
        McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
        Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
        Individually and as Successor in Interest to
        United Aircraft Corporation United
        Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
        f/k/a Minnesota Mining & Manufacturing;
----------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        You are hereby summoned to answer in this action and to serve a copy of your
answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on
the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day
of service (or within 30 days after the service is complete is this summons is not personally de-
livered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
            March 21, 2008

                            LEVY PHILLIPS & KONIGSBERG, L.L.P.
                            Attorneys for Plaintiffs


                    By:     Patrick J. Timmins, Esq.
                            800 Third Avenue - 13th Floor
                            New York, New York 10022
                            (212) 605-6200

**DEFENDANTS ADDRESSES:**

### Via CPLR §312

ALCOA, INC.,
Individually and as successor in interest
to Fairchild Fastners
c/o Corporate Service Co.
80 State Street
Albany, NY 12207-2543

AMERICAN REFRACTORIES CO.
1250 Clarion Street
Reading, PA 19601

ANCHOR PACKING COMPANY
120 East Avenue, Suite 101
Rochester, NY 14604-7356

ATLAS TURNER, INC.
854 Blvd. Oullet West
Thetford Mines, Quebec G6G785

AVOCET ENTERPRISES, INC.
c/o SCN & R Registered Agent, Inc.
8000 Sears Tower
Chicago, IL 60606

A.W. CHESTERTON CO., INC.
Middlesex Industrial Park
Rt. 93
Stoneham, MA 02180

BOEING INTEGRATED DEFENSE
SYSTEMS
2201 Seal Beach Boulevard
Seal Beach, CA 90740-5603

BORG WARNER CORPORATION
3850 Hamlin Road
Auburn, Hills, MI 48326

CANADIAN COMMERCIAL
CORPORATION
50 O'Connor Street, 11th Floor
Ottawa, Ontario K 1AOS6

CFM INTERNATIONAL, INC.
1 Neuman Way
Cincinnati, OH 45215-0514 COURTER

COURTER & COMPANY INC.
Richard Leff, Esq.
McGIVNEY & KLUGER , P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

CRANE AEROSPACE & ELECTRONICS
KELTEC OPERATION
84 Hill Avenue NW,
Fort Walton Beach, FL 32254-3858

CRANE CO.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

CRANE PUMPS & SYSTEMS, INC.
420 3rd Street
Piqua, OH 45356-3918

CRANE RESISTOFLEX AEROSPACE
2575 W. 5TH Street
Jacksonville, FL 32254-2066

DANA CORPORATION
P.O. Box 1000
Toledo, OH 43697-1000

DURABLA MANUFACTURING COMPANY
790 E. Market St., # 235
West Chester, Pennsylvania, 19382

DURAMETALLIC CORPORATION
5215 N. O'Connor Blvd., Suite 2300
Irving, TX 75039

EASTERN REFRACTORIES CORPORATION
Corporate/Service Address:
c/o Laura B. Hollman, Esq.
McMAHON MARTINE & GALLAGHER
90 Broad Street, 14th Floor
New York, New York 10004

ENPRO INDUSTRIES, INC.,
(Individually and as Successor to
Menasco Inc.  c/o CT Corporation
Systems
225 Hillborough Street
Raleigh, NC 27603

EATON CORPORATION;
CT corporation System
111 Eighth Avenue
New York, NY 10011

EATON HYDRAULICS, INC.;
111 Eighth Avenue
New York, NY 10011

FAY SPOFFARD & THORNDIKE
OF NEW YORK, INC. f/k/a Wolff &
Munier, Inc.
111 John St., Suite 245
New York, New York 10035

FOSTER WHEELER ENERGY
CORPORATION
Perryville Corporate Park
P.O. Box 4000
Clinton, NJ 08809

GARLOCK, INC.
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL DYNAMICS,
Individually and as successor in interest
to Consolidated Vultee Aircraft
Corporation
3190 Fairview Park Drive
Falls Church, VA 22042

GE AVIATION SYSTEMS LLC
c/o Corporation System
111 Eight Avenue
New York, NY 10011

GENERAL ELECTRIC CORPORATION
Henry J. King., Jr., Esq.
Managing Attorney
Electric Insurance Company
152 Conant Street
Beverly, MA 01915

GENERAL MOTORS CORPORATION,
as Successor in Interest to Delco Products
a Division of General Motors
c/o CT Corp.
111 Eighth Avenue
New York, NY 10011

GENERAL REFRACTORIES CO.
225 City Avenue, Suite 114
Bala Cynwyd, PA 19004

GEORGIA-PACIFIC CORPORATION
133 Peachtree St., N.E.
Atlanta, GA 30303

GRAYBAR ELECTRIC COMPANY, INC.
34 N Meramec Avenue
St. Louis MO 63105

GRIMES AEROSPACE COMPANY
Individually and as successor in interest to
Midland-Ross Corporation
550 Route 55
Urbana, Ohio 43078

HENKEL CORPORATION
CT CORPORATION SYSTEM
111 Eighth Avenue
New York, NY 10011

HERCULES CHEMICAL COMPANY, INC.
111 South Street
Passaic, NJ 07055

HEWLETT PACKARD COMPANY
PO box 10301
Palo Alto, CA 94303-0890

HITCO CARBON AND COMPOSITES, INC.
Individually and as successor in interest to Hitco
1600W 135th Street
Gardena, CA 90249

00112116.WPD

INGERSOLL-RAND COMPANY
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07675

J.H. FRANCE REFRACTORIES CO.
P.O. Box 276 - 895 Clarence Road
Snow Shoe, PA 16874-0276

JOHN CRANE, INC.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

KENTILE FLOORS, INC.
c/o Sandy Gropper
Insurance Claims Administrator
31 East 28th Street
New York, NY 10016

LEAR SEIGLER SERVICES, INC.
Individually and as Successor in Interest
to Lear Seigler, Inc.
3 Corbett Way
Eatontown, NJ 07724

LESLIE CONTROLS, INC.
12501 Telecom Drive
Tampa, Florida 33637

LOCKHEED MARTIN
CORPORATION
6801 Rockledge Drive
Bethesda, Maryland 20817

METROPOLITAN
TRANSPORTATION AUTHORITY
347 Madison Avenue
New York, New York 10017

MUNACO PACKING & RUBBER
CO., INC.
325 West 16th Street
New York, New York 10011-5936

NASCO AIR BRAKES, INC.
13300 Estrella Avenue
Gardena, California 90248

NORTHROP GRUMAN CORPORATION
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

OLD ORCHARD CORPORATION
208 SO LaSalle Street, Suite 814
Chicago, IL 60604-1101

PARKER AEROSPACE
14300 Alton PKWY
Irvine, CA 92618-1814

PARKER HANNIFIN CORPORATION
6035 Park Boulevard
Cleveland, OH 44124-4141

PNEUMO ABEX CORPORATION
Individually and as Successor in interest to Abex
Corporation f/k/a American Brake Shoe;
c/o The Prentice Hall Corp. System Inc.
80 State Street
Albany, NY 12207

PRATT WHITNEY
400 Main Street
East Hartford, CT 06108-0968

RAILROAD FRICTION PRODUCTS CORP.
1001 Air Brake Avenue
Wilmerding, PA 15148
&
c/o The Trust Corporation Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RHEACO, INC.
1801 West Jefferson Street
Grand Prairie, TX 75051-1328

ROBERT A. KEASBEY CO.
Corporate/Service Address:
c/o Anna DiLonardo, Esq.
WEINER LESNIAK, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788

ROLLS ROYCE CORPORATION,
Individually and as successor in interest
to Allison Engine Company, Inc.;
c/o CT Corporation Service Company
80 State Street
Albany, NY 12207

THE BOEING COMPANY
Individually and as successor in interest
to McDonnell Douglas
c/o Corporation Service System
80 State Street
Albany, NY 11207-2543

THE FAIRCHILD CORPORATION
1750 Tysons Boulevard, Suite 1400
McLean, VA 11102

TREADWELL CORPORATION
c/o Chuck McGivney, Esq.
McGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

TRIAD INTERNATIONAL
MAINTENANCE CORPORATION
individually and as successor in interest
to Aero Corporation
623 Radar Road
Greensboro, NC 27410

UNISYS CORPORATION
Unisys Way
Blue Bell, PA 19424-0001

UNITED TECHNOLOGIES
CORPORATION, Individually and as
successor in interest to United Aircraft
Corporation
United Technologies Building
Hartford, CT 06101

WAYNE WIRE CLOTH PRODUCTS,
INC.
200 E. Dresden Street NE
Kalkraska, MI 49646

**Personally Served:**

METROPOLITAN TRANSPORTATION
AUTHORITY
347 Madison Avenue
New York, New York 10017

**SECRETARY OF STATE BCL 306/307**

ABEX CORPORATION
f/k/a American Brake Show Company;
AMERICAN REFRACTORIES, INC.;
BONDEX INCORPORATED;
CARRIER CORPORATION;
CUTLER HAMMER;
n/k/a EATON ELECTRICAL, INC.;
DRESSER INDUSTRIES, INC.;
GOODRICH CORPORATION
f/k/a B.F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULDS PUMPS INCORPORATED
HONEYWELL INTERNATIONAL, INC.
f/k/a Alliedsignal, Inc., as successor-in-interest to
The Bendix Corporation;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION
WESTINGHOUSE AIR BRAKE CO.; and
3M COMPANY f/k/a MINNESOTA MINING &
MANUFACTURING CO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - - - - - - - - - - - - - - - - - - - - - - X

ERNESTO and DIANA MIRANDA,

                                   Plaintiff,                    Index No: 08 - 104 346
                                                                 DOF: 3/05/08

             - against-

ABEX CORPORATION
f/k/a American Brake Show Company;                               **COMPLAINT**
ALCOA , INC.,
           Individually and as successor in
           Interest to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER,
n/k/a EATON ELECTRICAL, INC.;
DANA CORPORATION;
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
EASTERN REFRACTORIES CORPORATION;
ENPRO INDUSTRIES, INC.
           Individually and as successor in interest
           to Menasco Inc.;
FAY, SPOFFARD & THORNDIKE OF NEW YORK, INC.
f/k/a Wolf & Munier, Inc.;
FOSTER WHEELER ENERGY CORP.;
GE AVIATION SYSTEMS LLC;
GARLOCK SEALING TECHNOLOGIES, LLC;
GENERAL DYNAMICS;
GENERAL ELECTRIC CORPORATION;

00112116.WPD

GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION;
    Individually and as successor in interest
    to Consolidated Vultee Aircraft
    Corporation;
GOODRICH CORPORATION
f/k/a B. F. Goodrich Company;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY,
    Individually and as successor in interest
    to Midland-Ross Corporation;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;
HITCO CARBON & COMPOSITES
    Individually and as successor in interest
    to Hitco;
HONEYWELL INTERNATIONAL, INC.
    f/k/a Allied Signal, Inc. Successor
    in interest to the Bendix Corporation;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC.
    Individually and as Successor in
    Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC.
    f/k/a Leslie Corporation;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
    Individually and as successor to Vapor Corporation;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;
PNEUMO ABEX CORPORATION
Individually and as Successor in interest to
Abex Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
Individually and as successor in interest to

Allison Engine Company, Inc.;
SEQUOIA VENTURES, INC.
f/k/a BECHTEL CORPORATION;
THE BOEING COMPANY,
      Individually and as successor in interest to
      McDonnell Douglas;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE CORPORATION
      Individually and as successor in interest to Aero Corporation;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION,
      Individually and as Successor in Interest to
      United Aircraft Corporation United
      Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3 M COMPANY
      f/k/a Minnesota Mining & Manufacturing;
--------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

    Plaintiffs, by their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, for their Complaint, respectfully alleges as follows:

1.     Plaintiff repeats and re-alleges New York Asbestos Litigation Standard Complaint No. 1 as if fully incorporated herein.

2.     Plaintiff is a citizen of the State of New York.

3.     Plaintiff, Ernesto Miranda, has been diagnosed with mesothelioma and meets the minimum requirement for activation into the active docket pursuant to the Case Management Order governing these actions.

Dated:     New York, New York
             March 21, 2008

                        LEVY PHILLIPS & KONIGSBERG, L.L.P.
                        Attorneys for Plaintiffs

                    By:     Patrick J. Timmins
                        800 Third Avenue - 13th Floor
                        New York, New York 10022
                        (212) 605-6200

0011211\6.WPD



**Continuum** Cancer Centers of New York

**Division of Thoracic Surgery**

Cliff P. Connery, M.D., Chief

Division of Thoracic Surgery
St. Luke's-Roosevelt Hospital Center
1000 Tenth Avenue, Suite 2B-07
New York, NY 10019
Tel: 212 523 7475
Fax: 212 523 8011

December 19, 2007

Gary Burke, M.D.
1090 Amsterdam Avenue
New York, NY 10025

Re: Miranda, Ernesto

Ernesto Miranda had presented with a massive bloody pleural effusion and on evaluation after ultimately undergoing a right thoracoscopy drainage and biopsy, was found to have epithelioid mesothelioma. This mesothelioma appears to be relatively localized and given his age of 56, and good performance status a consideration should be given to undergoing extra-pleural pneumectomy or extended resection and multimodality treatment.

This is a formidable procedure and given the relative rarity of the disease, the experience has been concentrated in just a few centers of excellence. It has been our experience and that of many others that treatment should be delivered surgically by physicians who have dedicated a significant portion of their time, energies, and interest to this disease. We therefore have recommended that Mr. Miranda see Dr. Raja Flores, Thoracic Surgeon at Memorial Sloan-Kettering who has a significant interest and experience in treating patients with this disease.

Dr. Flores has agreed to see Mr. Miranda, and I am confident that Mr. Miranda will have the benefit of his wealth of experience and expertise in this disorder to help choose the best combination of therapies including extra-pleural pneumectomy should that be necessary.

Please advise me if I can be of further assistance in this matter.

Thank you again,

Sincerely,

*[signature]*

Cliff P. Connery, M.D.

**Continuum** Health Partners, Inc.


University Hospital and Manhattan Campus for the Albert Einstein College of Medicine


University Hospital of Columbia University College of Physicians & Surgeons


University Hospital of Columbia University College of Physicians & Surgeons


Primary Clinical Teaching Affiliate of SUNY— Health Science Center at Brooklyn


Affiliated Teaching Hospital of New York Medical College

COPY                          Roosevelt Hospital
                              Operative Report

---

Patient:MIRANDA, Ernesto       .      MRN:100004572269  Operation Date:12/06/2007
DOB:01/21/1951  Age:56       Sex:M     PRISM Serial#:1105833629

---

DATE OF OPERATION:12/06/2007


PREOPERATIVE DIAGNOSIS:RIGHT PLEURAL EFFUSION AND DYSPNEA


POSTOPERATIVE DIAGNOSIS:MALIGNANT RIGHT PLEURAL EFFUSION


OPERATION:FLEXIBLE FIBEROPTIC BRONCHOSCOPY
AND RIGHT THORACOSCOPY DRAINAGE,
EFFUSION, PLEURAL BIOPSY, AND TALC
PLEURODESIS, INTERCOSTAL NERVE
BLOCK


SURGEON:Cliff Connery, M.D.


ASSISTANT:Dr. Iranmanesh


ANESTHESIA:GENERAL


FINDINGS:
Flexible bronchoscopy.  There was no proximal right-sided
endobronchial lesion.  There was extensive compression of the
right middle lobe bronchus.  There was some edema in the right
upper lobe bronchus.  On thoracoscopy, there was more than 2400
mL of grossly bloody pleural effusion.  The lung was compliant.
There was induration in the lower lobe.  There was some
yellowish discoloration on the right lower lobe and some
possible micronodularity and induration.  In the parietal
pleura, there was small micronodular areas, in addition there
was a 3 x 3 cm fleshy parietal pleural lesion was also necrotic.
Multiple biopsies of the parietal pleural were obtained.  That
was consistent with non-small cell carcinoma.  Therefore since
the lung was compliant, we proceeded with a talc pleurodesis and
intercostal nerve blocks.


