Robert D. Brown Jr., Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
Attorneys for Defendant
Konica Minolta Business Solutions U.S.A., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO and DIANA MIRANDA<br>　　　　　　　　Plaintiffs<br><br>　　-against-<br><br>ABEX CORPORATION, et al.<br>　　　　　　　　Defendants | 08 CV 5491 (SAS)(JCF)<br><br>ANSWER TO STANDARD COMPLAINT NO. 1 AND PLAINTIFFS' FIRST AMENDED COMPLAINT |

Defendant Konica Minolta Business Solutions U.S.A., Inc. (hereinafter "KMBS") by and through its undersigned counsel, answers the New York Litigation Standard Asbestos Complaint No. 1 (hereinafter referred to as "Standard Complaint No. 1") and First Amended Complaint filed on behalf of Plaintiffs by their law firm of Levy, Phillip & Konigsberg, LLP as follows:

**ANSWER TO STANDARD COMPLAINT NO. 1**

KMBS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Standard Complaint No. 1 relative to the other defendants and answers to itself as follows:

1.　　　　KMBS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Standard Complaint No. 1.  Plaintiffs are

left to their proofs.

2. KMBS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Standard Complaint No. 1. Plaintiffs are left to their proofs.

3. KMBS denies the allegations contained in Paragraph 3 of Standard Complaint No. 1 insofar as they are directed at KMBS.

4. KMBS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Standard Complaint No. 1. Plaintiffs are left to their proofs.

5. KMBS admits that it currently does business in the State of New York but denies all other allegations in Paragraph 5 of Standard Complaint No. 1 insofar as they are directed at KMBS.

6. KMBS denies the allegations contained in Paragraph 6 of Standard Complaint No. 1 insofar as they are directed at KMBS.

7. KMBS denies the allegations contained in Paragraph 6 of Standard Complaint No. 1 insofar as they are directed at KMBS.

8. KMBS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Standard Complaint No. 1. Plaintiffs are left to their proofs.

9. KMBS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Standard Complaint No. 1. Plaintiffs are left to their proofs.

10. KMBS denies the allegations contained in Paragraph 10 of Standard Complaint

No. 1 insofar as they are directed at KMBS.

11. KMBS denies the allegations contained in Paragraph 11 of Standard Complaint No. 1 insofar as they are directed at KMBS.

12. KMBS denies the allegations contained in Paragraph 12 of Standard Complaint No. 1 insofar as they are directed at KMBS.

13. KMBS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Standard Complaint No. 1. Plaintiffs are left to their proofs.

14. KMBS denies the allegations contained in Paragraph 14 of Standard Complaint No. 1 insofar as they are directed at KMBS.

15. KMBS denies the allegations contained in Paragraph 15 of Standard Complaint No. 1 insofar as they are directed at KMBS.

16. KMBS denies the allegations contained in Paragraph 16 of Standard Complaint No. 1 insofar as they are directed at KMBS.

17. KMBS denies the allegations contained in Paragraph 17 of Standard Complaint No. 1 insofar as they are directed at KMBS.

18. KMBS denies the allegations contained in Paragraph 18 of Standard Complaint No. 1 insofar as they are directed at KMBS.

19. KMBS denies the allegations contained in Paragraph 19 of Standard Complaint No. 1 insofar as they are directed at KMBS.

20. KMBS denies the allegations contained in Paragraph 20 of Standard Complaint No. 1 insofar as they are directed at KMBS.

21. KMBS denies the allegations contained in Paragraph 21 of Standard Complaint

No. 1 insofar as they are directed at KMBS.

22.     KMBS denies the allegations contained in Paragraph 22 of Standard Complaint No. 1 insofar as they are directed at KMBS.

### A FIRST CLAIM FOR NEGLIGENCE

23.     KMBS incorporates and repeats its responses to Paragraphs 1 through 22 of Standard Complaint No. 1 as if set forth at length herein.

24.     KMBS denies the allegations contained in Paragraph 24 of Standard Complaint No. 1 insofar as they are directed at KMBS.

25.     KMBS denies the allegations contained in Paragraph 25 of Standard Complaint No. 1 insofar as they are directed at KMBS.

26.     KMBS denies the allegations contained in Paragraph 26 of Standard Complaint No. 1 insofar as they are directed at KMBS..

27.     KMBS denies the allegations contained in Paragraph 27 of Standard Complaint No. 1 insofar as they are directed at KMBS.

28.     KMBS denies the allegations contained in Paragraph 28 of Standard Complaint No. 1 insofar as they are directed at KMBS.

