UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

－－－－－－－－－－－－－－－－－－－－－－－－－－－－ x

ERNESTO MIRANDA AND DIANA MIRANDA,    :  08 CV 5491 (SAS) (JCF)

                         Plaintiffs,    :

              - against -    :  **ANSWER OF DEFENDANT**
                                **NASCO AIRCRAFT BRAKE, INC.**
ABEX CORPORATION, et al.,    :

                    Defendants.    :

－－－－－－－－－－－－－－－－－－－－－－－－－－－－ x

       Defendant Nasco Aircraft Brake, Inc. ("NASCO"), erroneously named as Nasco Air

Brakes, Inc., by its attorneys, BRYAN CAVE LLP, in answer to the Complaint dated March 21,

2008, responds as follows:

               1.     NASCO denies each and every allegation contained in paragraph 1 as they

pertain to NASCO, except denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first sentence of paragraph 1 and, to the extent the

allegations in paragraph 1 pertain to any other defendant, NASCO denies knowledge or

information sufficient to form a belief as to the truth of these allegations.

               2.     NASCO denies knowledge or information sufficient to form a belief as to

the truth of this allegation.

               3.     NASCO denies each and every allegation contained in paragraph 3 as they

pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO

denies knowledge or information sufficient to form a belief as to the truth of these allegations.

               4.     No response to these allegations is required.

               5.     NASCO denies each and every allegation contained in paragraph 5 as they

pertain to NASCO, except admits that it has transacted business in New York and, to the extent

such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

6.    NASCO denies each and every allegation contained in paragraph 6 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

7.    NASCO denies each and every allegation contained in paragraph 7 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

8.    NASCO denies each and every allegation contained in paragraph 6 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

9.    NASCO denies each and every allegation contained in paragraph 7 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

10-22.    NASCO denies each and every allegation contained in paragraphs 10-22 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

## AS AND FOR A FIRST CAUSE OF ACTION
## SOUNDING IN NEGLIGENCE

23.    NASCO repeats and realleges each and every response to paragraphs "1" through "22" of the Complaint as if fully set forth herein.

24-32.    NASCO denies each and every allegation contained in paragraphs 24-32 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant,

NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A SECOND CAUSE OF ACTION<br>SOUNDING IN STRICT PRODUCTS LIABILITY

33.    NASCO repeats and realleges each and every response to paragraphs "1" through "32" of the Complaint as if fully set forth herein.

34-36. NASCO denies each and every allegation contained in paragraphs 34-36 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A THIRD CAUSE OF ACTION<br>FOR LOSS OF SERVICES, SOCIETY AND CONSORTIUM

37.    NASCO repeats and realleges each and every response to paragraphs "1" through "36" of the Complaint as if fully set forth herein.

38-39. NASCO denies each and every allegation contained in paragraphs 38-39 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant, NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

AS AND FOR A FOURTH CAUSE OF ACTION<br>FOR PUNITIVE DAMAGES

40.    NASCO repeats and realleges each and every response to paragraphs "1" through "39" of the Complaint as if fully set forth herein.

41-42. NASCO denies each and every allegation contained in paragraphs 41-42 as they pertain to NASCO and, to the extent such allegations pertain to any other defendant,

C040107/0219584/1493571.1

NASCO denies knowledge or information sufficient to form a belief as to the truth of these allegations.

### FIRST AFFIRMATIVE DEFENSE

43.    The claims asserted by Plaintiffs against NASCO fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44.    Some or all of the claims against NASCO are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

45.    The claims against NASCO are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

46.    The claims against NASCO are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

47.    NASCO owed no duty of care to Plaintiffs.  If NASCO did owe a duty of care to Plaintiffs, it did not breach any such duty.

### SIXTH AFFIRMATIVE DEFENSE

48.    Any injuries or damages suffered or asserted by Plaintiffs resulted, in whole or in part, from intervening or superseding causes, including but not limited to, Plaintiffs' own actions or inactions.

### SEVENTH AFFIRMATIVE DEFENSE

49.    NASCO, at all relevant times, acted in good faith and with reasonable and appropriate care.

C040107/0219584/1493571.1

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

50.    Plaintiffs' claims are barred by the doctrine of estoppel.

<u>NINTH AFFIRMATIVE DEFENSE</u>

51.    Plaintiffs' claims are barred by Plaintiffs' express assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries.