PROCEDURE:
The patient was brought to the operating room and placed in the
supine position.  He was intubated with double-lumen tube.  He
underwent flexible fiberoptic bronchoscopy with results as much
before.  There was extensive compression, but no proximal
endobronchial lesion.  The double-lumen tube was then positioned
properly and then patient was turned in lateral decubitus
position with the right side up, properly padded and positioned,
sterilely prepared and draped.  Thoracostomy was made in the
midaxillary line inferiorly just the anterior to the iliac

COPY

Roosevelt Hospital
Operative Report

Patient:MIRANDA, Ernesto      .      MRN:100004572269  Operation Date:12/06/2007
DOB:01/21/1951  Age:56      Sex:M      PRISM Serial#:1105833629
spine.  Grossly bloody fluid was drained.  We then placed 10-mm
working thoracoscope within and inspected the pleural with the
results as mentioned before.  We then utilized the suction
component on that scope and drained more of the bloody effusion
and then uncovered a larger fleshy lesion on the parietal
pleural and get multiple biopsies of that.  The results are
mentioned before.

Then with test inflation showing that the lung was compliant, we then
proceeded to evacuate the rest of the blood and then perform an aerosolized
talc pleurodesis with 4 g of talc that was insufflated into the right chest
with good distribution.

A 32-French channel drain was then placed within
to make it cephalad, secured with silk and used Prolene.  The
hemostasis was assured.  Prior to this, the wound was dressed.
The procedure was concluded and then the chest tube was clamped
therefore the lung was re-expanded.

Blood loss was just about 5 mL.  Replaced none.  Fluid was
crystalloid.

D: 12/06/2007,14:07
T: 12/07/2007,10:15
JOB#:  4397692

Legal Signer: CLIFF CONNERY          AT      .      ID#: 101075
Electronically Signed:



$06.11°
PITNEY BOWES
APR 04 2008
0004345483
MAILED FROM ZIP CODE 10022

CERTIFIED MAIL™

7003 1680 0005 3418 3128

*Law Offices*
LEVY PHILLIPS & KONIGSBERG, LLP
800 THIRD AVENUE
NEW YORK, NEW YORK 10022

The Boeing Company
c/o Corporation Services Company
P.O. Box 526036
Sacramento, CA 95852-6036

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ERNESTO and DIANA MIRANDA,                          :

                       Plaintiff(s)                          :

                  -against-                          :

ABEX CORPORATION f/k/a American Brake       :
   Show Company;
ALCOA, INC., Individually and as successor in Interest   :
   to Fairchild Fasteners;
AMERICAN REFRACTORIES, INC.;                   :
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;                        :
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;                          :
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;                              :
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;                        :
CANADIAN COMMERICAL CORPORATION;
CARRIER CORPORATION;                               :
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;                                 :
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;                                              :
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;                    :
CUTLER HAMMER n/k/a Eaton Electrical, Inc..;
DANA CORPORATION;                                  :
DRESSER INDUSTRIES, INC.;
DURABLA MANUFACTURING COMPANY;             :
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;           :
EATON CORPORATION;
EATON HYDRAULICS, INC.;                            :
ENPRO INDUSTRIES, INC., Individually and as
   Successor in interest to Menasco Inc.;              :
FAY, SPOFFARD & THORNDIKE OF NEW
   YORK, INC. f/k/a Wolf & Munier, Inc.;            :
FOSTER WHEELER ENERGY CORP.;
GARLOCK SEALING TECHNOLOGIES, LLC.;         :
GE AVIATION SYSTEMS LLC;
GENERAL DYNAMICS;                                   :
GENERAL ELECTRIC CORPORATION;

Index No: 104346/08

**VERIFIED ANSWER OF
THE BOEING COMPANY**

1962477.1

GENERAL MOTORS CORPORATION;                                          :
GENERAL REFRACTORIES CO.;
GEORGIA PACIFIC CORPORATION Individually                            :
   and as successor in interest to Consolidated Vultee
   Aircraft Corporation;                                          :
GOODRICH CORPORATION f/k/a B.F.
   Goodrich Company;                                              :
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;                                                   :
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY, Individually and                          :
   as successor in interest to Midland-Ross Corporation,
HENKEL CORPORATION;                                                 :
HERCULES CHEMICAL COMPANY, INC.;
HEWLETT PACKARD COMPANY;                                            :
HITCO CARBON & COMPOSITES
   Individually and as successor in interest to Hitco;          :
HONEYWELL INTERNATIONAL, INC. f/k/a
   Allied Signal,  Inc. Successor in Interest to the            :
   Bendix Corporation;
INGERSOLL-RAND COMPANY;                                             :
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;                                                   :
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC. Individually and                        :
   as successor in Interest to Lear Seigler, Inc.;
LESLIE CONTROLS, INC. f/k/a                                         :
   Leslie Corporation;
LOCKHEED MARTIN CORPORATION;                                        :
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;                                        :
NASCO AIR BRAKES, INC.;
NORTHROP GRUMAN CORPORATION;                                        :
OLD ORCHARD INDUSTRIAL CORPORATION,
   Individually and as successor to Vapor Corporation;          :
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;                                        :
PNEUMO ABEX CORPORATION,
   Individually and as Successor in interest to Abex           :
   Corporation f/k/a American Brake Shoe;
PRATT & WHITNEY;                                                    :
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;                                                       :
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION,
   Individually and as successor in interest to Allison        :
   Engine Company, Inc.;

-2-

SEQUOIA VENTURES, INC.
  f/k/a Bechtel Corporation;                  :
THE BOEING COMPANY,
  Individually and as successor in interest to
  McDonnell Douglas;                :
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;          :
TRIAD INTERNATIONAL MAINTENANCE
  CORPORATION, Individually and as successor in  :
  Interest to Aero Corporation;
UNISYS CORPORATION;            :
UNITED TECHNOLOGIES CORPORATION,
  Individually and as Successor in Interest to United  :
  Aircraft Corporation United Technologies Building;
WAYNE WIRE CLOTH PRODUCTS, INC.;    :
WESTINGHOUSE AIR BRAKE CO.;
3M COMPANY ,              :
  f/k/a Minnesota Mining & Manufacturing;

                      :

          Defendants,

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       THE BOEING COMPANY, and THE BOEING COMPANY sued herein incorrectly

as BOEING INTEGRATED DEFENSE SYSTEMS ("THE BOEING COMPANY" or

"defendant"), by its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

LLP, as and for its verified answer to the Plaintiffs' Complaint and the New York Asbestos

Litigation Standard Complaint No.1 as incorporated by reference therein, sets forth, upon

information and belief, as follows:

       1.    Denies each and every material allegation in the complaint as it pertains to THE

BOEING COMPANY and refers all questions of fact and law to the trier of the fact and this

Honorable Court.

2.    Denies knowledge and information sufficient to form a belief with respect to the truth of all other allegations contained in the complaint, and refers all questions of fact and law to the trier of fact and this Honorable Court.

### AS AND FOR A FIRST
### AFFIRMATIVE DEFENSE

3.    Some or all of plaintiffs' claims are time-barred by the applicable Statutes of Limitations.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

4.    The causes of action pleaded in the complaint have not been maintained in a timely fashion; plaintiffs have neglected same, and should be barred by the doctrine of laches.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

5.    The complaint and each and every allegation considered separately, fails to state any cause of action against the answering defendant upon which relief can be granted.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

6.    Insofar as the complaint, and each cause of action considered separately, alleges a cause of action accruing on or after September 1, 1975 to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the plaintiffs, including contributory negligence and

-4-

assumption of risk, in the proportion which the culpable conduct attributable to the plaintiffs

bears on the culpable conduct which caused the damages.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

7.    Insofar as the complaint, and each cause of action considered separately,

alleges a cause of action accruing before September 1, 1975, each such cause of action is

barred by reason of the culpable conduct attributable to the plaintiffs, including contributory

negligence and assumption of the risk.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

8.    If the plaintiffs should prove that they sustained injuries and damages as

alleged, then such damages resulted from acts or omissions on the part of the third parties

over whom this answering defendant had no control or right of control.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

9.    At all times during the conduct of its corporate operations, the agents, servants

and/or employees of this answering defendant used proper methods with respect to its

products in conformity with the available knowledge, state of the art and research of the

scientific and industrial communities.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

10.     Plaintiffs, plaintiffs' co-workers and/or employers misused, abused, mistreated and misapplied the product designated as asbestos containing material as alleged in the complaint.

11.     If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the product caused and/or contributed to the alleged damages or injuries to the plaintiffs, then this answering defendant requests that the amount of damages which might be recoverable be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication, attributed to the plaintiffs, plaintiffs' co-workers and/or employers bear to the conduct which caused the alleged damages or injuries.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

12.     Any oral warranties upon which plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds, or other applicable rules of evidence.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

13.     As to all causes of action pleaded in the complaint which are based upon express or implied warranties and/or representations, the alleged breaches thereof as against this answering defendant are legally insufficient by reason of their failure to allege privity of contract between the plaintiffs and this answering defendant.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

1962477.1

14.     Plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from this answering defendant, and plaintiffs neither received nor relied on any representation or warranty allegedly made by this answering defendant.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

15.     In the event that any breach of warranty is proven, plaintiffs failed to give proper and prompt notice of any such breach of warranty to this answering defendant.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

16.     To the extent that the causes of action pleaded by plaintiffs fail to accord with the Uniform Commercial Code, including but not limited to Section 2-725 thereof, the plaintiffs' causes of action are time-barred.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

17.     Upon information and belief, plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the complaint.

## AS AND FOR A FIFTEENTH
## AFFIRMATIVE DEFENSE

18.     To the extent that plaintiffs seek punitive damages against this answering defendant, these damages are improper, unwarranted, not authorized by law and are unconstitutional in the context of this litigation. Subjecting the defendant to multiple trials and multiple impositions of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the

Constitution of the State of New York. Punitive damages are a violation of due process. The standard for the award of punitive damages is constitutionally void for vagueness. Lack of limitation on possible multiple impositions of punitive damage awards for the same alleged course of conduct is unconstitutional.

## AS AND FOR A SIXTEENTH
## AFFIRMATIVE DEFENSE

19.     Plaintiffs are estopped from asserting the causes of action alleged in the complaint.

## AS AND FOR A SEVENTEENTH
## AFFIRMATIVE DEFENSE

20.     Plaintiffs have waived the causes of action and recovery alleged in the complaint.

## AS AND FOR AN EIGHTEENTH
## AFFIRMATIVE DEFENSE

21.     Plaintiffs have failed to name and join essential and necessary parties.

## AS AND FOR A NINETEENTH
## AFFIRMATIVE DEFENSE

22.     Plaintiffs lack requisite capacity, standing and authority to bring the within action, as plaintiffs are not a real party in interest.

## AS AND FOR A TWENTIETH
## AFFIRMATIVE DEFENSE

23.    The defendant answering herein incorporates by reference, as if more fully set forth at length herein, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering defendants and third party defendants.

## AS AND FOR A TWENTY-FIRST
## AFFIRMATIVE DEFENSE

24.    The injuries allegedly suffered by the plaintiffs, if any (which injuries are specifically denied by the answering defendant), were the result of culpable conduct or fault of third persons for whose conduct this answering defendant is not legally responsible, and the damages recovered by the plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of this answering defendant (which liability is vigorously and specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of this answering defendant for non-economic loss does not exceed this answering defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR sections 1601 through 1603.

## AS AND FOR A TWENTY-SECOND
## AFFIRMATIVE DEFENSE

25.    This cause of action may not be maintained because of arbitration and award, collateral estoppel, a discharge in bankruptcy, infancy (or some other disability) of the plaintiff(s), payment, release and/or res judicata.

## AS AND FOR A TWENTY-THIRD
## AFFIRMATIVE DEFENSE

1962477.1

26.    That this answering defendant is immune from suit against it on the ground that at the times and places alleged in the complaint this answering defendant was acting as a government defense contractor in accordance with directions and specifications provided by the United States government and, therefore, the plaintiffs' causes of action are barred.

## AS AND FOR A TWENTY-FOURTH
## AFFIRMATIVE DEFENSE

27.    In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may thereafter be given a release or a covenant not to sue, the answering defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against the answering defendant pursuant to New York G.O.L. §15-108.

## AS AND FOR A TWENTY-FIFTH
## AFFIRMATIVE DEFENSE

28.    Some or all of plaintiffs' claims are preempted by federal statutes or regulations.

## AS AND FOR A TWENTY-SIXTH
## AFFIRMATIVE DEFENSE

29.    Upon information and belief, that pursuant to New York Civil Practice Law and Rules § 4545, if the Court finds that any costs of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss which the plaintiffs may have incurred were replaced or indemnified in whole or in part from any collateral source, then the Court shall reduce the amount of any award to the plaintiffs by the amount of said

reimbursement minus the premiums, if any, paid by the plaintiffs or anyone on their behalf for such benefits for the applicable period immediately preceding the accrual of this lawsuit.

**AS AND FOR A TWENTY-SEVENTH
AFFIRMATIVE DEFENSE**

30.    Plaintiffs and his/her employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

**AS AND FOR A TWENTY-EIGHTH
AFFIRMATIVE DEFENSE**

31.    Plaintiffs' claims may be governed by the law of a jurisdiction other than New York State.

**AS AND FOR A CROSS-CLAIM AGAINST
EACH AND EVERY CO-DEFENDANT,
THE DEFENDANT, THE BOEING COMPANY,
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

32.    That if the plaintiffs sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to plaintiffs herein, all of which is specifically denied, then said answering defendant on the basis of contract, either expressed or implied by law and/or by apportionment of responsibility for the alleged occurrence, is entitled to contractual and/or common law indemnification or contribution from any judgment over and against some or all of the co-defendants in this action for all or part of any verdict or judgment that plaintiffs may recover against said answering defendant.

33.    In addition to the foregoing, said answering defendant has been and will be put to costs and expenses, including attorney's fees for the defense of this action and, therefore,

-11-

the answering defendant is entitled to reimbursement from some or all of the co-defendants for some or all of said costs, expenses and fees.

WHEREFORE, the Defendant, THE BOEING COMPANY, demands judgment dismissing Plaintiffs' complaints and co-defendants' cross-claims in their entirety, with costs and disbursements, and in the event of any judgment over and against this answering defendant, demands judgment based on contribution and/or indemnity in accordance with the principles of fault and apportionment, along with costs and disbursements, including reasonable attorneys fees.

Dated:    White Plains, New York
          May 6, 2008

                              Yours, etc.