29.     KMBS denies the allegations contained in Paragraph 29 of Standard Complaint No. 1 insofar as they are directed at KMBS.

30.     KMBS denies the allegations contained in Paragraph 30 of Standard Complaint No. 1 insofar as they are directed at KMBS.

31.     KMBS denies the allegations contained in Paragraph 31 of Standard Complaint No. 1 insofar as they are directed at KMBS.

32.     KMBS denies the allegations contained in Paragraph 12 of Standard Complaint

No. 1 insofar as they are directed at KMBS.

## A SECOND CLAIM IN STRICT PRODUCTS LIABILITY

33.     KMBS incorporates and repeats its responses to Paragraphs 1 through 32 of Standard Complaint No. 1 as if set forth at length herein.

34.     KMBS denies the allegations contained in Paragraph 34 of Standard Complaint No. 1 insofar as they are directed at KMBS.

35.     KMBS denies the allegations contained in Paragraph 35 of Standard Complaint No. 1 insofar as they are directed at KMBS.

36.     KMBS denies the allegations contained in Paragraph 36 of Standard Complaint No. 1 insofar as they are directed at KMBS.

## A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF WIVES FOR LOSS OF SERVICES, SOCIETY AND CONSORTIUM

37.     KMBS incorporates and repeats its responses to Paragraphs 1 through 36 of Standard Complaint No. 1 as if set forth at length herein.

38.     KMBS denies the allegations contained in Paragraph 38 of Standard Complaint No. 1 insofar as they are directed at KMBS.

39.     KMBS denies the allegations contained in Paragraph 39 of Standard Complaint No. 1 insofar as they are directed at KMBS.

## A FOURTH CLAM FOR PUNITIVE DAMAGES

40.     KMBS incorporates and repeats its responses to Paragraphs 1 through 39 of Standard Complaint No. 1 as if set forth at length herein.

41.     KMBS denies the allegations contained in Paragraph 41 of Standard Complaint No. 1 insofar as they are directed at KMBS

42.  KMBS denies the allegations contained in Paragraph 42 of Standard Complaint No. 1 insofar as they are directed at KMBS.

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

43.  In response to Paragraph 1, KMBS repeats its answers to paragraphs 1 through 42 of the New York Asbestos Litigation Standard Complaint No. 1 ("Standard Complaint No. 1") as if set forth fully herein.

44.  KMBS lacks knowledge or information sufficient to forth a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of Plaintiffs' First Amended Complaint.

45.  KMBS lacks knowledge or information sufficient to forth a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of Plaintiffs' First Amended Complaint.

46.  KMBS lacks knowledge or information sufficient to forth a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action as against Konica Minolta Business Solutions U.S.A., Inc.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The claims of plaintiffs are barred by the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiffs were caused, in whole or in part, by the negligence or other culpable conduct of the plaintiffs and/or other defendants, which conduct

constituted a supervening cause of plaintiffs' alleged injuries.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred or limited by reason of the culpable conduct attributable to plaintiffs, including contributory negligence and assumption of the risk.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by the plaintiffs were the proximate result of the unforeseen and/or unforeseeable negligent, grossly negligent, wanton or reckless omission or conduct of intervening third parties or superseding parties.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiffs were caused, in whole or in part, by the negligence or other culpable conduct of one or more persons or instrumentalities over which Konica Minolta Business Solutions U.S.A., Inc. had no control and with whom it had no legal relationship.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiffs were caused, in whole or in part, through the operation of nature.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If the plaintiffs sustained damages as alleged, such damages occurred while they engaged in activities into which they entered, knowing the hazard, risk and danger of the activities and they assumed the risks incidental to and attendant to the activities.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The lawsuit was not commenced by the plaintiffs within the time prescribed by law and the plaintiffs, therefore, are barred from recovery pursuant to the applicable statutes of

limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

All claims brought under New York Law, L. 1986 c. 682 Section 4 (enacted July 31, 1986) are time-barred in that said statute is in violation of the Constitution of the United States and the Constitution of the State of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

This action cannot be maintained as there is another action pending for the same relief.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that any injury relating to the named plaintiffs occurred in the context of an employer-employee relationship, claims for said injuries are barred by applicable Workmen's Compensation statutes.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