<u>TENTH AFFIRMATIVE DEFENSE</u>

52.    Plaintiffs' claims are barred by Plaintiffs' implied assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

53.    The injuries allegedly suffered by Plaintiffs, if any (which injuries are specifically denied by NASCO), were the result of culpable conduct or fault of third persons whose conduct NASCO is not legally responsible, and the damages recovered by Plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.  Any liability on the part of NASCO (which liability is vigorously and specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of NASCO for non-economic loss does not exceed NASCO's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR sections 1601 through 1603.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

54.    Insofar as the Complaint, and each cause of action considered separately, allege a cause of action accruing after September 1, 1975 to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to Plaintiffs, including contributory negligence and assumption of

5

the risk, in the proportion which the culpable conduct attributable to the Plaintiffs bears on the culpable conduct which caused the damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

55.     Insofar as the Complaint, and each cause of action considered separately, allege a cause of action accruing before September 1, 1975, each such cause of action is barred by reason of the culpable conduct attributable to Plaintiffs, including contributory negligence and assumption of the risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

56.     Any and all injuries and damages allegedly suffered by Plaintiffs were solely and proximately caused by the abuse or misuse by Plaintiffs and/or others of the product(s) in question, which abuse and misuse was not reasonably foreseeable, thereby barring Plaintiffs from any recovery from NASCO.

## FIFTEENTH AFFIRMATIVE DEFENSE

57.     At all times relevant to the alleged conditions, conduct or injuries, Plaintiffs had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries because any such risk or danger was open, obvious and apparent to Plaintiffs, they appreciated the danger or risk, and they voluntarily assumed any such danger or risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiffs' claims are barred because they failed and refused to mitigate their alleged damages and losses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

59.     The plans or designs, method or technique of manufacturing, assembling, testing, and labeling any product alleged in the Complaint to have caused all or part of Plaintiffs'

6

alleged damages conformed with the state of the art at the time any such product was designed, manufactured and/or sold by NASCO, and there was no generally accepted or recognized knowledge of any unavoidable, unsafe, inherently dangerous, or hazardous character or nature of asbestos containing material when used in the manner and purpose allegedly described by the Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

60.    The benefits of the design of the product(s) in question outweigh any risk associated with said product(s), if any risk there actually was, which NASCO denies.

### NINETEENTH AFFIRMATIVE DEFENSE

61.    The actions of NASCO were in conformity with the state of the medical, industrial, and scientific arts, so that there was no duty to warn Plaintiffs under the circumstances, or to the extent such a duty arose, NASCO provided adequate warnings, labels and/or instructions concerning any product in question.   If those warnings, labels and/or instructions were not made available or heeded, it is the fault of others and not NASCO.

### TWENTIETH AFFIRMATIVE DEFENSE

62.    Plaintiffs have failed to join all necessary and indispensable parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

63.    NASCO did not design and/or manufacture some or all of the products alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

64.    At no time relevant herein was Plaintiff exposed to any asbestos from products designed or manufactured by NASCO.

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

65.    NASCO made no express or implied representations or warranties of any kind to Plaintiffs. To the extent that the alleged representations or warranties were made, they were made by persons or entities other than NASCO.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

66.    Plaintiffs did not rely upon any representations or warranties made by NASCO. To the extent Plaintiffs relied upon any alleged representations or warranties, such reliance was unjustified.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

67.    As to all causes of action pleaded in the Complaint which are based upon express or implied warranties and/or representations, the alleged breaches thereof as against NASCO are legally insufficient by reason of their failure to allege privity of contract between the Plaintiffs and NASCO.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

68.    In the event that any breach of warranty is proven, Plaintiffs failed to give proper and prompt notice of any such breach of warranty to NASCO.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

69.    Any exposure by Plaintiff to any of NASCO's product was so minimal as to be insufficient, as a matter of law, to have constituted a substantial factor in causing any asbestos-related disease. NASCO did not violate any state or federal statute, regulation or ordinance to cause Plaintiffs' alleged injuries.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

70.    Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as

8

Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that such claims are barred by the doctrine known as the "Government Contractor Defense" adopted by the United States Supreme Court in the case of <u>Boyle v. United Technologies Corp.</u>, 108 S. Ct. 2510 (1988).