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
                    LLP

                    By: _____
                        Joseph A. D'Avanzo, Esq.
                        Attorneys for Defendant
                        THE BOEING COMPANY
                        THE BOEING COMPANY sued herein
                        incorrectly as BOEING INTEGRATED
                        DEFENSE SYSTEMS
                        3 Gannett Drive
                        White Plains, New York 10604
                        (914) 323-7000
                        File No. 07040.00014

To:    LEVY PHILLIPS & KONIGSBERG, L.L.P.
       *Attorneys for Plaintiffs*
       800 Third Avenue, 13th Floor
       New York, New York 10022
       (212) 605-6200

       All Defendants (see attached Rider for service list)

-12-

## Rider

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| LEVY PHILLIPS & KONIGSBERG, L.L.P<br>Patrick J. Timmins, Esq.<br>Attorneys for Plaintiffs<br>ERNESTO and DIANA MIRANDA | Tel: (212) 605-6200<br>Fax: (212) 605-6290 | 800 Third Avenue, 13th Floor<br>New York, NY 10022 |
| ABEX CORPORATION f/k/a<br>American Brake Show Company | | |
| ALCOA, INC.<br>Individually and as successor in interest to<br>Fairchild Fastners | | c/o Corporate Service Co.<br>80 State Street<br>Albany, NY 12207-2543 |
| AMERICAN REFRACTORIES, CO. | | 1250 Clarion Street<br>Reading, PA 190601 |
| ANCHOR PACKING COMPANY | | 120 East Avenue, Suite 101<br>Rochester, NY 14604-7356 |
| ATLAS TURNER, INC. | | 854 Blvd., Oullet West<br>Thetford Mines, Quebec G6G785 |
| AVOCET ENTERPRISES, INC. | | c/o SCN & R Registered Agent, Inc.<br>8000 Sears Tower<br>Chicago, IL 60606 |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER<br>Julie Evans, Esq.<br>Attorneys for Defendant<br>A.W. CHESTERTON CO., INC. | Tel: (212) 490-3000<br>Fax: (212 490-3038<br><br>julie.evans@wilsonelser.com | 150 East 42nd Street<br>New York, NY 10017 |
| BOEING INTEGRATED DEFENSE SYSTEMS | | 2201 Seal Beach Boulevard<br>Seal Beach, CA 90740-5603 |
| BONDEX INCORPORATED | | |
| BORG WARNER CORPORATION | | 3850 Hamlin Road<br>Auburn Hills, MI 48326 |
| CANADIAN COMMERCIAL CORP. | | 50 O'Connor Street, 11th Floor<br>Ottawa, Ontario K 1AOS6 |

-13-

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>Julie Evans, Esq.<br>Attorneys for Defendant<br>CARRIER CORPORATION | Tel: (212) 490-3000<br>Fax: (212) 490-3038<br>Julie.evans@wilsonelser.com | 150 East 42nd Street<br>New York, NY 10007 |
| CFM INTERNATIONAL, INC. | | 1 Neuman Way<br>Cincinnati, OH 45215-0514 |
| McGIVNEY & KLUGER, INC.<br>Richard Leff, Esq.<br>Attorneys for Defendant<br>COURTER & COMPANY, INC. | Tel: (212) 509-3456<br>Fax: (212) 509-4420 | 80 Broad Street, 23rd Floor<br>New York, NY 10004 |
| CRANE AEROSPACE & ELECTRONICS KELTEC OPERATION | | 84 Avenue NW<br>Fort Walton Beach, FL 32254-3858 |
| CRANE CO. | | c/o CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011 |
| CRANE PUMPS & SYSTEMS, INC. | | 420 3rd Street<br>Piqua, OH 45356-3918 |
| CRANE RESISTOFLEX AEROSPACE | | 2575 W. 5th Street<br>Jacksonville, FL 32254-2066 |
| CUTLER HAMMER n/k/a<br>EATON ELECTRICAL, INC. | | |
| DANA CORPORATION | | P.O. Box 1000<br>Toledo, OH 43697-1000 |
| DRESSER INDUSTRIES, INC. | | |
| DURABLA MANUFACTURING COMPANY | | 790 E. Market St., #235<br>West Chester, PA 19382 |
| DURAMETALLIC CORPORATION | | 5215 N. O'Connor Blvd., Suite 2300<br>Irving, TX 75039 |
| McMAHON MARTINE & GALLAGHER<br>Laura B. Hollman, Esq.<br>Attorneys for Defendant<br>EASTERN REFRACTORIES CORPORATION | Tel: (212) 747-1230<br>Fax: (212) 747-1239 | 90 Broad Street, 14th Floor<br>New York, NY 10004 |

-14-

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| ENPRO INDUSTRIES, INC.<br>Individually and as Successor to Menasco<br>Inc. c/o CT Corporation Systems | | 225 Hillborough Street<br>Raleigh, NC 27603 |
| EATON CORPORATION | | CT Corporation System<br>111 8th Avenue<br>New York, NY 10011 |
| EATON HYDRAULICS, INC. | | 111 8th Avenue<br>New York, NY 10011 |
| FAY SPOFFARD & THORNDIKE OF<br>NEW YORK, INC. f/k/a Wolff & Munier,<br>Inc. | | 111 John St., Suite 245<br>New York, NY 10035 |
| FOSTER WHEELER ENERGY CORP. | | Perryville Corporate Park<br>P.O. Box 4000<br>Clinton, NJ 08809 |
| GARLOCK, INC. | | c/o CT Corp.<br>111 Righth Avenue<br>New York, NY 10011 |
| WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER<br>Julie Evans, Esq.<br>Attorneys for Defendant<br>GENERAL DYNAMICS | | 150 East 42nd Street<br>New York, NY 10017 |
| GE AVIATION SYSTEMS LLC | | c/o Corporation System<br>111 8th Avenue<br>New York, NY 10011 |
| GENERAL ELECTRIC CORPORATION | | Henry J. King, Jr., Esq.<br>Managing Attorney<br>Electric Insurance Company<br>152 Conant Street<br>Beverly, MA 01915 |
| GENERAL MOTORS CORPORATION<br>As successor in Interest to Delco Products a<br>Division of General Motors | | c/o CT Corp.<br>111 8th Avenue<br>New York, NY 10011 |
| GENERAL REFRACTORIES CO. | | 225 City Avenue, Suite 114<br>Bala Cynwyd, PA 19004 |
| GEORGIA-PACIFIC CORPORATION | | 133 Peachtree St., N.E.<br>Atlanta, GA 30303 |

-15-

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| GOODRICH CORPORATION<br>f/k/a B.F. Goodrich Company | | c/o Corporation Service Co.<br>80 State Street<br>Albany, NY 12207 |
| GOODYEAR TIRE & RUBBER<br>COMPANY<br>1144 East Market Street<br>Akron, OH 44316 | | c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |
| GOULDS PUMPS, INC. | | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, DE 19801 |
| GRAYBAR ELECTIC COMPANY, INC. | | 34 N. Meramec Avenue<br>St. Louis, MO 63105 |
| GRIMES AEROSPACE COMPANY<br>Individually and as successor in interest to<br>Midland-Ross Corporation | | 550 Route 55<br>Urbana, OH 43078 |
| HENKEL CORPORATION | | CT Corporation System<br>111 8th Avenue<br>New York, NY 10011 |
| HERCULES CHEMICAL COMPANY,<br>INC. | | 111 South Street<br>Passaic, NJ 07055 |
| HEWLETT PACKARD COMPANY | | P.O. Box 10301<br>Palo Alto, CA 94303-0890 |
| HONEYWELL INTERNATIONAL, INC.<br>f/k/a Alliedsignal, Inc., and as Successor-<br>in-interest to the Bendix Corp.<br>101 Columbia Road<br>Morristown, NJ 07962-1057 | | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, DE 19801 |
| INGERSOLL-RAND COMPANY | | 200 Chestnut Ridge Road<br>Woodcliff Lake, NJ 07675 |
| J.H. FRANCE REFRACTORIES CO. | | P.O. Box 276<br>895 Clarence Road<br>Snow Shoe, PA 16874-0276 |
| JOHN CRANE, INC. | | c/o CT Corporation System<br>111 8th Avenue<br>New York, NY 10011 |

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| KENTILE FLOORS, INC. | | c/o Sandy Cooper<br>Insurance Claims Administrator<br>31 East 28th Street<br>New York, NY 10016 |
| LEAR SEIGLER SERVICES, INC.<br>Individually and as Successor in Interest to<br>Lear Seigler, Inc. | | 3 Corbett Way<br>Eatontown, NJ 07724 |
| LESLIE CONTROLS, INC. | | 12501 Telecom Drive<br>Tampa, FL 33637 |
| LOCKHEED MARTIN CORP. | | 6801 Rockledge Drive<br>Bethesda, MD 20817 |
| METROPOLITAN TRANSPORTATION<br>AUTHORITY | | 347 Madison Avenue<br>New York, NY 10017 |
| MUNACO PACKING & RUBBER CO.,<br>INC. | | 325 West 16th Street<br>New York, NY 10011-5936 |
| NASCO AIR BRAKES, INC. | | 13300 Estrella Avenue<br>Gardena, CA 90248 |
| NORTHROP GRUMAN CORP. | | c/o CT Corporation System<br>111 8th Avenue<br>New York, NY 10011 |
| OLD ORCHARD CORPORATION | | 208 SO LaSalle Street, Suite 814<br>Chicago, IL 60604-1101 |
| PARKER AEROSPACE | | 14300 Alton Parkway<br>Irvine, CA 92618-1814 |
| PARKER HANNIFIN CORPORATION | | 6035 Park Boulevard<br>Cleveland, OH 44124-4141 |
| PNEUMO ABEX CORPORATION<br>Individually and as Successor in interest to<br>Abex Corporation f/k/a American Brake<br>Shoe; | | c/o The Prentice Hall Corp. System<br>Inc.<br>80 State Street<br>Albany, NY 12207 |
| PRATT WHITNEY | | 400 Main Street<br>East Hartford, CT 06108-0968 |

-17-

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| RAILROAD FRICTION PRODUCTS CORP. | | 1001 Air Brake Avenue<br>Wilmerdine, PA 15148<br><br>-    and –<br><br>The Trust Corporation Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 |
| RHEACO, INC. | | 1801 West Jefferson Street<br>Grand Prairie, TX 75051-1328 |
| SEQUOIA VENTURES, INC.,<br>Individually and as Successor to Bechtel Corporation | | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, DE 19801 |
| WEINER LESNIAK, LLP<br>Anna DiLonardo, Esq.<br>Attorneys for Defendant<br>ROBERT A. KEASBEY CO. | Tel: (631) 232-6130<br>Fax: (631) 232-6184<br><br>adilonardo@weinerlesniak.com | 888 Veterans Memorial Highway<br>Hauppauge, NY 11788 |
| ROLLS ROYCE CORPORATION<br>Individually and as Successor in interest to Allison Edgine Company, Inc. | | c/o CT Corporation Service Co.<br>80 State Street<br>Albany, NY 12207 |
| THE FAIRCHILD CORPORATION | | 1750 Tysons Boulevard, Ste 1400<br>McLean, VA 11101 |
| McGIVNEY & KLUGER, P.C.<br>Chuck McGivney, Esq.<br>Attorneys for Defendant<br>TREADWELL CORPORATION | Tel: (212) 509-3456<br>Fax: (212) 509-4420 | 80 Broad Street, 23rd Floor<br>New York, NY 10004 |
| TRIAD INTERNATIONAL MAINTENANCE CORP.<br>Inidividually and as successor in interest to Aero Corporation | | 623 Radar Road<br>Greensboro, NC 27410 |
| UNISYS CORPORATION | | Unisys Way<br>Blue Bell, PA 19424-0001 |

1962477.1

| DEFENDANTS/COUNSEL | PHONE/FAX # | SERVICE |
|---|---|---|
| UNITED TECHNOLOGIES CORP. Individuallyl and as successor in interest to United Aircraft Corp. | | United Technologies Building Hartford, CT 06101 |
| WAYNE WIRE CLOTH PRODUCTS, INC. | | 200 E. Dresden Street NE Kalkraska, MI 49646 |
| WESTINGHOUSE AIR BRAKE CO. | | |
| 3M COMPANY f/k/a Minnesota Mining & Manufacturing Co. | | |

## **VERIFICATION**

STATE OF NEW YORK            )
                             ) SS.:
COUNTY OF WESTCHESTER        )

The undersigned, being an attorney duly admitted to practice law before all the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms the following to be true:

1.    Affirmant is a partner with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, attorneys for the defendant THE BOEING COMPANY, and THE BOEING COMPANY sued herein incorrectly as BOEING INTEGRATED DEFENSE SYSTEMS, in the within action and is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in the offices of said law firm.

2.    Affirmant has read the foregoing Verified Answer and knows the contents thereof, and the same are true to affirmant's own knowledge, except as to those matters, affirmant believes them to be true.

3.    Affirmant further states that the reason this Verified Answer is made by the undersigned and not by the defendant is because said party does not reside or have a place of business in Westchester County where the offices of said attorneys are located.

4.    The grounds of the affirmant's belief as to all matters not stated to be upon, affirmant's knowledge are investigative and other information contained in the file of the said law firm.

-20-

1962477.1

Dated:        White Plains, New York
              April 22, 2008

                                        _____
                                        Joseph A. D'Avanzo

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                          ) ss.:
COUNTY OF WESTCHESTER )

    **Elizabeth Ramsey**, being duly sworn, deposes and says:
    That deponent is not a party to the action, is over eighteen (18) years of age and resides in Dutchess County, New York.

    That on the 7th day of May, 2008 deponent served the within:

### VERIFIED ANSWER OF THE BOEING COMPANY

Upon:

| | |
|---|---|
| LEVY PHILLIPS & KONIGSBERG<br>Attorneys for Plaintiffs<br>800 Third Ave., 13th Floor<br>New York, NY 10022<br>Attn: Patrick J. Timmins, Esq. | WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER<br>Attorneys for Defendants<br>A.W. Chesterton;<br>Carrier Corp.<br>General Dynamics<br>150 East 42nd Street<br>New York, NY 10017<br>Attn: Julie Evans, Esq. |
| McGIVNEY & KLUGER, INC.<br>Attorneys for Defendants<br>Courter & Company, Inc.;<br>Treadwell Corp.<br>80 Broad St., 23rd Fl.<br>New York, NY 10004<br>Attn: Richard Leff, Esq. | McMAHON MARTINE & GALLAGHER<br>Attorneys for Defendant<br>Eastern Refractories Corp.<br>90 Broad Street, 14th Floor<br>New York, NY 10004<br>Attn: Laura B. Hollman, Esq. |
| WEINER LESNIAK LLP<br>Attorneys for Defendant<br>Robert A. Keasbey Co.<br>888 Veterans Memorial Highway<br>Hauppauge, NY 11788<br>Attn: Anna DiLonardo, Esq. | |

attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof in a post paid addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_Elizabeth Ramsey_

Elizabeth Ramsey

Sworn to before me this
7th day of May, 2008.

_Danielle Isaza_

NOTARY PUBLIC

DANIELLE ISAZA
Notary Public, State of New York
No. 01IS6135629
Qualified in Westchester County
Commission Expires 10/24/20 09

LEVY, PHILLIPS & KONIGSBERG, LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N. Y. 10022

(212) 605-6200
FAX: (212) 605-6290
E-MAIL: lpk@lpklaw.com

Writer's Direct E-Mail cdonaldson@lpklaw.com

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

GOSHEN OFFICE
42 PARK PLACE
GOSHEN, NEW YORK 10924
TELEPHONE: (845) 294-2002

May 22, 2008

**VIA FIRST CLASS MAIL**

To:    All Counsel

**Re: Ernesto Miranda**
**November 2008 Extremis Trial Cluster**

Dear Counsel:

Enclosed please find Plaintiffs' Answers To Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents for Ernesto Miranda, along with a copy of his pathology report from St. Luke's - Roosevelt Hospital Center, dated December 12, 2007diagnosing his mesothelioma.

Very truly yours,

LEVY PHILLIPS & KONIGSBERG, LLP

By: Corrinne Donaldson
*Legal Assistant*

:cd
Enclosures

00117963.WPD

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
-----------------------------------------------------------------X

In Re:        NEW YORK CITY                    NYCAL
              ASBESTOS LITIGATION
-----------------------------------------------------------------X

This Document Applies to:                      **PLAINTIFF'S ANSWERS TO**
                                               **DEFENDANTS' FOURTH**
                                               **AMENDED STANDARD SET OF**
**ERNESTO MIRANDA**       **Index No.: 08/104346**    **INTERROGATORIES AND**
                                               **REQUEST FOR PRODUCTION**
                                               **OF DOCUMENTS**

-----------------------------------------------------------X

00110111.WPD

## **GENERAL OBJECTION**

Plaintiff objects to these discovery requests to the extent they seek information protected as attorney-client privilege and/or work product doctrine. Finally, plaintiff objects to any discovery request that may be construed as requesting production of Proof of Claim Forms (POCs) and/or other documents reflecting communications between plaintiff and any settlement trust or any other entity made solely for purposes of settlement. See CPLR § 4547.

LEVY PHILLIPS &,
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

## **INTERROGATORIES**

1.    State the following:

    (a)    your full name, and all other names by which you have been known;

    (b)    age, and date and place of birth;

    (c)    whether you were an adopted child;

    (d)    present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;

    (e)    present home address; and

    (f)    social security number.

A.1.    (a)    Ernesto Miranda.

    (b)    58; January 21, 1951; Dominican Republic.

    (c)    No.

    (d)    Married; December 28, 1974; Diana Miranda.

    (e)    1315 Amsterdam Avenue, Apt. 2J, New York, NY 10027.

    (f)    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.

2.    State the following with regard to your father and mother:

    (a)    names;

    (b)    current address (if deceased, state last known address);

    (c)    the current condition of each one's health, including any specific medical problems.  If either of your parents are deceased, please state for each deceased parent:

        i.      specific physical problems;

        ii.     date and place of death;

        iii.    age and cause of death for each parent.