No acts or omissions of this defendant proximately caused any damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The asbestos-containing products, if any, which allegedly were present at plaintiffs' job locations were present upon specification, approval or at the instruction of governmental or legislative agencies or bodies.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiffs which allegedly arose from their alleged exposure to asbestos-containing products while they were working on or about certain products or equipment allegedly manufactured by this defendant (the "Product"), were caused, in whole or in part, by the improper use and operation of the Product, rather than any defect in the design, manufacture, production, assemblage, installation, testing, labeling, marketing,

distribution, sale or inspection of the Product by Konica Minolta Business Solutions U.S.A., Inc.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiffs which allegedly arose from the Product were caused by the alteration, misuse and/or improper maintenance or handling of the Product by one or more persons or instrumentalities other than Konica Minolta Business Solutions U.S.A., Inc., rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale or inspection of the Product by Konica Minolta Business Solutions U.S.A., Inc.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Konica Minolta Business Solutions U.S.A., Inc. is not liable for the damages allegedly sustained by plaintiffs because plaintiffs were not in privity of contract with Konica Minolta Business Solutions U.S.A., Inc. at any time and the Product was not inherently dangerous.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Product was not defective or dangerous at any time when defendant Konica Minolta Business Solutions U.S.A., Inc. had possession or control of it.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Any and all implied warranties, including the warranties of merchantability and fitness for a particular purpose, were excluded at the time of the sale of the Product.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

No implied warranties, including the warranties of merchantability and fitness for a particular purpose, were a part of the basis of the bargain in the sale of the Product.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

This defendant is not liable to plaintiffs for the damages alleged in Standard Complaint

No. 1 or the First Amended Complaint because such damages are excluded and not recoverable under express warranty.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

The purchaser of the Product and any or all third-party beneficiaries of any warranties, expressed or implied, relating to the product failed to provide notice of the alleged breaches of warranty to this defendant pursuant to the applicable provision of the Uniform Commercial Code.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Oral warranties, if any, upon which plaintiffs allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs sustained injuries from the use of a product alleged to contain asbestos, which is denied, plaintiffs, other defendants or other parties not under the control of Konica Minolta Business Solutions U.S.A., Inc., misused, abused, misapplied and otherwise mishandled the product alleged to be asbestos material. Therefore, damages are barred and/or the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event it should be established at the time of trial that all the defendants are subject to market share liability, which it should not be, Konica Minolta Business Solutions U.S.A., Inc.'s share of such liability would be of such a de minimis amount as to make its contribution for damages negligible, and Konica Minolta Business Solutions U.S.A., Inc. would be entitled to

judgment as against plaintiffs and/or contribution, either in whole or in part, from co-defendants.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This defendant denies that the asbestos products alleged in plaintiffs' Complaint are products within the meaning and scope of the Restatement of Torts Section 402A and as such the Complaint fails to state a cause of action in strict liability.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Konica Minolta Business Solutions U.S.A., Inc. had no knowledge or reason to know of any alleged risks associated with asbestos and/or asbestos-containing products at any time during the periods complained of by plaintiffs.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from Konica Minolta Business Solutions U.S.A., Inc. and the plaintiffs did not either receive or rely upon any representation or warranty allegedly made by Konica Minolta Business Solutions U.S.A., Inc.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

To the extent that the plaintiffs were exposed to any product containing asbestos as a result of conduct by Konica Minolta Business Solutions U.S.A., Inc., which is denied, said exposure was <u>de minimis</u> and not a substantial contributing factor to any asbestos-related disease which the plaintiffs may have developed, and not actionable at law or equity.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Exposure to asbestos fibers allegedly attributable to this defendant, if any, is so minimal as to be insufficient to establish to a reasonable degree of probability that the products are capable of causing injury or damages and must be considered speculative as a matter of law.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Finished asbestos-containing products are not unreasonably dangerous as a matter of law.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

If Konica Minolta Business Solutions U.S.A., Inc. was on notice of any hazard or defect for which plaintiffs seek relief, which Konica Minolta Business Solutions U.S.A., Inc. denies, plaintiffs also had such notice and are thereby barred from recovery.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any damages must be reduced by the value of the benefit received by plaintiffs from the use of defendant's products.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

There is no justifiable issue or controversy.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims for damages have not accrued, are purely speculative, uncertain and/or contingent.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have acted voluntarily, unnecessarily, prematurely, with no evidence of injury to anyone at any job location.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

None of the alleged injuries or damages were foreseeable at the time of the acts or omissions as set forth in plaintiffs' Complaint.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Konica Minolta Business Solutions U.S.A., Inc. was under no duty to warn purchasers, those who performed work, or those under their control who were in a better position to warn; if warnings were required, their failure to do so was a superseding proximate cause of injury.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs were warned of any risks of exposure to or use of asbestos-containing materials.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished as a matter of public policy as the social utility and benefit of asbestos-containing products outweighed the risk.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that the plaintiffs seek to maintain a claim for relief on behalf of any decedent, said plaintiffs lack capacity and/or standing to maintain such claim for relief against Konica Minolta Business Solutions U.S.A., Inc.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished because of plaintiffs' failure to join necessary and indispensable parties.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and/or plaintiffs' decedents failed to mitigate or otherwise act to lessen or reduce the injuries alleged in the Complaint.

### AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' demands for punitive damages are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and the New York State Constitution.

## AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' demands for punitive damages are barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article 1, Section 5 of the New York State Constitution prohibiting the imposition of excessive fines.

## AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' demands for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 6 of the New York State Constitution, and other applicable law.

## AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries in the manner alleged, all of which has been denied by this defendant, the liability of Konica Minolta Business Solutions U.S.A., Inc., if any, shall be limited in accordance with Article 16 of the Civil Practice Law and Rules.

## AS AND FOR A FIFTIETH AFFIRMATIVE DEFENSE

At all times relevant to this litigation, this defendant complied with all applicable law, regulations and standards.

## AS AND FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

Relief is barred by virtue of the doctrine of estoppel and waiver.

**AS AND FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, the agents, servants and/or employees of this defendant utilized proper methods in the conduct of operations, in conformity with the available knowledge and research of the scientific and industrial communities, and existing state of the art.

**AS AND FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs caused and/or contributed to plaintiffs' alleged illness, either in whole or in part, by exposure to or the use of tobacco products and/or other substances, products, medications or drugs.

**AS AND FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE**

All defenses which have been or will be asserted by other defendants and/or any third-party defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Standard Complaint No. 1 and Plaintiffs' First Amended Complaint. In addition, Konica Minolta Business Solutions U.S.A., Inc. will rely upon any and all other further defenses which become available during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

**AS AND FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent any plaintiff herein brings suit in a representative capacity, such plaintiff has failed to allege sufficient facts to demonstrate legal capacity to sue pursuant to New York Estates Powers and Trusts Law § 5-41.

**AS AND FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Any recovery by plaintiffs herein must be reduced by collateral source payments pursuant to N.Y.Civ. Prac.L. & R. 4545.

WHEREFORE, defendant Konica Minolta Business Solutions U.S.A., Inc. requests judgment in its favor and against plaintiffs dismissing the Complaint with prejudice; judgment in its favor and against all co-defendants as to any cross-claims asserted and/or for all or part of any sum awarded in favor of the plaintiffs and against Konica Minolta Business Solutions U.S.A., Inc.; and, for such other and further relief as the court may deem just and proper.

## CROSSCLAIMS

### Crossclaim for Contribution

While denying liability to plaintiffs for any damages alleged, if a judgment is recovered by plaintiffs against Konica Minolta Business Solutions U.S.A., Inc. ("KMBS"), KMBS asserts that the co-defendants are joint tortfeasors with respect to any loss, liability and expense on account of plaintiffs' demand for judgment.

Wherefore, KMBS demands judgment for contribution against its co-defendants with respect to any damages which may be recovered against KMBS herein, together with expense of defense and costs of suit.

### Crossclaim for Indemnification

While denying liability to plaintiff for any damages alleged, if a judgment is recovered by plaintiff against KMBS, it is hereby asserted that KMBS' negligence was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that plaintiffs' damages arose through the direct and primary negligence of its co-defendants.

Wherefore, KMBS demands judgment against its co-defendants for indemnification in full with respect to any damages which may be reserved against it herein, together with all costs and expense, including attorneys fees, and such other relief as the Court may deem proper and just.

## ANSWER TO CROSSCLAIMS

Defendant KMBS answers the Cross-claims of all co-defendants and says:

1. All Crossclaims for Contribution alleged against KMBS by any party defendant are denied.

2. All Crossclaims for Indemnification alleged against KMBS by any party defendant are denied.

Wherefore, defendant KMBS demands judgment dismissing all Crossclaims and awarding it attorneys fees and costs of suit and such other relief which this Court may deem proper and just.

**GIBBONS P.C.**

By**:  /s/ Robert D. Brown Jr.**
Robert D. Brown Jr. (RB 9199)
One Gateway Center
Newark, New Jersey 07102-5310
(973)596-4500
rbrown@gibbonslaw.com
Attorneys for Defendant
*Konica Minolta Business Solutions U.S.A., Inc.*

Dated: July 7, 2008