TWENTY-NINTH AFFIRMATIVE DEFENSE

71.    Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that any military products made by NASCO were procured by the United States Government, which was sophisticated and knowledgeable concerning the use of, and any potential hazards of, asbestos products.  NASCO reasonably relied upon the sophistication of the United States Government and is not responsible for any failure of the United States Government to warn or take proper precautions for the protection of its own employees or civil servants, including Plaintiff.

THIRTIETH AFFIRMATIVE DEFENSE

72.    Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that any products manufactured by NASCO which incorporated asbestos-containing materials alleged to have been a cause of any disease contracted by Plaintiff was manufactured under and in conformity with the direction and control of the United States Government, which at all times material hereto had knowledge superior to that of NASCO with respect to the potential hazards of asbestos products; accordingly, no liability can be imposed upon NASCO.

9

## THIRTY-FIRST AFFIRMATIVE DEFENSE

73.    Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that NASCO satisfied any duty to warn by providing the United States Government with detailed specifications of each and every one of its products to which Plaintiff was allegedly exposed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

74.    NASCO was not the owner, occupier or controller of any premises at which, or materials from which, Plaintiff claims he was exposed to any asbestos.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

75.    Although Plaintiff purportedly does not allege any claims against NASCO involving any military products or equipment supplied to the U.S. Government, insofar as Plaintiff may attempt to assert any such claims against NASCO in the future, NASCO reserves the right to assert that Plaintiffs' claims are barred by the derivative sovereign immunity defense doctrine under Yearsley v. W.A. Ross Construction Co., 309 U.S. 18 (1940).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

76.    The claims are barred because the actions or omissions of NASCO, if any, were de minimis and did not proximately cause any of Plaintiffs' alleged damages, injuries, or expenses.  If NASCO is established to have taken any actions or omissions pertinent to the allegations of Plaintiffs' Complaint, Plaintiffs' claims are nevertheless barred by the doctrine of de minimis non curat lex.

10

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

77.    Any injuries resulting from the use of or exposure to asbestos were not foreseeable to NASCO given the state of knowledge and state of the art at the time of any alleged action or omission of NASCO, and all such actions or omissions of NASCO were non-tortious.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

78.    No action or inaction of NASCO involved the manufacturing, distribution or sale of asbestos or asbestos products. The alleged hazards or dangers, if any, were created by the conduct of others for whom NASCO bears no responsibility.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

79.    In the event Plaintiffs recover a verdict or judgment against NASCO, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have replaced or indemnified or will, with reasonable certainty, replace or indemnify Plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

80.    To the extent Plaintiffs have released or otherwise settled with any other person, NASCO will be entitled to have any claim for damages asserted against it reduced to the extent permitted by operation of New York General Obligations Law § 15-108 or any other applicable law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

81.    In the event Plaintiff Ernesto Miranda was employed by any other defendants herein, then Mr. Miranda's sole and exclusive remedy is under the Workers' Compensation Laws.

11

## FORTIETH AFFIRMATIVE DEFENSE

82.    The product(s) in question, if any, was/were modified by persons other than NASCO after leaving NASCO's custody and control and before the incidents alleged in the Complaint, and said modifications were the proximate cause of Plaintiffs' alleged injury, thereby barring any and all claims against NASCO.

## FORTY-FIRST AFFIRMATIVE DEFENSE

83.    Any oral warranties upon which Plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds, or other applicable rules of evidence.

## FORTY-SECOND AFFIRMATIVE DEFENSE

84.    The claims for damages have not accrued and are merely speculative, uncertain and contingent.

## FORTY-THIRD AFFIRMATIVE DEFENSE

85.    Plaintiffs' action is barred under the statute of repose found in the General Aviation Revitalization Act of 1994 ("GARA"), 49 U.S.C. § 40101.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

86.    The design, manufacture, production and use of the parts or components (which Plaintiffs allege were defective and for which the seek to hold NASCO liable for damages) was approved and certified by the Federal Aviation Administration pursuant to federal statute, and all causes of action against NASCO are pre-empted by the supremacy clause (Article VI, Clause 2) of the United States Constitution.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

87.    Plaintiffs' claims are pre-empted by federal law contained within the Federal Aviation Act and the Federal Aviation Regulations.