A.2.  (a)    Mother: Angela Miranda.     Father: Rafael Miranda.

     (b)    Mother: New York, NY, deceased   Father: New York, NY, deceased

     (c)    Mother: Deceased.        Father: Deceased.

     (i)     Mother: Heart problems     Father: unknown

        (ii)    Mother: 1988; New York, NY.

                Father: 2001; New York, NY.

        (iii)   Mother: 72; natural causes.

                Father: 69; heart attack.

3.    State the following with regard to each of your children:

     (a)    full name;

     (b)    the date of birth;

     (c)    sex;

     (d)    current address (if deceased, state the last known address);

     (e)    social security number;

     (f)    whether birth child or adopted child;

     (g)    current state of each one's health.  If any of your children are deceased,

           state for each deceased child:

    i.     specific physical problems;

    ii.    date and place of death; and

    iii.   age and cause of death for each child.

A.3.I.    (a)    Zoraya Miranda.

    (b)    October 11, 1975.

    (c)    Female.

    (d)    58 East 117th Street, Apt. 5D, New York, NY 10035

    (e)    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.

    (f)    Birth child.

    (g)    Good health.

A.3II.    (a)    Ernesto Miranda, Jr.

    (b)    November 12, 1979.

    (c)    Male.

    (d)    1315 Amsterdam Avenue, Apt. 2J, New York, NY 10027.

    (e)    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.

    (f)    Birth child.

    (g)    Good health.

4.    State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:

    (a)    fuel use for heating and cooking;

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(b) significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);

(c) number of family units co-occupying said structure.

A.4.I. Puerto Rico.

Approximately 1952 to 1967.

(a) Heating: unknown; Cooking: unknown.

(b) Unknown.

(c) Single family home.

A.4II. 258 West 97th Street, New York, NY.

Approximately 1967 to 1969.

(a) Heating: unknown; Cooking: gas.

(b) None.

(c) Hotel residence.

A.4.III. 1315 Amsterdam Avenue, Apt. 2J, New York, NY.

Approximately 1970 to 1985.

(a) Heating: gas; Cooking: gas.

(b) None.

(c) Apartment building.

A.4.IV. Anthony Avenue, New York, NY.

Approximately 1985 to 1986.

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(a)    Heating: oil;        Cooking: gas.

(b)    None.

(c)    Apartment building.

A.4.V.    1315 Amsterdam Avenue, Apt. 2J, New York, NY.

Approximately 1986 to present.

(a)    Heating: gas;        Cooking: gas.

(b)    None.

(c)    Apartment building.

5.    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

(a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;

(b)    date(s) of test, examination and/or treatment;

(c)    symptoms complained of at the time, if any;

(d)    any diagnosis made;

(e)    treatment or examination given and reason for treatment or examination; and

(f)    any drugs or medications prescribed.

A.5.    At the present time, although it is possible that plaintiff consulted other doctors,

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

nurses and health care providers, plaintiff recalls the following names, dates and treatments:

A.5.I.      (a)    Dr. Cliff Cornery, Thoracic Surgeon.

                   Roosevelt Hospital,

                   1000 10th Avenue, New York, NY 10019.

            (b)    Approximately December 2007 - present.

            (c)    See medical records.

            (d)    Mesothelioma; see medical records.

            (e)    Biopsy; see medical records.

            (f)    See medical records.


A.5.II.     (a)    Dr. Andrew Evans, Radiation Oncologist;

                   1000 10th Avenue, New York, NY 10019.

            (b)    Approximately January 2008 - present.

            (c)    See medical records.

            (d)    See medical records.

            (e)    Consultation; see medical records.

            (f)    See medical records.


A.5.III.    (a)    Dr. Gary Burke, Physician.

                   University Medical Associates,

                   1090 Amsterdam Avenue, 4th Floor New York, NY 10025.

            (b)    Approximately November 2007 to present.

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(c)    See medical records.

(d)    See medical records.

(e)    Needle biopsy; see medical records,

(f)    See medical records.

A.5.IV.    (a)    Dr. Seth Cohen, Oncologist,

1000 10th Avenue, 11G, New York, NY 10019.

(b)    Approximately December 2007 to present.

(c)    See medical records.

(d)    See medical records.

(e)    Chemotherapy; see medical records.

(f)    See medical records.

A.5.V.    (a)    Dr. Raja Flores, Surgeon,

Memorial Sloan Kettering Hospital,

1275 York Avenue, New York, NY 10017.

(b)    Approximately January 2008.

(c)    See medical records.

(d)    See medical records.

(e)    Consultation; see medical records;.

(f)    See medical records.

A.5.VI.    (a)    Dr. Antone Abed, Pulmonoligist,

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

1090 Amsterdam Avenue, New York, NY 10025.

(b)     Approximately January 2008 to present.

(c)     See medical records.

(d)     See medical records.

(e)     See medical records.

(f)     See medical records.

A.5.VII.     (a)     Dr. Michael Grossbard, Oncologist,

Roosevelt Hospital,

1090 Amsterdam Avenue, New York, NY 10019.

(b)     Approximately January 2008 to present.

(c)     See medical records.

(d)     See medical records.

(e)     See medical records.

(f)     See medical records.

A.5.VIII.     (a)     Dr. Anupama Goel, Oncologist,

Roosevelt Hospital,

1090 Amsterdam Avenue, New York, NY 10019.

(b)     Approximately December 20007 to present.

(c)     See medical records.

(d)     See medical records.

(e)     See medical records.

00110111.WPD                                     10

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(f)    See medical records.

A.5.IX.    (a)    Dr. Yvonne Cruz, Pulmonoligist,

St. Luke's Hospital,

1111 Amsterdam Avenue, New York, NY 10025.

(b)    Approximately November 2007 to present.

(c)    See medical records.

(d)    See medical records.

(e)    See medical records.

(f)    See medical records.

6.    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

(a)    name and address of the facility;

(b)    dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and

(c)    reason for visit to the facility.

A.6.    At the present time, although it is possible that plaintiff may have been treated or examined in other hospitals and health institutions, plaintiff recalls the following:

LEVY PHILLIPS &.
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

A.6.I.    (a)    Memorial Sloan Kettering Hospital,

                    1275 York Avenue, New York, NY 10017.

            (b)    Approximately January 2008.

            (c)    Consultation; see medical records.

A.6.I.    (a)    Roosevelt Hospital,

                    1000 10th Avenue, New York, NY 10019.

            (b)    Approximately November 2007.

            (c)    Biopsy; see medical records.

A.6.III.    (a)    St. Luke's Hospital.

                    1111 Amsterdam Avenue, New York, NY 10025.

            (b)    Approximately 1996 and 2007.

            (c)    Broken leg (1996) and needle biopsy (2007); see medical records.

7.    State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

A.7.    Plaintiff has sustained a number of asbestos-related injuries, including, but not limited to mesothelioma, pain and suffering, mental and emotional distress, shortness of

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

breath, coughing, skin discoloration, weight loss, nausea, loss of appetite, difficulty

breathing, abdominal swelling, chest pain, fatigue, respiratory discomfort and pain and

related sequelae.  As indicated in plaintiff's medical records, at various and numerous

times, plaintiff has experienced a variety of different and differing symptoms related to

his injuries, which are numerous and frequent.  At this time, plaintiff is unable to state the

precise date of the various symptoms might have first occurred. See medical records for

date of diagnosis and name of diagnosing physician.


8.      Describe any pain, incapacity, inability to lead a normal life, inability to work, or

disability (including retirement) alleged to have resulted from your medical conditions,

including the date and basis therefore.


A.8.    Plaintiff has experienced shortness of breath, coughing, weight loss, loss of

appetite, chest pain, respiratory discomfort and pain, difficulty breathing, and fatigue,

among other things.  Plaintiff's asbestos-related condition has totally disrupted his life,

totally limited him in his everyday activities, interfered with his living a normal life,

caused him fear, emotional distress, pain, suffering, discomfort, and inconvenience.  His

ability to do any tasks that require any physical exertion such as working, running,

walking, climbing stairs, lifting, exercising and everyday chores around the house has

been extensively diminished.


9.      Have you ever had any biopsies or tissue samples taken?  If so, please state for

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

each such procedure:

    (a)    the name of the physician performing such procedure;

    (b)    the address where such procedure was performed;

    (c)    the date when such procedure was performed; and

    (d)    the results, conclusions, and/or diagnosis arising from such procedure.

A.9.I.  (a)    Dr. Cliff Cornery, Thoracic Surgeon.

    (b)    Roosevelt Hospital.

           1090 10th Avenue, New York, NY 10019.

    (c)    December 2007; see medical records.

    (d)    Mesothelioma.

10.    Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:

    (a)    the dates and places;

    (b)    the reasons;

    (c)    the results and/or diagnosis resulting therefrom;

    (d)    the location of all chest X-ray films and CT Scans; and

    (e)    provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

A.10.I.  (a)    Plaintiff has had x-rays taken at St. Luke's Hospital and Roosevelt

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

Hospital, but medical records may or may not reflect others.

    (b)    See medical records.

    (c)    See medical records.

    (d)    Chest x-ray films and CT Scans should be in the possession of the respective doctors and hospitals.

    (e)    Authorizations have been provided to RecordTrak.

11.    Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work.  If so, state the date(s), place(s), and circumstances thereof.

    (a)    acids

    (b)    aluminum

    (c)    arsenic

    (d)    barium

    (e)    beryllium

    (f)    butanol

    (g)    cadmium

    (h)    carborundum

    (i)    chloroethylene

    (j)    chlorine

    (k)    chromate

    (l)    chromite

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(m)     chromium

(n)     coal dust (coal)

(o)     coal tar

(p)     cotton dust

(q)     epoxy

(r)     ethanol

(s)     grinding dust

(t)     iron

(u)     isocyanates

(v)     isopropanol

(w)     lead

(x)     live chickens

(y)     manganese

(z)     nickel

(aa)     nitrogen dioxide

(ab)     nuclear radiation

(ac)     ozone

(ad)     petroleum distillates

(ae)     phosgene

(af)     radiation

(ag)     silica

(ah)     titanium

00110111.WPD

16

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(ai)    toluene

(aj)    welding smoke or fumes

(ak)    zylene

(al)    zinc.

A.11.    Plaintiff does not recall being exposed to the above substances on a regular basis.

12.    Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or
any other tobacco substance, from birth to the present time?  If so, state the following:

(a)    the brand and type of tobacco product(s) used (e.g., filter, non-filter,
chewing tobacco);

(b)    the dates during which you used each such product;

(c)    the amount of the product used per day, during each period of time (e.g., 2
packs of cigarettes per day);

(d)    whether you have ever been told by a physician that you are or were
suffering from any disease or illness caused by or contributed to by
tobacco; and

(e)    whether you were ever advised by any physician or any other person that
use of tobacco products could adversely affect your health and whether you were
ever advised to stop using tobacco products, and if so, identify each physician or
person who gave you any such advice, the dates on which the advice was given,
and state exactly what, if anything, you did  in response to that advice.

00110111.WPD                                        17

A.12.I.    Yes.

    (a)    Various brands, including Marlboro filtered, Pall Mall unfiltered, Newport filtered, Salem filtered and Kent filtered.

    (b)    Approximately 1968 to present.

    (c)    Approximately one pack per day.

    (d)    No.

    (e)    Yes; Dr. Cohen; 2008; trying to quit.

13.    For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

    (a)    the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

    (b)    the dates during which they used each such product.

A.13.I.    Ernesto Miranda, Jr.

    (a)    Newport filtered.

    (b)    Approximately 2001.

14.    Do you presently consume or have you in the past consumed alcoholic beverages. If so, state the following:

    (a)    the type of alcoholic beverages consumed;

    (b)    the dates during which you consumed each such alcoholic beverage;

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(c)    the amount of such beverage you consumed each day; and

(d)    whether you have ever been treated for any illness or disease related to

your consumption of alcoholic beverages.

A.14.  Yes.

(a)    Beer, wine and rum on occasion.

(b)    Approximately 1988 to 2006.

(c)    Approximately one pack of beer per day.

(d)    Yes. Arms Acres, 500 8th Avenue, New York, NY (Alcohol

Rehabilitation, October 2006 - June 2007).

15.    Have you ever been a member of the Armed Forces of the United States?  If so,

state the following:

(a)    the branch of the service, serial number, and highest rank held;

(b)    the beginning and ending dates of your military service;

(c)    the type of discharge that you received; and

(d)    whether you sustained any injuries or incurred any illness during military

service.

(e)    if you received a medical discharge, attach a copy hereto and set forth the

medical reasons.

A. 15.  Yes.

(a)    United States Air Force; 583463037; Crew Chief.

(b)    1982 - 1986.

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

    (c)     Honorable.

    (d)     No.

    (e)     Not applicable.

16.     As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following:

(Use attached Chart A)

Include on the Chart all employers where you have worked, and all job sites, regardless of whether or not you believe you were exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

A. 16. See Chart A.

17.     Please state the following with respect to each asbestos-containing product identified on Chart A:

    (a)     the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

    (b)     the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

    (c)     the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

A. 17. (a)    The asbestos-containing products identified in Chart A were varied in color, dimension, shape, form, texture, weight, appearance and/or flexibility. Further information may be provided in response to questioning at deposition.

(b)    To the extent that the asbestos-containing products identified in Chart A came packaged, such packaging varied in appearance, size, dimension, color and/or weight. Further information may be provided in response to questioning at deposition.

(c)    To the extent that the asbestos-containing products identified in Chart A came packaged, such packaging may have contained various markings including the manufacturer or trade name of the product. In addition, the product itself may have also contained various markings. Plaintiff never personally observed any warnings about asbestos on product packaging or on the asbestos-containing products themselves. Further information may be provided in response to questioning at deposition.

18.    If you have retired from your employment, set forth the following:

(a)    whether said retirement was voluntary or involuntary;

(b)    the effective date of said retirement;

(c)    the name of your employer at the time of retirement;

(d)    the reason for your retirement;

(e)    whether your retirement was related to any claimed asbestos-related injury;

and

(f)    the amount of pension and/or retirement benefits you are receiving or entitled to receive.

A.18.I  No.

19.    State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's asbestos-containing materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following:

    (a)    As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:

        i.    Name of Employer;

        ii.    Dates of employment;

        iii.    Asbestos-related job site and address where Bankrupt Entity's products were being used;

        iv.    Dates you were at the job site;

        v.    Job duties at the particular job site;

        vi.    Bankrupt Entity's asbestos-containing materials or products to which you were exposed.

        vii.    Other companies using Bankrupt Entity's asbestos-containing materials or products at the jobsite; and

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

viii.   Whether you received any warnings with respect to the use of said product and the nature of those warnings.

(b)   If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:

i.   the date, location and circumstances; and

ii.   the type of product and the name of the manufacturer, distributor, and miner.

A.19.   Subject to the foregoing general objection, plaintiff responds as follows:

See plaintiff's attached "Chart A"

20.   If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing products at any time other than in the scope of your employment, state for each such exposure:

(a)   the date, location and circumstances; and

(b)   the type of product and the name of the manufacturer, distributor, and miner.

A.20.   Plaintiff believes he was exposed to asbestos-containing automotive products during the 1970's when he performed minor repairs and brake work on his Chrysler, Road Runner. Plaintiff recalls using MOPAR brakes among others.

21.   Have you ever been a member of any labor union? If so, state:

(a)    the name and address of each local, national and international labor union;

(b)    the inclusive dates of your membership; and

(c)    any positions you have held with each such labor union, and the dates during which you held such  positions.

A.21.  Yes.

(a)    Carpenter's Union

(b)    Approximately September 1985 to June 1986.

(c)    Member.

22.    State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or asbestos-containing products, and if so, identify:

(a)    each such warning, directive, notification, direction, instruction, or information;

(b)    the means by which such was given to you;

(c)    the source and the date on which it was received by you; and

(d)    your response or reaction, including any complaints made or changes in work habits.

A.22.  To be provided.

23.     State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

      (a)     the period of time during which said items were available;

      (b)     what instructions were given with regard to the use of each of said items;

      (c)     whether you used said items and the dates of your use;

      (d)     whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

A.23.   Yes, only later years.

      (a)     After 2004 only.

      (b)     None.

      (c)     Yes.

      (d)     Equipment was provided.