12

## AS AND FOR A CROSS-CLAIM AGAINST
### EACH AND EVERY CO-DEFENDANT

NASCO alleges upon information and belief that if Plaintiffs sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that NASCO is liable to Plaintiffs herein, all of which is specifically denied, then NASCO on the basis of the contract, either expressed or implied by law and/or by equitable apportionment of responsibility for the alleged occurrence, is entitled to common law indemnification or contribution from and judgment over and against some or all of the co-defendants in this action for all or part of any verdict or judgment that Plaintiffs may recover against said answering defendant.

WHEREFORE, NASCO denies that Plaintiffs are entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.   Dismissing all claims stated in the Complaint against Defendant NASCO with prejudice;

B.   In the event of any judgment over and against NASCO, for judgment in contribution and/or indemnity against any and all co-defendants found liable to Plaintiffs in accordance with the principles of fault and apportionment; and

C.   Awarding to NASCO such other and further relief as the Court may deem just and proper.

13

Dated: New York, New York
July 16, 2008

Respectfully Submitted,

BRYAN CAVE LLP

By:    /s/ James M. Altman
         James M. Altman, Esq.
         David Bloomberg, Esq.
         Christopher R. Strianese, Esq.

1290 Avenue of the Americas
New York, NY 10104-3300
Phone: (212) 541-2000
Facsimile: (212) 541-1413

*Attorneys for Defendant*
*Nasco Aircraft Brake, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ERNESTO MIRANDA and DIANA MIRANDA,              :   08 CV 5491 (SAS) (JCF)

                             Plaintiffs,                :

              - against -                :   **AFFIDAVIT OF SERVICE**

ABEX CORPORATION, et al.,                       :

                        Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK    )
                      : ss.:
COUNTY OF NEW YORK  )

      DIANE MYERS, being duly sworn, deposes and says:

      1.    I am not a party to the within action.  I am over 18 years of age and reside in New York County, New York.

      2.    That on July 17, 2008, I served the within **ANSWER OF DEFENDANT NASCO AIRCRAFT BRAKE, INC.** and **RULE 7.1 DISCLOSURE STATEMENT** upon all parties listed in the Service List attached hereto, via First Class Mail, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within New York State.

                                                _____
                                                DIANE MYERS

Sworn to before me this
_17th_ day of July, 2008.

_____
      Notary Public

        GAIL P. CARR
    Notary Public, State of New York
       No. 01CA5057316
    Qualified in Westchester County
Commission Expires March 18, 20_10_

C000109/0219561/1493669.1

# MIRANDA SERVICE LIST

Patrick J. Timmins, Esq.
Levy Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022

Jan Michael Ryfkogel, Esq.
Bivona & Cohen, PC
88 Pine Street
New York, NY 10005

Erich Gleber, Esq.
Segal, McCambridge, Singer & Mahoney
830 Third Avenue, Suite 400
New York, NY 10022

Julie Evans, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, NY 10017-5639

Andres M. Warshauer, Esq.
Anna DiLonardo, Esq.
Weiner Lesniak, LLP
888 Veteran's Memorial Highway, Suite 540
Hauppauge, NY 11787

Kristen Kneis, Esq.
Michael Waller, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis
One Newark Center, 10th Floor
Newark, NJ 07102

William Mueller, Esq.
Clemente, Dickson & Mueller
218 Ridgedale Avenue
Morristown, NJ 07961

Scott R. Emery, Esq.
Lynch Daskal & Emery, LLP
264 West 40th Street
New York, NY 10018

Laura B. Hollman, Esq.
McMahon Martine & Gallagher, LLP
90 Broad Street
New York, NY 10004

Deborah L. Slowata, Esq.
Nancy McDonald, Esq.
McElroy, Deutch, Mulvaney & Carpenter, L.L.P.
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

Ethan Baumfield, Esq.
Nancy L. Pennie, Esq.
Aaronson Rappaport Feinstein & Deutsch LLP
757 Third Avenue
New York, NY 10017

Michael A. Tanenbaum, Esq.
Sedgwick, Detert, Moran & Arnold, PC
Three Gateway Center, 12th Floor
Newark, NJ 07102

John J. Fanning, Esq.
Cullen & Dykman, LLP
177 Montague Street
Brooklyn, NY 11201