24.     If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

      (a)     date of commencement of any loss or impairment;

      (b)     the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

      (c)     if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on

Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d)    your total earnings for the period of three years prior to the commencement of any loss or impairment;

(e)    the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

(f)    the date on which any loss or impairment ended; and

(g)    your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

A.24.    Plaintiff does assert a claim for loss earnings.

(a)    November 2007.

(b)    Bowery Residence Committee, maintenance worker, approximately $16.00 per hr.

(c)    See Chart A; weekly pay rate to be provided.

(d)    To be provided.

(e)    November 2007 to present.

(f)    Impairment is ongoing.

(g)    Approximately $16.00 per hour.

25.    Do you claim damages for loss of consortium, society, affection, services, or

00110111.WPD                          26

sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

A.25. Plaintiff's spouse, Diana Miranda, does assert a claim for loss of consortium, society, affection, services, and sexual enjoyment. This claim is based upon the deleterious effect of asbestos exposure on the health and well being of Ernesto Miranda and its effect on his ability to provide companionship, love, affection, and services to his wife.

26.    For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

      (a)    the name, address, sex, age and relationship; and

      (b)    the amounts you contributed during the last ten years for support and assistance.

A.26I. (a)    Diana Miranda; 1315 Amsterdam Avenue, New York, NY 10027; 61 yrs.; female; spouse.

      (b)    Total support.

A.26.II.(a)    Ernesto Miranda Jr.; 1315 Amsterdam Avenue, New York, NY 10027; 27 yrs.; male; son.

      (b)    Total support.

A.26.III.(a)    Zoraya Miranda; 58 East 117 Street, Apt. 5D, New York, NY 10035;

31yrs.; female; daughter.

      (b)     Partial support.

27.     State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

A.27.   Expenses are ongoing; to be provided.

28.     Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by the attorney-client privilege) in the above-captioned matter.

A. 28.   None.

29.     Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to disability or your medical condition?  If so, state the following:

00110111.WPD                            28

    (a)    the date and place where each such claim was made;

    (b)    the name and nature of the entity with which the claim was made;

    (c)    any identifying number, such as a docket or petition number, for each claim;

    (d)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

    (e)    the nature of the claim;

    (f)    whether you were examined by a physician and if so, the name and address of that physician;

    (g)    the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;

    (h)    the name and address of any attorney who represented you with regard to such claims; and

    (i)    whether you are presently receiving such benefits.

A.29.I.  Yes.

    (a)    1996, New York.

    (b)    Social Security Disability.

    (c)    Unknown.

    (d)    Social Security Administration.

    (e)    Disability.

    (f)    Yes. To be provided.

(g)    Denied.

(h)    None.

(i)    No.

A.29.II. (a)    2008, New York.

(b)    Worker's Compensation Board.

(c)    00805585.

(d)    Gateway Builders.

(e)    Worker's compensation.

(f)    To be provided.

(g)    Pending.

(h)    Rubin Everson, Esq.

(i)    No.

30.    State the following with regard to your asbestos-related legal action:

(a)    Did you file an asbestos-related claim in more than one (1) jurisdiction;

(b)    Identify all of the jurisdiction(s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

(c)    Did you file your asbestos-related claim(s) under more than one (1) Index Number; and

(d)    Provide all of the Index Numbers for all of your asbestos-related claim(s),

including all multiple Index Numbers for Claims filed in New York

County.

A.30.   Subject to the foregoing general objection, plaintiff responds as follows:

(a)     No.

(b)     New York County.

(c)     No.

(d)     Index No.: 08/104346.

31.     State whether or not you have made, filed, or submitted a Claim Against Bankrupt

Entity or received funds in settled from a Bankrupt Entity. If so, for each claim

state the following:

(a)     the date and place where each such claim was made;

(b)     the name and nature of the entity with which the claim was made;

(c)     any identifying number, such as a docket or petition number, for each

claim;

(d)     the defendant, agency, insurer, employer or other entity to or against whom

the claim was made and its file number;

(e)     the nature of the claim;

(f)     whether you were examined by a physician and if so, the name and address

of that physician; and

(g)     whether you received any compensation as a result of such claim, but not

00110111.WPD                                31

the amount.

A.31.    Subject to the foregoing general objection, plaintiff responds as follows:
No.

32.    State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift
the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to
this action.

A.32    Subject to the foregoing general objection, plaintiff responds as follows:

As of the present time, plaintiff has neither applied to any Bankrupt Entity or

Bankruptcy Court to lift the stay nor otherwise attempted to join a Bankrupt Entity to this

action because any such action would be contrary to federal law which provides that

plaintiff is barred from proceeding against any Bankrupt Entities in this action. Further,

any such action would force the Bankrupt Estate or Settlement Trust to unnecessarily

incur litigation costs, thereby causing an unnecessary drain on trust assets that are

designed to benefit asbestos victims.

33.    Have you or your spouse ever been a party to or a witness in any lawsuit, court or
administrative proceeding?  If so, please state:

(a)    whether you or your spouse were a party or witness and if party, whether
plaintiff or defendant;

(b)    the precise name of the lawsuit or proceeding, the court agency in which it

was brought and the docket number;

(c)    the nature of the charges or claims and, if you or your spouse were a

witness, the subject matter of the testimony; and

(d)    the disposition of the case.

A.33.  Yes.

(a)    Plaintiff.

(b)    Personal Injury, Court and docket number unknown.

(c)    Broken leg.

(d)    Settled.

34.    Have you or your spouse filed a claim seeking compensation for any alleged

asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or

"No" only.

A.34.  Other than the present lawsuit, no.

35.    Identify all entities, whether or not parties to this lawsuit, with whom you have

settled or agreed to settle this lawsuit.

A. 35.  Settlements are ongoing. A list will be provided of all defendants not dismissed by

Summary Judgement or otherwise immediately prior to trial.

36.    Identify all persons, other than your attorneys, who provided you with any

information used in answering these interrogatories, and state the particular information

each person supplied.


A.36.    Myself.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to paragraph 19 of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.

You are hereby requested to produce the following documents and things:

1.　　All documents identified in your answers to these interrogatories.

R.1.　Such documents will be produced, to the extent required by the relevant rules.

2.　　All documents relating to the plaintiff's job qualifications and professional licenses held.

R.2.　If any such documents are located in plaintiff's possession, they will be produced.

3.　　All documents relating to the plaintiff's membership in any labor trade association or professional organization.

R.3.　Authorizations have been provided to Recordtrak, 651 Allendale Road, King of Prussia, PA 19406.

4.　　All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

R.4.　Authorizations have been provided to Recordtrak, 651 Allendale Road, King of Prussia, PA 19406.

5.　　All documents relating to any claim or demand ever made by the plaintiff for damages, compensation or other benefits allegedly resulting from any illness or

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

injury, including but not limited to, Industrial Accident Board records, social

security disability claim records, federal or state employment compensation claim

records, social disability records, pension claim record or any other health or

accident insurance claim records.

R.5.    Authorizations have been provided to Recordtrak, 651 Allendale Road, King of

Prussia, PA 19406.

6.    All documents in plaintiff's possession, custody or control relating in any way to

the plaintiff's exposure or possible exposure to asbestos, asbestos-containing

products and/or asbestos-containing materials.

R.6.    At this time, plaintiff has no such documents in his personal possession.

7.    All documents in plaintiff's possession, custody or control relating in any way to

the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear

radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal

dust, cotton dust, nickel, welding smoke or fumes.

R.7.    At this time, plaintiff has no such documents in his personal possession.

8.    All documents, of which you have ever become aware, relating in any way to

warnings, potential health hazards, instructions or precautions regarding the use or

handling of, or exposure to, asbestos, asbestos-containing products, and/or

asbestos-containing materials.

R.8.    At this time, plaintiff has no such documents in his personal possession.

9.    All applications prepared or submitted by or on behalf of the plaintiff for life

insurance, medical insurance, health and accident insurance, and/or disability

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

insurance.

R.9.   At this time, plaintiff has no such documents in his personal possession.

10.    All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

R.10.  Objection.  Attorney/client privilege; work product privilege.

11.    All records in plaintiff's possession, custody or control relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

R.11.  At this time, plaintiff has no such documents in his personal possession.

12.    All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and

00110111.WPD                                    37

counsel made after an attorney-client relationship has been established and

attorney work product need not be produced or identified.

R.12.  Objection.  Attorney/client privilege; work product privilege.

13.    All photographs of the plaintiff at work or in work clothes and all photographs of

all products or conditions complained of in the plaintiff's place of employment.

R.13.  At this time, plaintiff has no such photographs in his personal possession.

14.    Copies of all itemized bills covering all the special damages and losses and

expenses claimed in this matter.

R.14.  See A.27.  Bills to be provided if located.

15.    Copies of all reports, correspondence and records from any doctor who has

examined the plaintiff, any hospital where the plaintiff has been treated either as

an inpatient or as an outpatient, except for any reports, records, correspondence, or

communications issued by any consulting physicians who have been retained or

specially employed in anticipation of litigation or preparation for trial and who are

not expected to be called as a witness at trial.

R.15.  Medical authorizations have been provided to RecordTrak, 651 Allendale Road,

King of Prussia, PA 19406.

16.    All tissue specimens, tissue slides, and x-ray films and CT scans pertaining to the

plaintiff.

R.16.  See Answer R.15.

17.    Copies of plaintiff's income tax returns for the last ten years of plaintiff's

employment and up to the current year as well as any other documents, including

economic loss reports, upon which plaintiff relies in support of his claims. If loss

of earnings or earning capacity is alleged or claimed to have occurred before the

current year, include copies of the income tax returns of the plaintiff from ten

years prior to the claimed loss and up to the current tax year.

R.17. Authorizations have been provided to RecordTrak, 651 Allendale Road,

King of Prussia, PA 19406.

18. Any asbestos and/or asbestos-containing products or product packaging of the

type to which the plaintiff alleges exposure and which the plaintiff has in his

possession, custody or control.

R.18. At this time, plaintiff has no such products in his personal possession.

19. All photographs, charts, drawing, diagrams or other graphic representations

depicting work conditions at work sites where the plaintiff claims the plaintiff was

exposed to asbestos or asbestos-containing products.

R.19. To be produced if located.

20. All invoices, bills, statements and any other writings or records which the plaintiff

contends evidence the sale of any products containing asbestos to the place of the

plaintiff's employment at which plaintiff claims that plaintiff was exposed to

asbestos. This does not include documents in the possession, custody or control

of plaintiff's attorney unless such documents were provided by plaintiff to his/her

attorney and are not privileged.

R.20. At this time, plaintiff has no such documents in his personal possession.

21. Any written advice, publication, warning, order, directive, requirement, or

00110111.WPD                                   39

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022

recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the products in the possession, custody or control of the plaintiff.

R.21. Objection. Work product, over-broad, unduly burdensome and irrelevant. Subject to this objection, appropriate exhibit and witness lists will be provided at the appropriate time.

22. Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

R.22. At this time, plaintiff has no such documents in his personal possession.

Dated:      New York, New York
            May 22 , 2008


                        LEVY PHILLIPS & KONIGSBERG, LLP
                        *Attorneys for Plaintiff*


                        Patrick Timmins, Esq.
                        800 Third Avenue, 13th Floor
                        New York, NY  10022
                        (212) 605-6200

**CHART A**
**JOBSITE-SPECIFIC EXPOSURE HISTORY**

Re: Ernesto Miranda

| Name of Employer | Dates of Employ-ment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Consolidated Edison | Approx. 1970 - 1972 | Astoria Powerhouse (Vocational Training thru Brandeis High School) | Approx. 1970 - 1972 | Mechanic Helper | Plaintiff believes he handled and/or worked with various types of asbestos-containing materials and equipment including thermal products, gaskets, packing and equipment.<br><br>Plaintiff cannot presently identify all of the manufacturers of such materials and equipment but states that he would have been exposed to all such products manufactured and used during the periods he worked at the job site.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products at the job site during the time plaintiff believes he was exposed.<br><br>Plaintiff recalls the following:<br><br>**Pumps:**<br>Goulds, Peerless, Tyco, warren<br><br>**Turbines:**<br>Westinghouse | Plaintiff believes he worked in the vicinity of other who handled and/or worked with various types of asbestos-containing materials and equipment including thermal products, gaskets and packing.<br><br>Plaintiff cannot presently identify all of the manufacturers of such products but states that he would have worked around all such equipment and materials manufactured during the periods he worked at the job site..<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products at the job site during the time plaintiff believes he was exposed.<br><br>Plaintiff recalls working with the following:<br><br>**Pumps:**<br>Goulds, Peerless, Tyco, warren<br><br>**Turbines:**<br>Westinghouse | | | |

0010177.WPD

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

Re: Ernesto Miranda

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Consolidated Edison, continued | | | | | **Valves:** Crane, Spirax Sarco  **Wire & Cable:** Ericsson, General Electric, Honeywell, General Cable, Okonite  **Compressors:** Ingersoll Rand  **Equipment:** Honeywell, General Electric  **Wire/Fuses/Amps.:** General Electric  **Boilers:** Babcock & Wilcox, Combustion Engineering, Delaval, Foster Wheeler | **Valves:** Crane, Spirax Sarco  **Wire & Cable:** Ericsson, General Electric, Honeywell, General Cable, Okonite  **Compressors:** Ingersoll Rand  **Equipment:** Honeywell, General Electric  **Wire/Fuses/Amps.:** General Electric  **Boilers:** Babcock & Wilcox, Combustion Engineering, Delaval, Foster Wheeler | | | |
| Brothers International | Approx. 1972 - 1973 | | Approx. 1972 - 1973 | Maintenance / Punch Card Data Entry | Unknown | Unknown | | | |

0011017.WPD

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

Re: Ernesto Miranda

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Savin Corporation | Approx. 1973 - 1982 | Various office sites throughout New York City | Approx. 1973 - 1982 | Technician | Plaintiff believes he handled and/or worked with asbestos-containing materials and equipment, including Arc Shields, while performing maintenance and repair of Savin wordprocessors and copiers.<br><br>Plaintiff cannot presently identify all of the manufacturers of such materials and equipment but states that he would have been exposed to all such products manufactured and used during the period he worked with such materials and equipment.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products on the equipment he worked with.<br><br>Plaintiff presently recalls the following:<br><br>**Equipment:**<br>Ricoch, Brothers, IBM & Wang<br><br>**Arch Shields:**<br>Cutler Hammer, Square D | Plaintiff believes he worked in the vicinity of others who handled and/or worked with asbestos-containing materials and equipment, including Arc Shields, while performing maintenance and repair of Savin wordprocessors and copiers.<br><br>Plaintiff cannot presently identify all of the manufacturers of such materials and equipment but states that he would have been exposed to all such products manufactured and used during the period he worked with and around such materials and equipment.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products on the equipment he worked with.<br><br>Plaintiff recalls the following equipment manufactures:<br><br>**Equipment:**<br>Ricoch, Brothers, IBM & Wang<br><br>**Arch Shields:**<br>Cutler Hammer, Square D | | | |

0011017?.WPD

**CHART A**
**JOBSITE-SPECIFIC EXPOSURE HISTORY**

Re: Ernesto Miranda

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| U.S. Air Force | Approx. 1982 - 1986<br><br>Active Duty 1982 - 1984<br><br>Reserves 1984 - 1986 | Lackland Air Force Base, TX (6 months)<br><br>Shepard Air Force Base, TX<br><br>McGuire Air Force Base, NJ (1½ yrs.)<br><br>Aircrafts:<br>F-16 Fighter<br><br>C-141 Star Lifter<br><br>T-38 Trainer<br><br>C-130 "Hercules"<br><br>B-52<br><br>KC-135<br><br>KC-130 | Approx. 1982 - 1986<br><br>Active Duty 1982 - 1984<br><br>Reserves 1984 - 1986 | Crew Chief (Airplane Maintenance) | Plaintiff presently recalls that he handled and/or worked with various types of asbestos-containing materials and equipment while servicing military aircrafts, including working on brake systems, engines, hydraulic systems and performing structural repairs.<br><br>Plaintiff recalls working with various asbestos-containing friction products including, brakes, clutches, engine motors, gaskets, insulation and other like products.<br><br>Plaintiff cannot presently identify all of the manufacturers of such materials and equipment but states that he would have been exposed to all such products manufactured and used during the period he worked at the job site.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products and equipment at the job site during the time plaintiff believes he was exposed.<br><br>Plaintiff may add information to this chart if/and/or when it becomes available. | Plaintiff presently recalls that he worked in the vicinity of others who worked with and/or handled various types of asbestos-containing materials and equipment, including working on brake systems, engines, hydraulic systems and performing structural repairs.<br><br>Plaintiff also recalls working in the vicinity of others who handled and/or worked with various asbestos-containing friction products including, brakes, clutches, engine motors, gaskets, insulation and other like products.<br><br>Plaintiff cannot presently identify all of the manufacturers of such materials and equipment but states that he would have been exposed to all such products manufactured and used during the period he worked at the job site.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products and equipment at the job site during the time plaintiff believes he was exposed. | Michael T. Myers<br><br>Miguel A. Bonilla<br><br>Dennis J. Cain<br><br>William R. Rippert | | |