Lisa A. Linsky, Esq.
Donald R. Pugliese, Esq.
McDermott, Will & Emery
340 Madison Avenue
New York, NY 10173-1922

Lisa M. Pascarella, Esq.
Pehlivanian, Braaten & Pascarella, LLC
Paynters Ridge Office Park
2430 Route 34
Manasquan, NJ 08736

Abbie Eliasberg Fuchs, Esq.
Harris Beach PLLC
100 Wall Street
New York, NY 10005

Robert C. Malaby, Esq.
Malaby & Bradley, LLC
150 Broadway, Suite 600
New York, NY 10038

Suzanne Halbardier, Esq.
Barry McTiernan & Moore
2 Rector Street, 14th Floor
New York, NY 10005

James Smith, Esq.
Smith Abbott, L.L.P.
48 Wall Street, Suite 1100
New York, NY 10005

Mark S. Landman, Esq.
Landman Corsi Ballaine & Ford
120 Broadway, 27th Floor
New York, NY 10271

Timothy McHugh, Esq.
Lavin, O'Neil, Ricci, Cedrone & Disipio
420 Lexington Avenue, Suite 2900
New York, NY 10017

Kerryann M. Cook, Esq.
Philip J. O'Rourke, Esq.
McGivney & Kluger P.C.
80 Broad Street, 23rd Floor
New York, NY 10004

Bashi Buba, Esq.
Wilbrahim, Lawler & Buba
1818 Market Street, Suite 3100
Philadelphia, PA 19103

Paul Grant, Esq.
Garrison Litigation
120 East Avenue, Suite 101
Rochester, NY 14604-2551

Andrew Sapon, Esq.
Bivona & Cohen, P.C.
Wall Street Plaza
88 Pine Street
New York, NY 10005-1886

Patrick J. Dwyer, Esq.
Smith, Stratton, Wise, Hheher & Brennan
83 Maiden Lane – Penthouse
New York, NY 10038

Christopher S. Kozak, Esq.
One Gateway Center, Suite 400
Newark, NJ 07102

Steven L. Keats, Esq.
131 Mineola Boulevard
Mineola, NY 11501

Elisa T. Gilbert, Esq.
Gilbert & Gilbert, LLC
325 East 57th Street
New York, NY 10022

Arthur Bromberg, Esq.
Weiner Lesniak LLP
629 Parsippany Road
Parsippany, NJ 07054

Kenneth J. Kelly
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211

Genevieve MacSteel, Esq.
Robert Brooks-Rigolosi, Esq.
McGuire Woods
1345 Avenue of the Americas, 7th Floor
New York, NY 10022

Richard P. O'Leary
McCarter & English
245 Park Avenue
New York, NY 10167

Christopher J. Garvey, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY  10022

Judith Yavitz, Esq.
Reed Smith, LLP
599 Lexington Avenue
New York, NY  10022

Andrew P. Fishkin, Esq.
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY  10022

Richard A. Menchini, Esq.
Lindsay H. Tasdher, Esq.
Holland & Knight LLP
195 Broadway
New York, NY  10007

Dominic P. Bianco, Esq.
Gallagher, Walker, Bianco & Plastaras
96 Willis Avenue
Mineola, NY  11501

Augustus DuPont, Esq.
Crane Co.
100 First Stamford Place
Fourth Floor, East
Stamford, CT  06902

Lear Seigler Services, Inc.
3 Corbett Way
Eaton, NJ  07724

Parker Aerospace
14300 Alton Parkway
Irvine, CA  92618

Rheaco, Inc.
1801 West Jefferson Street
Grand Prairie, TX  75051

The Fairchild Corporation
1750 Tysons Boulevard, Suite 1400
McLean, VA  11102

Unisys Corporation
Unisys Way
Blue Bell, PA  19424

CFM International, Inc.
1 Neumann Way
Cincinnati, OH  45215

GE Aviation Systems LLC
c/o Corporation System
111 Eighth Avenue
New York, NY  10011

Hitco Carbon and Composites, Inc.
1600 West 135th Street
Gardena, CA  90249

Rolls Royce Corporation
c/o CT Corporation Service Company
80 State Street
Albany, NY  12207

Triad International Maintenance Corp.
523 Radar Road
Greensboro, NC  27410