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

Re: Ernesto Miranda

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| U.S. Air Force Cont'd | | | | | Plaintiff worked with the following:<br><br>**Airplane Manufacturers:**<br>Lockheed Martin, Northrop Grumman, Boeing, General Electric, General Dynamics, Raytheon Aircraft Co.<br><br>**Brakes:**<br>Bendix, B.F. Goodrich, Goodyear, as well as airplane manufactures<br><br>**Friction Material:**<br>Abex, Raybestos, B.F. Goodrich, Goodyear<br><br>**Engines:**<br>Pratt & Whitney, Rolls Royce, General Electric<br><br>**Cooling Systems:**<br>Carrier | Plaintiff may add information to this chart if/and/or when it becomes available.<br><br>Plaintiff worked with and in the vicinity of others who worked with and/or handled the following:<br><br>**Airplane Manufacturers:**<br>Lockheed Martin, Northrop Grumman, Boeing, General Electric, General Dynamics, Raytheon Aircraft Co.<br><br>**Brakes:**<br>Bendix, B.F. Goodrich, Goodyear, as well as airplane manufactures<br><br>**Friction Material:**<br>Abex, Raybestos, B.F. Goodrich, Goodyear<br><br>**Engines:**<br>Pratt & Whitney, Rolls Royce, General Electric<br><br>**Cooling Systems:**<br>Carrier | | | |

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

Re: Ernesto Miranda

| Name of Employer | Dates of Employ-ment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Terminals Unlimited | 1984 - 1986 | Pease Air Force Base, Kittery, ME

Norfolk Naval Shipyard, Norfolk, VA

Dover Air Force Base, DE

Ft. Drum, Watertown, NY | 1984 - 1986 | Technician | Plaintiff believes he handled and/or worked with various asbestos-containing materials and equipment while performing maintenance and repair of computers, copiers and word processors.

Plaintiff may further rely upon the testimony of co-workers if available, and other evidence demonstrating the presence of various manufacturers' asbestos-containing materials and equipment these sites. Other evidence may provide identification of asbestos-containing materials and the manufacturers of such materials.

Plaintiff presently recalls handling and/or working with the following, including among others:

**Computers:**
IBM, Compaq, Hewlett Packard

**Copiers:**
Savin, Lanier, Zerox

**Modems:**
JB Modems

**Computer Boards:**
Hazeltine boards | Plaintiff believes he worked in the vicinity of others who worked with and/or handled various asbestos-containing materials and equipment while performing maintenance and repair of computers, copiers and word processors.

Plaintiff may further rely upon the testimony of co-workers if available, and other evidence demonstrating the presence of various manufacturers' asbestos-containing materials and equipment these sites. Other evidence may provide identification of asbestos-containing materials and the manufacturers of such materials.

Plaintiff recalls working in the vicinity of others working with the following, including among others:

**Computers:**
IBM, Compaq, Hewlett Packard

**Copiers:**
Savin, Lanier, Zerox

**Modems:**
JB Modems

**Computer Boards:**
Hazeltine boards | | | |

0011017.WPD

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

Re: Ernesto Miranda

| Name of Employer | Dates of Employ-ment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Bronx Developmental Center | 1986 | Bronx Developmental Center | 1986 | Carpenter/ Sheet Metal Worker | Plaintiff believes he was exposed to asbestos-containing products, including pipes, cement, insulation, wire and cable, while performing repair and renovation work at these sites.<br><br>Plaintiff cannot presently identify all of the manufacturers of such products but states that he would have been exposed to all such products manufactured and used at the job site.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products at the job site during the time plaintiff believes he was exposed.<br><br>Plaintiff recalls the following:<br><br>Armstrong, GAF, Georgia Pacific | Plaintiff believes he worked in the vicinity of asbestos-containing products, including pipes, cement, insulation, wire and cable, while performing repair and renovation work at these sites.<br><br>Plaintiff cannot presently identify all of the manufacturers of such products but states that he would have been exposed to all such products manufactured and used at the job site.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products at the job site during the time plaintiff believes he was exposed.<br><br>Plaintiff recalls the following:<br><br>Armstrong, GAF, Georgia Pacific | | | |
| Yeshiva University 182nd St., NY, NY | 1986 | Yeshiva University 182nd St., NY, NY | 1986 | Carpenter/ Sheet Metal Worker | See above | See above | | | |
| MTA | Approx 1986 | MTA Rail Yard Bronx, NY | Approx 1986 | To be provided | See above.  Also train equipment and friction products | See above.  Also train equipment and friction products | | | |

0011017.WPD

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

Re: Ernesto Miranda

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Business Land, Inc. 2496 Rt. 22, Union, NJ | Approx 1987 | | Approx 1987 | Technician | See above | See above | | | |
| Xerox Corporation, New York, NY | Approx. 1988 - 1996 | Various offices throughout New York Including: Columbia Presbyterian Hospital, 168th Street, NY, NY  Harlem Hospital, 135th Street, NY, NY  Lennox Hill Hospital, NY, NY | Approx. 1988 - 1996 | Field Engineer | See Savin above | See Savin above | | | |
| New Orleans Royal Hotel, New York, NY | Approx. 1998 - 2000 | New Orleans Royal Hotel, New York, NY | Approx. 1998 - 2000 | Maintenance Man | No Known Exposure | No Known Exposure | | | |
| Arashi Construction, Astoria, NY (NY Housing Authority) | Approx. June 2000 - Sept. 2000 | Various construction sites throughout New York City | Approx. June 2000 - Sept. 2000 | Construction Worker | No Known Exposure | No Known Exposure | | | |

0010177.WPD

**CHART A**
**JOBSITE-SPECIFIC EXPOSURE HISTORY**

Re: Ernesto Miranda

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM¹ Used Personally | Other ACM to Which You Were Exposed² | Other Workers on Jobsite including supervisor | ACM identified by Such other workers | Other companies Using ACM at Jobsite |
|---|---|---|---|---|---|---|---|---|---|
| Wolf Installations, Hewlett, NY | Approx. Sept. 2000 - Dec. 2000 | Various construction sites throughout New York City | Approx. Sept. 2000 - Dec. 2000 | Mechanic | No Known Exposure | No Known Exposure | | | |
| New York City Housing Authority | Approx. April 2001 - Nov. 2001 | | Approx. April 2001 - Nov. 2001 | Caretaker | No Known Exposure | No Known Exposure | | | |
| D.Z. Contractors, Long Island City, NY | Approx. January 2002 - February 2003 | | Approx. January 2002 - February 2003 | Painter | No Known Exposure | No Known Exposure | | | |
| Gateway Builders, Brooklyn, NY | Approx. July 2003 - July 20004 | | Approx. July 2003 - July 20004 | Laborer/ Mechanic | No Known Exposure | No Known Exposure | | | |
| Lemel & Wolff, Inc., New York, NY | Approx. January 2005 - July 2005 | | Approx. January 2005 - July 2005 | Building Super- intendent | No Known Exposure | No Known Exposure | | | |
| Bowery Residence, New York, NY | Approx. October 2005 - February 2008 | Bowery Residence, (Cecil Ivory House) New York, NY | Approx. October 2005 - February 2008 | Maintenance Supervisor | No Known Exposure | No Known Exposure | | | |

1.    ACM - Asbestos Containing Materials of Products.

00110177.WPD

Re: Ernesto Miranda

**CHART A**
**JOBSITE-SPECIFIC EXPOSURE HISTORY**

2.    Identify brand and manufacturer names, if known.

0011017.WPD



**St. Luke's - Roosevelt Hospital Center**
1000 10th Avenue New York, NY 10019 P: (212) 523-8652 F: (212) 523-7232
**Department Of Pathology and Laboratory Medicine**

| | | | |
|---|---|---|---|
| **Patient:** | **MIRANDA, ERNESTO** | **Accession No.:** | RS07-12369 |
| Med Rec No.: | 100004572269 RVTH | Obtained: | 12/6/2007 |
| Encounter No.: | 105833629 | Received: | 12/6/2007 |
| Date of Birth: | 1/21/1951 (56) /  M | Reported: | 12/12/2007 3:23:18 PM |
| Physician: | Cliff  Connery, MD | Service: | |
| | BI-Att | Location: | 10A |
| | 1000 Tenth Ave. | | |
| | Thoracic Surgery Dept, 2nd Flo | | |
| | New York NY, 10019 | | |

## SURGICAL PATHOLOGY REPORT

**TISSUE SUBMITTED:**   A. Right pleural biopsy (FS)
  B. Right pleural biopsy

**FINAL DIAGNOSIS:**

**A,B.PLEURA, RIGHT; BIOPSY:**
 - Malignant mesothelioma.
 - The tumor shows positivity for WT-1, calretinin and thrombomodulin, and is negative for TTF-1, mCEA,BerEp4, p63, CK7. This immunoprofile is consistent with mesothelioma.

Comment:
Case reviewed at intradepartmental conference and the above interpretation represents a consensus opinion.
These results were conveyed to Dr.Connery on December 12,2007 and Dr. Cohen on December 13, 2007 via telephone.

**CLINICAL HISTORY:**

Possible malignancy.  Right pleural effusion.

**GROSS:**

SPECIMEN A:  Received fresh for frozen section labeled right pleural biopsy, are several pink-tan fragments of tissue, aggregating to 1.2 x 0.9 x 0.2 cm.  The frozen section residue is entirely submitted in one cassette labeled A.
**INTRAOPERATIVE CONSULTATION #1483: Right pleural biopsy: Malignant neoplasm; favor non-small cell carcinoma.**                 **Agnes Colanta, M.D./Amber Ebrahim, M.D.**

SPECIMEN B:  Received in formalin labeled right pleural biopsy, are three, irregular, tan-brown, soft fragments of tissue, aggregating to 1.3 x 1.1 x 0.3 cm.  The specimen is entirely submitted in one cassette labeled B.

DS/dt 12/07/07

The electronic signature indicates that the named Attending Pathologist has evaluated the specimen referred to in the signed section of the report and formulated the diagnosis therein.

**Electronically signed by Amber Ebrahim, M.D. 12/12/2007 3:23:18PM**

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                            )ss.:
COUNTY OF NEW YORK  )

      **CORRINNE DONALDSON** being duly sworn deposes and says she is an employee of Levy Phillips & Konigsberg, L.L.P., the attorneys for the plaintiffs herein, that she is over 18 years of age and is not a party to the within action, that on the 22nd day of May, 2008, a copy of **Plaintiffs' Answer To Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents** on behalf of **Ernesto Miranda** was caused to be mailed via first class mail to:

James Walker Smith, Esq.
SMITH ABBOT, L.L.P.
48 Wall Street, Suite 1100
New York, NY 10005
*Attorneys for Abex Corporation f/k/a American Brake Shoe and Pneumo Abex Corporation Individually and as successor in interest to Abex Corporation*

Suzanne Halbardier, Esq.
BARRY McTIERNAN & MOORE
2 Rector Street, 14th Floor
New York, New York 10006
*Attorneys for American Refractories, Co. , Graybar Electric Company, Inc., General Refractories, Co., and John Crane, Inc*

Lisa M. Pascarella, Esq.
PEHLIVANIAN, BRAATEN
& PASCARELLA, L.L.P.
115 Broadway, 19th Floor
New York, NY 10006
*Attorneys for American Refractories, Inc. and Ingersoll-Rand Company.*

David Ferstendig, Esq.
Law Offices of David L. Ferstendig
292 Madison Avenue, 22nd Floor
New York, New York 10017
*Attorneys for Anchor Packing Company*

Bashi Buba, Esq.
WILBRAHIM, LAWLER & BUBA
Attorneys for Atlas Industries
1818 Market Street, Suite 3100
Philadelphia, PA 19103
*Attorneys for Atlas Turner*

Kerryann M. Cook, Esq.
McGIVNEY & KLUGER P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*Attorneys for Avocet Enterprises, Inc., Courter & Company and Fay Spoffard & Thorndike of New York, Inc. f/k/a Wolf & Munier, Inc., Hercules chemical Company, Inc., Leslie Controls, Railroad Friction Products Corp. and Treadwell Corporation*

Julie Evans, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
*Attorneys for A.W. Chesterton Co., Inc., Carrier Corporation, General Dynamics , The Boeing Company and Boeing Integrated Defense Systems*

Andrew M. Warshauer, Esq.
Anna DiLonardo, Esq.
WEINER LESNIAK, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788
*Attorneys for Bondex Incorporated, Lockheed Martin Corporation, Robert A. Keasbey Co. and Borg Warner Corporation*

Michael Waller, Esq
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
One Newark Center, Tenth Floor
Newark, NJ 07102
*Attorneys for Crane Co., Crane Resistoflex Aerospace And Crane Pumps & Systems, Inc. & Crane Aerospace & Electronics*

00117939.WPD

Deborah L. Slowata, Esq./ Nancy McDonald, Esq.
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
**Attorneys for Cuttler Hammer n/k/a Eaton
Electrical Inc.**

Judith Yavitz, Esq.
REED SMITH, LLP.
599 Lexington Avenue
New York, N.Y.10022
**Attorneys for Dana Corporation**

Andrew P. Fishkin, Esq
EDWARDS & ANGELL, LLP
750 Lexington Avenue
New York, New York 10022
**Attorneys for Dresser Industries, Inc.**

William Mueller, Esq.
CLEMENTE MUELLER & TOBIA, P.A.
P.O. Box 1296
Morristown, New Jersey 07962
**Attorneys for Durabla Manufacturing Company**

Erich Gleber, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY
830 Third Avenue, Suite 400
New York, NY 10022
**Attorneys for Durametalic Corporation and
Garlock Sealing Technologies, LLC**

Laura B. Hollman, Esq.
McMAHON MARTINE & GALLAGHER
90 Broad Street, 14th Floor
New York, New York 10004
**Attorneys for Eastern Refractories Corporation**

Andrew Sapon, Esq.
BIVONA & COHEN, P.C.
Wall Street Plaza
88 Pine Street
New York, NY 10005-1886
**Attorneys for Eaton Hydraulics, Inc. and Enpro
Industries, Inc, Individually and as successor in
interest to Menasco, Inc.**

Michael A. Tanenbaum, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102
**Attorneys for Foster Wheeler Energy Corp.,
General Electric Corporation**

Ethan Baumfeld, Esq. /Nancy L. Pennie, Esq.
AARONSON RAPPAPORT FEINSTEIN &
DEUTSCH, LLP
757 Third Avenue
New York, NY 10017
**Attorneys for General Motors Corporation**

Scott R. Emery, Esq.
LYNCH DASKAL EMERY, LLP
264 West 40th Street
New York, NY 10018
**Attorneys for Georgia Pacific Corporation,
Individually and as successor in interest to
Consolidated Vultee Aircraft Corporation and
Goodyear Tire & Rubber**

SMITH, STRATTON,
WISE, HHEHER & BRENNAN
83 Maiden Lane - Penthouse
New York, NY 10038
**Attorneys for Goodrich Corporation f/k/a B.F.
Goodrich Company**

John Fanning, Esq.
CULLEN & DYKMAN LLP
177 Montague Street
Brooklyn, New York 11201
**Attorneys for Gould Pumps, Inc.**

Lisa A. Linsky, Esq./Donald R. Pugliese, Esq.
McDERMOTT, WILL & EMERY, LLP
340 Madison Ave
New York , NY 10173
**Attorneys for Honeywell International Inc. f/k/a
Allied Signal, Inc. successor in interest to Bendix
Corporation**

Robert C. Malaby, Esq.
MALABY & BRADLEY, LLC
150 Broadway, Suite 600
New York, New York 10038
**Attorneys for JH France**

Abbie Eliasberg Fuchs, Esq.
HARRIS BEACH, PLLC
100 Wall Street, 23rd Floor
New York, NY 10005
**Attorneys for Kentile Floors, Inc.**

Philip J. O'Rourke, Esq.
McGIVNEY & KLUGER , P.C.
80 Broad Street, Suite 2300
New York, New York 10004
**Co - counsel for Kentile Floors**

Christopher S. Kozak, Esq.
One Gateway Center, Suite 400
Newark, NJ 07102
**Attorneys for Metropolitan Transit Authority**

Steven L. Keats
131 Mineola Boulevard
Mineola, New York 11501
**Attorneys for Munaco Packing & Rubber Co.**

Elisa T. Gilbert, Esq.
GILBERT & GILBERT, LLC
325 East 57th Street
New York, New York 10022
**Attorneys for Northrup Gruman Corporation**

Arthur Bromberg
WEINER LESNIAK LLP
629 Parsippany Road
Parsippany, NJ. 07054
**Attorneys for Old Orchard Industrial Corporation,
Individually and as successor to Vapor Corporation**

Mark S. Landman, Esq.
LANDMAN CORSI BALLAINE & FORD, P.C.
120 Broadway, 27th Floor
New York, New York 10271-0079
**Attorneys for Sequoia Ventures, Inc. f/k/a as
Bechtel Corporation.**

Kenneth J. Kelly/Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211
**Attorneys for Wayne Wire Cloth Products, Inc.**

Genevieve MacSteel, Esq./
Robert Brooks-Rigolosi, Esq.
MCGUIREWOODS
1345 Avenue of the Americas, 7thFloor
New York, New York 10022
**Attorneys for Westinghouse Air Brake Co.**

Timothy J. McHugh, Esq.
LAVIN, COLEMAN, O'NEIL,
RICCI, FINARELLI & GRAY
420 Lexington Ave., Suite 290
Graybar Building
New York, New York 10170
**Attorneys for 3M Company f/k/a Minnesota Mining
& Manufacturing**

Dominic P. Bianco
GALLAGHER, WALKER,
BIANCO & PLASTARAS
98 Willis Avenue
Mineola, New York 11501
**Attorneys for Hewlett Packard Company**

Timothy J. McHugh, Esq.
LAVIN O'NEIL RICCI CEDRONE & DISIPIO
420 Lexington Avenue
Graybar Building , Suite 2900
New York, NY 10170
**Attorneys for Pratt & Whitney & United
Technologies Corporation , Individually and as
Successor in Interest to United Aircraft
Corporation United Technologies Building**

Christopher J. Garvey
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
**Attorneys for Henkel Corporation**

Richard A. Menchini, Esq.
HOLLAND & KNIGHT
195 Broadway
New York, NY 10007-3189
**Attorneys for Canadian Commercial Corporation**

Richard P. O"Leary
MCCARTER & ENGLISH
245 Park Avenue, 27th Floor
New York, NY 10167
**Attorneys for Parker Hannifin Corporation**

James M. Altmas, Esq.
David Bloomberg, Esq.
Christopher R. Strianese, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
**Attorneys for Nasco Air Brakes, Inc.**

**<u>COUNSEL UNKNOWN FOR THE
FOLLOWING DEFENDANTS:</u>**

CFM INTERNATIONAL INC.
1 Neuman Way
Cincinnati, OH 45215-0524

GE Aviation Systems, LLC
C/o Corporation Systems
111 Eight Avenue
New York, NY 10011

GRIMES AEROSPACE COMPANY, Individually
and as successor in interest to Midland-Ross
Corporation
550 route 55
Urbana, Ohio 43078

HITCO CARBON & COMPOSITES
Individually and as successor in interest to Hitco
1600 West 1235th Street
Gardena, CA 90249

LEAR SEIGLER SERVICES, INC.
Individually and as successor in interest to Lear
Seigler, Inc.
600 Montgomery Street, 26th Floor
San Francisco, CA 94111-2728

PARKER AEROSPACE
14300 Alton PKWY
Irvine CA 92618-1814

RHEACO, INC.
1801 West Jefferson Street,
Grand Prairie, TX 75501- 1328

ROLLS ROYCE CORPORATION, Individually and
as successor in interest to McDonnell Douglas
c/o Corporation Service company 80 State Street
Albany, NY 12207

The Fairchild Corporation
1750 Tysons Boulevard, Suite 1400
McLean, VA 11102

TRIAD INTERNATIONAL MAINTENANCE
  CORPORATION
Individually and as successor in interest to Aero
Corporation
623 Radar Road
Greensboro, NC 27410

UNISYS CORPORATION
Unisys Way
Blue Bell, PA 19424 -0001

by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office
regularly maintained by the United States Government in said County of New York directed to said
attorneys.

_____
CORRINNE DONALDSON

Sworn to before me this
22ⁿᵈ day of May, 2008

_____
NOTARY PUBLIC

ELLEN T. PINE
Commissioner of Deeds, City of N.Y.
No. 4-1544
Certificate Filed in New York County
Commission Expires November 1, 2009

00117939.WPD

# EXHIBIT D

SUPREME COURT:  ALL COUNTIES
WITHIN THE STATE OF NEW YORK

IN RE:  NEW YORK CITY                :
        ASBESTOS LITIGATION          :
                                     :   DEPOSITION UPON
This Document Applies To:            :   ORAL EXAMINATION
                                     :        OF
        ERNESTO MIRANDA              :   ERNESTO MIRANDA
                                     :     (VOLUME IV)
- - - - - - - - - - - - - - - - - - - - :

T R A N S C R I P T of the deposition of

ERNESTO MIRANDA, called for Oral Examination in the above

entitled action, said deposition being taken pursuant to

Rules governing Civil Practice in the Courts of New York,

by and before KERRY D. HALPERN, a Notary Public and

Shorthand Reporter of the State of New York, at the LAW

OFFICES OF LEVY, PHILLIPS & KONIGSBERG, L.L.P.,

800 Third Avenue, New York, New York 10022, on Tuesday,

June 17, 2008, commencing at 10:20 a.m.

Priority-One Court Reporting Services
25 Vreeland Road
Florham Park, New Jersey  07932
(718) 983-1234

Draft Copy

Page 655

1          IT IS HEREBY STIPULATED AND AGREED

2    by and between the attorneys for the respective parties

3    hereto that filing, sealing and certification of the

4    within Examination Before Trial be waived; that all

5    objections, except as to form, are reserved to the time

6    of trial.

7          IT IS FURTHER STIPULATED AND AGREED

8    that the transcript may be signed before any Notary

9    Public with the same force and effect as if signed before

10   a Clerk or Judge of the Court.

11         IT IS FURTHER STIPULATED AND AGREED

12   that the within examination may be utilized for all

13   purposes as provided by the CPLR and Part 221 of the

14   Uniform Rules for the Conduct of Depositions.

15         IT IS FURTHER STIPULATED AND AGREED

16   that all rights provided to all parties by the CPLR shall

17   not be deemed waived and the appropriate sections of the

18   CPLR shall be controlling with respect thereto.

19         IT IS FURTHER STIPULATED AND AGREED by and

20   between the attorneys for the respective parties hereto

21   that a copy of this Examination shall be furnished,

22   without charge, to the attorney representing the witness

23   testifying herein.

24

25

Page 656

```
 1    A P P E A R A N C E S:

 2

 3         FOR THE PLAINTIFF:

 4         LEVY, PHILLIPS & KONIGSBERG, L.L.P.
           BY:  PATRICK TIMMINS, ESQ.

 5         800 Third Avenue
           New York, New York  10022

 6

 7         FOR THE DEFENDANT MTA:

 8         LANDMAN, CORSI, BALLAINE & FORD, P.C.
           BY:  SAMANTHA BURD, ESQ.

 9         120 Broadway
           New York, New York  10271

10

11         FOR THE DEFENDANT RICOH AMERICAS:

12         MOUND, COTTON, WOLLAN & GREENGRASS, ESQS.
           BY:  GRETCHEN HENNINGER, ESQ.

13         One Battery Park Plaza
           New York, New York  10004-1486

14

15         FOR THE DEFENDANT CRANE CO.:
           FOR THE DEFENDANT CRANE PUMPS & SYSTEMS, INC.:

16

           KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

17         BY:  DAVID OXAMENDI, ESQ.
           599 Lexington Avenue

18         New York, New York  10022

19

           FOR THE DEFENDANT HEWLETT-PACKARD:

20

           GALLAGHER, WALKER, BIANCO & PLASTARAS

21         BY:  ROBERT J. WALKER, ESQ.
           98 Willis Avenue

22         Mineola, New York  11501

23

24

25
```

Draft Copy

```
 1        FOR THE DEFENDANT IMO INDUSTRIES:
 2        LEADER & BERKON, LLP
          BY:  JONATHAN PRAZAK, ESQ.
 3        630 Third Avenue
          New York, New York  10017
 4
 5        FOR THE DEFENDANT CANADIAN COMMERCIAL CORP.:
 6        HOLLAND & KNIGHT, LLP
          BY:  LINDSEY TASKER, ESQ.
 7        195 Broadway, 25th Floor
          New York, New York  10007
 8
 9        FOR THE DEFENDANT NASCO AIRCRAFT BRAKE:
10        BRYAN CAVE, LLP
          BY:  CHRISTOPHER STRIANESE, ESQ.
11        1290 Avenue of the Americas
          New York, New York  10104-3300
12
13        FOR THE DEFENDANT A.W. CHESTERTON:
          FOR THE DEFENDANT CARRIER CORP.:
14        FOR THE DEFENDANT GENERAL DYNAMICS CORP.:
15        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
          BY:  ERIK C. DiMARCO, ESQ.
16        150 East 42nd Street
          New York, New York  10017
17
18        FOR THE DEFENDANT WABCO:
19        McGUIRE WOODS LLP
          BY:  GENEVIEVE MacSTEEL, ESQ.
20        1345 Avenue of the Americas
          New York, New York  10105
21
22        FOR THE DEFENDANT YUBA HEAT TRANSFER:
23        AHMUTY, DEMERS & McMANUS, ESQS.
          BY:  THOMAS MONTIGLIO, ESQ.
24        200 I.U. Willets Road
          Albertson, New York 11507
25
```

Draft Copy

Page 658

```
 1          FOR THE DEFENDANT DANA:
            FOR THE DEFENDANT UNION CARBIDE:
 2
            REED SMITH LLP
 3          BY:  GARY CASIMIR, ESQ.
            599 Lexington Avenue
 4          New York, New York  10022
 5
            FOR THE DEFENDANT PRATT & WHITNEY:
 6          For THE DEFENDANT UTC:
 7          LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, ESQS.
            BY:  TIMOTHY J. McHUGH, ESQ.
 8          420 Lexington Avenue
            Graybar Building - Suite 2910
 9          New York, New York  10170
10
            FOR THE DEFENDANT LESLIE:
11          FOR THE DEFENDANT HERCULES:
            FOR THE DEFENDANT AVOCET:
12          FOR THE DEFENDANT FLOWSERVE:
            FOR THE DEFENDANT TREADWELL:
13          FOR THE DEFENDANT COURTER:
            FOR THE DEFENDANT KENTILE:
14          FOR THE DEFENDANT AVOCET:
            FOR THE DEFENDANT TATE ANDALE:
15          FOR THE DEFENDANT FAY SPOFFORD:
16          McGIVNEY & KLUGER, P.C.
            BY:  LAURA HOLLMAN, ESQ.
17          80 Broad Street
            23rd Floor
18          New York, New York  10004
19
            FOR THE DEFENDANT ATLAS TURNER:
20          FOR THE DEFENDANT GRAYBAR ELECTRIC:
            FOR THE DEFENDANT JOHN CRANE:
21
            BARRY, McTIERNAN & MOORE, ESQS.
22          BY:  JOSEPH DiGREGGORIO, ESQ.
            Two Rector Street
23          New York, New York  10006
24
25
```

Page 659

```
 1        FOR THE DEFENDANT ROBERT A. KEASBEY CO.:
 2        GREENBERG TRAURIG, LLP
          BY:  JENNIFER SMITH, ESQ.
 3        MetLife Building
          200 Park Avenue
 4        New York, New York  10166
 5
          FOR THE DEFENDANT THE BOEING COMPANY:
 6
          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
 7        BY:  JOSEPH A. D'AVANZO, ESQ.
          150 East 42nd Street
 8        New York, New York  10017
 9
          FOR THE DEFENDANT EATON CORP.:
10
          McELROY, DEUTSCH, MULVANEY & CARPENTER LLP:
11        BY:  CRISTINA SINCLAIR, ESQ.
          1300 Mount Kemble Avenue
12        Morristown, New Jersey  07962-2075
13
          FOR THE DEFENDANT GOULDS PUMPS:
14
          CULLEN & DYKMAN, LLP
15        BY:  JAMIE BARTOLOMEO, ESQ.
          177 Montague Street
16        Brooklyn, New York 11201
17
18        FOR THE DEFENDANT WAYNE WIRE CLOTH:
          FOR THE DEFENDANT GRIMES AEROSPACE COMPANY:
19
          EPSTEIN BECKER & GREEN, P.C.
20        BY:  AISHA L. JOSEPH, ESQ.
          250 Park Avenue
21        New York, New York  10177-1211
22
23
24
25
```

Page 660

```
 1          FOR THE DEFENDANT GARLOCK:
            FOR THE DEFENDANT DURAMETALLIC:
 2
            SEGAL, McCAMBRIDGE, SINGER & MAHONEY, LTD
 3          BY:  MADINA AXELROD, ESQ.
            830 Third Avenue
 4          Suite 400
            New York, New York  10022
 5
 6          FOR THE DEFENDANT THE FAIRCHILD CORPORATION:
 7          MENDES & MOUNT, LLP
            BY:  THOMAS R. PANTINO, ESQ.
 8          750 Seventh Avenue
            New York, New York  10019-6829
 9
10          FOR THE DEFENDANT RAILROAD FRICTION PRODUCTS CORP.:
11          SEGAL, McCAMBRIDGE, SINGER & MAHONEY, LTD
            BY:  SIMON LEE, ESQ.
12          830 Third Avenue
            Suite 400
13          New York, New York  10022
14
            FOR THE DEFENDANT HENKEL:
15
            GOODWIN PROCTOR LLP
16          BY:  FREDERICK R. McGOWEN, ESQ.
            599 Lexington Avenue
17          New York, New York 10022
18
            FOR THE DEFENDANT MACK TRUCKS, INC.
19
            MAIMONE & ASSOCIATES
20          BY:  LANCE PEREZ, ESQ.
            170 Old Country Road
21          Mineola, New York  11501
22
            FOR THE DEFENDANT 3M COMPANY::
23
            CERUSSI & SPRING, P.C.
24          BY:  THOMAS CRISPI, ESQ.
            1 North Lexington Avenue
25          White Plains, New York  10601
```

```
 1          FOR THE DEFENDANT ALLISON ENGINE SYSTEMS:
            FOR THE DEFENDANT GENERAL MOTORS:
 2
            AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP
 3          BY:  CHRISTOPHER PAWLOSKI, ESQ.
            757 Third Avenue
 4          New York, New York  10017
 5
            FOR THE DEFENDANT UNISYS:
 6          FOR THE DEFENDANT PARKER-HANNIFIN CORP.:
 7          McCARTER & ENGLISH, LLP
            BY:  CHARLES J. BENJAMIN, JR., ESQ.
 8          4 Gateway Center
            100 Mulberry Street
 9          Newark, New Jersey  07102-4096
10
            FOR THE DEFENDANT J.H. FRANCE:
11          FOR THE DEFENDANT CBS CORP.:
12          MALABY & BRADLEY, LLC
            BY:  MATTHEW R. STRAUS, ESQ.
13          150 Broadway
            Suite 600
14          New York, New York  10038
15
            FOR THE DEFENDANT PNEUMO ABEX:
16
            SMITH ABBOT, L.L.P.
17          BY:  IRIS M. GABRIELLI, ESQ.
            115 Broadway
18          19th floor
            New York, New York  10006
19
20          FOR THE DEFENDANT INGERSOLL RAND:
            FOR THE DEFENDANT GENERAL CABLE:
21
            PEHLIVANIAN, BRAATEN & PASCARELLA, LLC:
22          BY:  NICOLE DIESA, ESQ.
            2430 Route 34
23          Manasquan, New Jersey  08736
24
25
```

Page 662

```
 1         FOR THE DEFENDANT GOODRICH COMPANY:
 2         SMITH STRATTON
           BY:  WILLIAM QUACKENBOSS, ESQ.
 3         2 Research Way
           Princeton, New Jersey  08540
 4
 5         FOR THE DEFENDANT HONEYWELL INT.:
 6         McDERMOTT, WILL & EMERY, LLP
           BY:  JENNIFER FILIPPAZZO, ESQ.
 7         340 Madison Avenue
           New York, New York  10017
 8
 9         FOR THE DEFENDANT GEORGIA-PACIFIC:
           FOR THE DEFENDANT CHRYSLER:
10         FOR THE DEFENDANT GOODYEAR:
11         LYNCH DASKAL EMERY LLP
           BY:  SCOTT A. HARFORD, ESQ.
12         264 West 40th Street
           New York, New York  10018
13
14         FOR THE DEFENDANT GENERAL ELECTRIC:
           FOR THE DEFENDANT FOSTER WHEELER:
15
           SEDGWICK, DETERT, MORAN & ARNOLD, LLP
16         BY:  DENNIS E. VEGA, ESQ.
           100 Mulberry Street
17         Gateway 3, 12th Floor
           Newark, New Jersey  07102
18
19         FOR THE DEFENDANT LOCKHEED MARTIN CORPORATION:
20         KNOTT & GLAZIER, LLP
           BY:  LAURA PATRICIA YEE, ESQ.
21         201 Spear Street
           Suite 1520
22         San Francisco, California  94105
23
24
25
```

Draft Copy

Page 663

```
1     FOR THE DEFENDANT BONDEX:
      FOR THE DEFENDANT BORG-WARNER
2     FOR THE DEFENDANT LOCKHEED MARTIN CORPORATION:
      FOR THE DEFENDANT OLD ORCHARD:
3
      WEINER LESNIAK LLP
4     BY:  ARTHUR BROMBERG, ESQ.
      629 Parsippany Road
5     P.O. Box 438
      Parsippany, New Jersey  07054
6
7     BY TELEPHONE FOR THE DEFENDANT TYCO:
8     DICKIE, McCAMEY & CHILCOTE, PC
      BY:  ELLEN WILBER, ESQ.
9     Public Ledger Building, Suite 901
      150 South Independence Mall, West
10    Philadelphia, Pennsylvania  19106-3409
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Draft Copy

Page 719

1          Q.          What I want to do is, the area that we

2     have not talked about, Mr. Miranda, I am just going to go

3     over some of your Air Force work.

4                      You indicated in P-1, you have given us

5     an amended list of planes that you worked on.

6                      MR. DiMARCO:   Objection.

7          A.          Or I was around.

8          Q.          At least this is the representation from

9     Mr. Timmins.  I just want to go into this a little bit

10    because we've talked about certain planes and not about

11    others.  And I want to get a little information from you.

12    I am just going to run down the list.

13         A.          Yes, sir.

14         Q.          Now, the various planes that we are

15    talking about are planes that you came in contact with or

16    saw during the time that you were in the Air Force?

17         A.          Yes, sir.

18         Q.          That would have been your four-year

19    period of time when you were in the Air Force reserves or

20    in training?

21         A.          Yes, sir.

22         Q.          That combination of the time?

23         A.          Yes, sir.

24         Q.          One of the planes that you have referred

25    to or that your counsel has referred to is a B-52.

Page 720

1      A.          Yes, sir.  Stratosphere B-52 big bomber.

2      Q.          On how many occasions did you ever come

3  in contact with a B-52?

4      A.          Just various times while we were at

5  Shepherd Air Force Base.

6      Q.          This was during your training at

7  Shepherd Air Force Base?

8      A.          Yes, sir.

9      Q.          Do you know who manufactured the B-52?

10     A.          I believe it's Boeing.

11     Q.          And how many different B-52's did you

12  come in contact with at Shepherd Air Force brace?

13     A.          Two planes.

14     Q.          Were these planes based at Shepherd Air

15  Force Base or did they just fly in and leave?

16     A.          I don't recall if they were based or

17  they flied in.

18     Q.          Do you have a specific recollection as

19  to the number of the planes on the planes?

20     A.          No.

21     Q.          Any way of identifying the planes?

22     A.          I can tell you what it has, eight

23  engines and so forth what the lane looks like.

24     Q.          If I wanted to say to you, Mr. Miranda,

25  can you specifically identify the B-52's that you saw at

1    Shepherd Air Force Base, you couldn't tell me, for

2    example, the tail number?

3            A.        No, sir.

4            Q.        Now, at the time that you were at

5    Shepherd Air Force Base, did you actually work on either

6    of those planes?

7            A.        Can I retract myself?

8                      One was stationed there and I believe

9    the other one probably came in.

10           Q.        Fair enough.

11                     So, you believe one of the planes was

12   based at Shepherd?

13           A.        Right.

14           Q.        And one plane just flew in?

15           A.        Right.

16           Q.        On how many occasions did you observe

17   either of these planes when you were at Shepherd Air

18   Force Base?

19           A.        We had one plane that we will use for

20   training.  That's the base one.

21           Q.        You indicated that one plane was for

22   training.

23                     Is this the plane that was based at

24   Shepherd?

25           A.        Yes, sir.

Page 722

1     Q.        And then there was another plane that

2  flew in?

3     A.        Yes, sir.

4     Q.        Did that plane that flew in come in on

5  one occasion or more than one occasion?

6     A.        I recall one.

7     Q.        As to the plane that flew in, did you

8  ever do any work on that one plane or did you just

9  observe it flying in and out?

10    A.        We went to the plane.  We did checkups

11 on it, the postflight, preflight, de-fuel, refuel,

12 basics.

13    Q.        Did you do any particular maintenance or

14 just what you have already described for me on that one

15 particular -- again, it's just the one plane that flew in

16 and flew out?

17    A.        Basic, that is it.

18    Q.        As to the plane that was there, you

19 indicated that it was there for training purpose.  You

20 used it for training purposes?

21    A.        Teachers would bring us to this plane to

22 do work related.

23    Q.        How many times did you do any work

24 related to that aircraft?

25    A.        Basically, every time we went to see it.

Page 723

1    Around eight, nine times while we were on the base.

2            Q.        And of those eight or nine times that

3    you had contact with this B-52, what do you recall doing

4    with the plane?

5            A.        We worked around the plane.  On the

6    struts, wheels, inside the cargo, up by the flight area

7    where you have -- the area where there is the bathroom

8    kind of galley.  You also have the engines.  We worked on

9    them.  The wings, tail, the bomb bomber where they put

10   the bombs at.  That's called the -- it's like the cargo

11   for the bombs.  We also worked on the cockpit.

12           Q.        Now, were you actually doing the work --

13           A.        The bomb bay, sorry.

14           Q.        Were you actually doing work at this

15   time or were you just being shown the various parts of

16   the B-52?

17           A.        We removed parts, and we also were shown

18   parts, both.

19           Q.        Was this a plane that was in active

20   service at the time?

21           A.        I don't remember if it was active or

22   inactive.  They would take us to it.  Sometimes the plane

23   would be moved from that specific area it was.

24           Q.        Was it on the flight line or in the

25   hangar?

Page 724

1        A.        It was on a flight line.

2        Q.        What exactly do you recall personally

3   doing on this B-52?

4        A.        The seals.  We worked on some parts of

5   the engine.  They also will explain to us what parts did

6   and so forth on it.  The fueling, you know, checking the

7   cargo bay, the doors for the bomb area, the "crab-like"

8   wheel assembly because that plane could move sideways.

9        Q.        These are all things that you did on the

10  eight or nine times that you came in contact with this

11  B-52?

12       A.        Some of them.  I don't recall

13  everything.

14       Q.        Do you associate any possible asbestos

15  exposure with the work that you did on the B-52?

16       A.        We did work on the engines taking apart

17  certain components of the engine.  I believe on -- I'm

18  sorry.  I am drawing a blank for a moment.  Possibly when

19  we were removing lines on the fittings area where you got

20  the washers.  Also on the components that will be

21  attached to the engines themselves when we would remove

22  them just to check them and so forth.  You had gaskets

23  and so forth.  I believe from the gaskets themselves.  A

24  lot of dust from the plane.  Some brake work's that we

25  did.  I don't recall exactly, you know, when we did this

Page 725

1    work.

2         Q.        The gaskets that you were just talking

3    about in the engine area, would these be pliable gaskets?

4         A.        I'm sorry?

5         Q.        Were they pliable?

6              MR. TIMMINS:  Do you

7    understand his question?

8         A.        They were pliable, yes.

9         Q.        Were they black in color?

10        A.        They were black, rough type of gaskets.

11        Q.        Okay.

12             And were these preformed gaskets,

13   meaning, they were an individual part that have a given

14   shape to it?

15        A.        Yes, sir.

16        Q.        Do you specifically recall doing any

17   brake work in connection with a B-52, you specifically,

18   hands-on brake work?

19        A.        In the shop we did some work.  I just

20   don't recall that plane.  It was a training plane.  One

21   or two days basically.

22        Q.        When you say "one or two days," what do

23   you mean?

24        A.        In the shop when we were at Shepherd

25   learning, we had to take parts out.

Page 726

1      Q.      So, there were parts that had been

2  removed from the plane that were in the shop?

3      A.      They had in this specific shop, they had

4  assemblies.

5      Q.      That were already in the shop?

6      A.      Yes, sir.

7      Q.      Okay.

8              So, if I am correct, you didn't do any

9  brake work on a B-52 that was on the flight line?

10     A.      No.  We basically did cleaning and

11 support.

12     Q.      Was that the majority of the work that

13 you did, cleaning and maintenance, general maintenance,

14 on the B-52?

15     A.      Yes, sir.

16     Q.      And this was, again, the eight or nine

17 times that you came in contact with it?

18     A.      Yes, sir.

19     Q.      Do you believe that you came in contact

20 with the B-52 brake assembly in the shop at some point?

21     A.      Yes, sir.

22     Q.      On how many occasions did that occur?

23     A.      I don't recall.  We will be in different

24 shops at certain times.

25     Q.      Were you shown the brakes for

Page 727

1  illustrative purposes to give you an idea of what the

2  assemblies were like?

3       A.       Shown and handled the parts.

4       Q.       Did you actually repair that brake

5  assembly or you just handled parts on an assembly that

6  had been taken apart?

7       A.       Take a work crew of five people.  We

8  will be there.  We will take the assembly apart.  They

9  tell us what specific parts were.  And another crew will

10 come in and do the same thing, but put it together and so

11 forth.

12      Q.       On how many occasions did you handle a

13 B-52 brake assembly in the shop at Shepherd Air Force

14 Base?

15      A.       I believe in that shop we were on and

16 off for about a week.

17      Q.       So, during this period of a week, you

18 would have handled this brake assembly how many different

19 times?

20      A.       Different types of brake's assemblies.

21      Q.       What I am asking you, though, is how

22 many times you handled the B-52 brake assembly?

23      A.       Oh, numerous times within that week, 40,

24 50 different times, I believe.  Different parts and so

25 forth.

Page 728

1      Q.      So, about -- you were in the shop area

2  that had B-52 brake assembly for one week during your

3  training.

4      A.      Right.

5      Q.      Is that correct?

6      A.      Yes.

7      Q.      And during that time, is it your

8  testimony that on 40 to 50 occasions during that week you

9  handled parts from the B-52 brake assembly?

10     A.      Yeah.  We would move from one shop table

11  to another shop table and see the parts, and handle them

12  and so forth.

13     Q.      Fair enough.

14         Anything else that you associate with

15  work that you did on a B-52 that might have caused you to

16  be exposed to asbestos other than what you have already

17  told me?

18     A.      We had to clean a lot, and sweep and

19  everything in the shops.  A lot of dust came out, you

20  know.  We ingested that dust.

21     Q.      Now, the shops, the B-52 is not in the

22  shops, is it?

23     A.      The full plane, no.

24     Q.      I am talking about the plane itself --

25  let's go back to the plane itself on the flight line.

Page 729

1              Anything that you associate with

2    asbestos on that plane out on the flight line?

3         A.       Parts.  I just wouldn't recall which.

4         Q.       So, as we sit here, you can't tell me

5    anything more about that.

6              I am differentiating now from the shops.

7         A.       Right.

8         Q.       We will talk about that.  The shops are

9    separate, okay?

10        A.       Okay.

11        Q.       The two B-52's, one of them you talked

12   about that came in one time and the other was

13   headquartered or stationed at Shepherd?

14        A.       Correct.

15        Q.       At any other time during your time in

16   the Air Force did you come into contact with a B-52?

17        A.       I saw them at certain bases.  I did not

18   work on them.

19        Q.       Fair enough.

20              So, they might have been on a base where

21   you were during your two weeks or your weekend, but you

22   personally did not service that aircraft?

23        A.       No, sir.

24        Q.       Was there a specific shop at Shepherd

25   that dealt with B-52's or were the shops more dealing

Page 730

1    with various components of planes in general?

2           A.        Various components.

3           Q.        So, for example, there might be a brake

4    shop?

5           A.        Yes, sir.

6           Q.        And is that what you are talking about

7    that you spent a week in the brake shop during your

8    training?

9           A.        For the B-52.  When we will go to

10   another type of plane, they would bring us to it when

11   they set up for that particular plane.

12          Q.        The shop that you were talking about,

13   the brake shop, was that just for only B-52's or was

14   it --

15          A.        No, brakes.

16          Q.        It was a brake shop?

17          A.        Yes.

18          Q.        It was more of a generic, and they had

19   different kinds of brake products or parts for assemblies

20   in the shop?

21          A.        Yes.

22          Q.        Was the purpose of your being in that

23   shop for one week just to get a general knowledge of how

24   brake assemblies functioned and worked?

25          A.        Correct.

Page 731

1          Q.          Other than that one week, did you have

2     any other brake training in a shop at Shepherd?

3          A.          For other planes, T-38's.

4          Q.          Now, how many weeks did you spend in the

5     shop at Shepherd learning brakes?

6          A.          On and off --

7                    MR. TIMMINS:  Just the B-52 or

8          other planes?

9                    MR. BROMBERG:  Just in

10         general.

11         A.          In general, I don't recall exactly how

12    many times because we were in different shops.

13         Q.          So, you can't tell me how much time you

14    spent learning brake assemblies in general at Shepherd?

15         A.          No, sir.  I was at various.

16         Q.          So, we discussed the B-52, now.  You

17    previously discussed the C-130.  You've already discussed

18    with me the C-141.

19                    The KC-135 who manufactured that plane?

20         A.          I think that's Boeing too.

21         Q.          Do you have a recollection of ever

22    working on that plane?

23         A.          We were around it.  I don't recall

24    exactly what type of work's I did on that one.

25         Q.          Where would you have seen that plane?

Page 732

1          A.          On one of the base's flight line.  I
2   just don't recall which one.
3          Q.          And you have no specific recollection of
4   working on the plane?
5          A.          We worked on it.  I just don't recall
6   what exactly I did.
7          Q.          Would this have been one time that you
8   worked on the plane?
9          A.          A weekend.
10         Q.          One weekend?
11         A.          Yes.
12         Q.          There was a KC-135 at a base that you
13  were at one weekend.  And if I am correct, you recall
14  doing some work on the plane, but you can't tell me
15  anything more specific?
16         A.          No.
17         Q.          Can you recall the base?
18         A.          No, sir.
19         Q.          We have talked about the KC-130.
20                      Do you recall -- another plane you have
21  listed is the F-111.
22         A.          Yes.
23         Q.          What do you recall about that plane?
24         A.          That's a mid-size bomber fighter.  I
25  believe it is called the Phantom.