UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO and DIANA MIRANDA, <br><br> Plaintiff, <br><br> v. <br><br> ABEX CORPORATION f/k/a American Brake Show Company, et al., <br><br> Defendants. | x Civil Action No.: 08-CV-05491-SAS <br> : <br> : <br> : New York City Transit <br> : Authority's Answer, <br> : Affirmative Defenses <br> : And Cross-Claims As To <br> : Plaintiffs' Standard <br> : <u>Complaint</u> <br> x |

Defendant New York City Transit Authority ("NYCTA"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3. Defendant denies the allegations contained in paragraph "3" of the Complaint as much as they are directed at NYCTA.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Defendant NYCTA denies the allegations contained in paragraph "5", except admits that at certain times it has conducted business in the State of New York.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

## BACKGROUND

7. Defendant denies the allegations contained in paragraph "7" of the Complaint as much as they are directed at NYCTA.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Defendant denies the allegations contained in paragraph "10" of the Complaint as much as they are directed at NYCTA.

11. Defendant denies the allegations contained in paragraph "11" of the Complaint as much as they are directed at NYCTA.

12. Defendant denies the allegations contained in paragraph "12" of the Complaint as much as they are directed at NYCTA.

13. Defendant denies the allegations contained in paragraph "13" of the Complaint as much as they are directed at NYCTA.

14. Defendant denies the allegations contained in paragraph "14" of the Complaint as much as they are directed at NYCTA.

15. Defendant denies the allegations contained in paragraph "15" of the Complaint as much as they are directed at NYCTA.

16. Defendant denies the allegations contained in paragraph "16" of the Complaint as much as they are directed at NYCTA.

17. Defendant denies the allegations contained in paragraph "17" of the Complaint as much as they are directed at NYCTA.

18. Defendant denies the allegations contained in paragraph "18" of the Complaint as much as they are directed at NYCTA.

19. Defendant denies the allegations contained in paragraph "19" of the Complaint as much as they are directed at NYCTA.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint as much as they are directed at NYCTA.

21. Defendant denies the allegations contained in paragraph "21" of the Complaint as much as they are directed at NYCTA.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint as much as they are directed at NYCTA.

## A FIRST CLAIM IN NEGLIGENCE

23. Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 22 of this Answer with the same force and effect as if fully set forth at length herein.

24. Defendant denies the allegations contained in paragraph "24" of the Complaint as much as they are directed at NYCTA.

25. Defendant denies the allegations contained in paragraph "25" of the Complaint as much as they are directed at NYCTA.

26. Defendant denies the allegations contained in paragraph "26" of the Complaint as much as they are directed at NYCTA.

27. Defendant denies the allegations contained in paragraph "27" of the Complaint as much as they are directed at NYCTA.

28. Defendant denies the allegations contained in paragraph "28" of the Complaint as much as they are directed at NYCTA.

29. Defendant denies the allegations contained in paragraph "29" of the Complaint as much as they are directed at NYCTA.

30. Defendant denies the allegations contained in paragraph "30" of the Complaint as much as they are directed at NYCTA.

31. Defendant denies the allegations contained in paragraph "31" of the Complaint as much as they are directed at NYCTA.

32. Defendant denies the allegations contained in paragraph "32 of the Complaint as much as they are directed at NYCTA.

### A SECOND CLAIM IN STRICT PRODUCTS LIABILITY

33. Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 32 of this Answer with the same force and effect as if fully set forth at length herein.

34. Defendant denies the allegations contained in paragraph "34" of the Complaint as much as they are directed at NYCTA.

35. Defendant denies the allegations contained in paragraph "35" of the Complaint as much as they are directed at NYCTA.

36. Defendant denies the allegations contained in paragraph "36" of the Complaint as much as they are directed at NYCTA.

### A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF WIVES FOR LOSS OF SERVICES, SOCIETY AND CONSORTIUM

37. Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 36 of this Answer with the same force and effect as if fully set forth at length herein.

38. Defendant denies the allegations contained in paragraph "38" of the Complaint as much as they are directed at NYCTA.

39. Defendant denies the allegations contained in paragraph "39" of the Complaint as much as they are directed at NYCTA.

### A FOURTH CLAIM FOR PUNITIVE DAMAGE

40. Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 39 of this Answer with the same force and effect as if fully set forth at length herein.

41. Defendant denies the allegations contained in paragraph "41" of the Complaint as much as they are directed at NYCTA.

42. Defendant denies the allegations contained in paragraph "42" of the Complaint as much as they are directed at NYCTA.

**WHEREFORE**, defendant demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

43.  The plaintiff's Complaint fails to state a cause of action against defendant Bechtel upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44.  This Court lacks jurisdiction over the subject matter of this action.

### THIRD AFFIRMATIVE DEFENSE

45.  This Court lacks personal jurisdiction over defendant NYCTA, as a result of improper service.

### FOURTH AFFIRMATIVE DEFENSE

46.  Plaintiffs' claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

47.  The venue of this action is improper.

### FIFTH AFFIRMATIVE DEFENSE

48.  The venue of this matter is inconvenient.

### SIXTH AFFIRMATIVE DEFENSE

49.  This action cannot be maintained as there is another action pending for the same relief.

### SEVENTH AFFIRMATIVE DEFENSE

50.  Any damages, losses, or injuries sustained by plaintiffs were caused by the acts and/or omissions of persons or entities other than defendant Bechtel and over whom defendant NYCTA exercised no control.

### EIGHTH AFFIRMATIVE DEFENSE

51. Any claims which plaintiffs may have against defendant NYCTA are barred or, alternatively, must be reduced by virtue of the doctrine of comparative and/or contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

52. Plaintiffs have failed to mitigate their damages.

### TENTH AFFIRMATIVE DEFENSE

53. Any damages allegedly sustained by plaintiffs were the proximate result of unforeseen and/or unforeseeable negligent, grossly negligent, wanton, reckless conduct or omission of intervening third parties or superseding parties.

### ELEVENTH AFFIRMATIVE DEFENSE

54. The damages allegedly sustained by plaintiffs were caused, in whole or in part, through the operation of nature.

### TWELFTH AFFIRMATIVE DEFENSE

55. If plaintiffs sustained damages as alleged, such damages occurred while they engaged in activities into which they entered, knowing the hazard, risk and danger of the activities and they assumed the risks incidental to and attendant to those activities.

### THIRTEENTH AFFIRMATIVE DEFENSE

56. Plaintiffs' action is barred pursuant to the applicable statutes of limitations and/or repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

57. No acts or omissions of defendant Bechtel proximately caused plaintiffs' damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

58. If any damages are recoverable against defendant NYCTA, the amount of such damages shall be diminished by the liability of others.

### SIXTEENTH AFFIRMATIVE DEFENSE

59. Defendant NYCTA claims the benefit of each and every credit or offset by reason of any replacement or indemnification of costs or expenses from any collateral source.

### SEVENTEENTH AFFIRMATIVE DEFENSE

60. The negligence of the plaintiff and/or his employers proximately caused the alleged injuries and damages and, even if plaintiffs are entitled to damages, which defendant Bechtel denies, the damages should be setoff by any collateral source benefit payments received by plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

61. Any asbestos-containing products used at plaintiff's job locations were used in compliance with specifications, approval or at the instruction of governmental or legislative agencies or bodies.

### NINETEENTH AFFIRMATIVE DEFENSE

62. Any injuries or damages sustained by plaintiffs resulted from exposure to asbestos-containing products manufactured and sold in strict compliance with mandatory specifications established by persons or entities other than this defendant, including without limitation, agencies, agents and departments of the United States, state or local governments, which persons or entities possessed, at

the time of such manufacture and sale, knowledge equal to or greater than that of defendant Bechtel concerning the properties and characteristics of asbestos and asbestos-containing products.

### TWENTIETH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred in whole or in part by the applicable state-of-the-art defense.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

64. Any product to which plaintiff claims exposure conformed with the existing state-of-the-art, and the alleged hazards or dangers of said products or materials, if any, were created by the conduct of said plaintiff and others.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

65. To the extent that plaintiffs' claims are based on an alleged breach of warranty, defendant NYCTA made no express or implied warranties to plaintiff, including the warranties of merchantability and fitness for a particular purpose.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

66. To the extent that plaintiffs' claims are based on an alleged breach of warranty, plaintiff did not rely on any such warranties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

67. Any claims premised upon oral warranties upon which plaintiff allegedly relied are barred pursuant to the Statute of Frauds.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

68. To the extent plaintiff sustained injuries from the use of a product alleged to contain asbestos, which is denied, plaintiff, other defendants or other parties not under the control of defendant NYCTA, misused, abused, misapplied or otherwise mishandled the product alleged to be asbestos material. Therefore, the amount of damages, which may be recoverable, must be diminished by the proportion, which said misuse, abuse, misapplication and mishandling bears to the conduct, which caused the alleged damage or injury.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

69. This defendant had no knowledge or reason to know of any alleged risks associated with asbestos and/or asbestos-containing products at any time during the periods alleged.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff did not directly or indirectly purchase any asbestos-containing products or materials from defendant Bechtel and plaintiff did not either receive or rely upon any representation or warranty allegedly made by defendant Bechtel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

71. To the extent that plaintiff was exposed to any product containing asbestos as a result of conduct by defendant NYCTA, which is denied, said exposure was de minmis and not a substantial contributing factor to any injury which plaintiff may have developed, and not actionable at law or equity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

72. Exposure to asbestos fibers attributable to defendant NYCTA, if any, is so minimal so as to be insufficient to establish to a reasonable degree of probability that said exposure is capable of causing injury or damages and must be considered speculative as matter of law.

### THIRTIETH AFFIRMATIVE DEFENSE

73. If defendant NYCTA was on notice of any hazard or defect for which plaintiffs seek relief, which it denies, plaintiff also had such notice and are thereby barred from recovery.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

74. There is no justiciable issue or controversy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

75. The claims for damages have not accrued, are purely speculative, uncertain and contingent.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

76. None of the alleged injuries or damages was foreseeable at the time of the acts or omissions alleged in the plaintiffs' Verified Complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred as a matter of public policy.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are barred due to their failure to join necessary and indispensable parties.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

79. Plaintiffs' action is barred because they failed to exhaust all of their administrative remedies.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

80. Any cause of action for exemplary or punitive damages is barred, because such damages are not recoverable or warranted in this action.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

81. Any demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines. To the extent that plaintiffs seek punitive damages against defendant Bechtel, these damages are improper, unwarranted, not authorized by law and are unconstitutional in the context of this litigation. Subjecting defendant NYCTA to multiple trials and the multiple imposition of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the Constitution of the State of New York. The manner in which punitive damages are demanded or awarded in cases such as this is in violation of constitutional due process. There is no principle of limitation on the multiple imposition of punitive damages for a single course of conduct. Furthermore, the standard governing the award of punitive damages is constitutionally void for vagueness.

**FORTIETH AFFIRMATIVE DEFENSE**

82. Any demand for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

83. Relief is barred by virtue of the doctrine of estoppel, waiver or release.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

84. All conduct and activities of defendant NYCTA alleged in the Verified Complaint, if any, conformed to statutes, government regulations and industry standards based upon the state of knowledge existing at the time alleged in the Verified Complaint.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

85. That at all times relevant to this litigation, the agents, servants and/or employees of defendant NYCTA utilized proper methods in the conduct of its operations, in conformity with the available knowledge and research of the scientific and industrial communities.

**FORTY-FORTH AFFIRMATIVE DEFENSE**

86. Plaintiff contributed to or caused his illness, either in whole or in part, by exposure to or the use of tobacco products and/or other substances, products, medications or drugs.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

87. Upon information and belief, some or all of the causes of action may not be maintained because of arbitration and award.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

88. Upon information and belief, the plaintiffs lack the capacity, standing or authority to bring this action, in whole or in part.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

89. Plaintiffs' claims are barred and/or preempted, in whole or in part, by federal law.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

90. Liability of plaintiffs' damages, if any, rests solely with the strict product liability of others.

### FORTY-NINTH AFFIRMATIVE DEFENSE

91. Any products to which plaintiff claims exposure were designed and manufactured pursuant to and in accordance with specifications mandated by the premises owners. The knowledge of the premises owners of any possible health hazards from use of such products was equal to or superior to that of NYCTA. Accordingly, NYCTA is not liable to plaintiffs.

### FIFTIETH AFFIRMATIVE DEFENSE

92. At all times alleged in the Complaint with respect to claimed exposure to asbestos-containing products in the State of New York, the plaintiffs were acting and working in employment covered by the provisions of the New York Workers' Compensation Act. The remedies under the Act are exclusive and preclude the plaintiffs from maintaining the causes of action alleged in the Complaint against NYCTA.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

93.  Any asbestos-containing product to which plaintiff may have been exposed, if any, was mined, milled, manufactured, processed, fabricated, supplied, distributed or sold by persons or entities other than NYCTA.  NYCTA cannot be held liable for the use of or exposure to any such product.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

94.  There were no warranties, express or implied, between NYCTA and the plaintiff, and there has been no breach of any such warranties by NYCTA.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

95.  Upon information and belief, this defendant asserts that it provided plaintiff and others who worked on premises where NYCTA may have been present with a reasonably safe place to work.

**FIFTY-FORTH AFFIRMATIVE DEFENSE**

96.  NYCTA reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

97.  All defenses which have been or will be asserted by other defendants and/or any third-party defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiffs' Complaint.  In addition, defendant NYCTA will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its

Answer for the purpose of asserting any such additional affirmative defenses.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

98. Proceeding in this matter without Johns-Manville, Unarco, Amatex, Pacor, Forty-Eight Insulation, Owens-Corning and/or Standard Insulations, W.R. Grace and all other entities in Bankruptcy relating thereto, would be in violation of NYCTA's constitutional rights.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

99. Any recovery by the plaintiffs herein must be reduced by collateral source payments pursuant to CPLR Section 4545.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

100. To the extent that plaintiffs contributed to plaintiff's injuries by the use or misuse, either in whole or in part, of other substances, products, medications and drugs, including, but not limited to any tobacco products, any liability should be reduced by the extent of any use and or injuries related thereto or caused thereby pursuant to the Restatement of Torts (Second) §433A.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

101. Article 16 of the Civil Practice Law and Rules applies to this action and pursuant to the law of New York, the liability, if any, of NYCTA for non-economic loss is not joint and several but shall be limited to the proportionate share, if any, attributed to NYCTA.

**WHEREFORE**, New York City Transit Authority demands judgment dismissing the Complaint herein; or in the alternative demands judgment over and against the other defendants and third-party defendants now and hereafter named on the basis of indemnification or contribution for all or part of any verdict or judgment, together with its costs and disbursements; and such other and further relief as this Court deems appropriate.

### CROSS CLAIM AGAINST DEFENDANTS AND THIRD-PARTY DEFENDANTS

102. That if the plaintiff was caused to sustain personal injuries at the times and places set forth in the Complaint and alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than that of the plaintiffs, then the said damage arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or warranty and/or contract in-fact or implied-in-law, upon the part of the other defendants and third-party defendants now or hereafter named herein with indemnification and/or contribution to NYCTA as implied-in-fact or implied-in-law; and if Bechtel is found liable as to the plaintiffs and/or third-party plaintiff(s) for the injuries and damages set forth in the plaintiffs' Complaint and/or in any third-party complaint(s), then the said other defendants and third-party defendants will be liable jointly and severally to defendant NYCTA and should indemnify and hold NYCTA harmless for the full amount of any verdict or judgment; or in the alternative, NYCTA is entitled to contribution, in whole or in part, from each

of the other defendants and third-party defendants now or hereafter named herein, together with the costs and disbursements incurred in the defense of this action.

### ANSWER TO CROSS CLAIMS

103. NYCTA denies any and all cross claims that have been, or are later, asserted by any other party in this matter.

**WHEREFORE**, NYCTA demands judgment dismissing the Complaint herein; or in the alternative demands judgment over and against the other defendants and third-party defendants now and hereafter named on the basis of indemnification or contribution for all or part of any verdict or judgment, together with its costs and disbursements; and such other and further relief as this Court deems appropriate.

### JURY DEMAND

Defendant hereby demands a trial by jury of all issues if so triable.

Dated:    Newark, New Jersey
          July 22, 2008

                              Yours, etc.

                              *Samantha M. Burd*
                              Samantha M. Burd
                              LANDMAN CORSI BALLAINE & FORD P.C.
                              Attorneys for Defendant
                              New York City Transit Authority ("NYCTA")
                              One Gateway Center, Fourth Floor
                              Newark, New Jersey 07102
                              (973) 623-2700

To:   Patrick J. Timmins, Esq.
      Levy Phillips & Konigsberg, LLP
      800 Third Avenue - 13th Floor
      New York, NY 10022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO and DIANA MIRANDA  x | Civil Action No.: 08-CV-05491-SAS |
| Plaintiffs, : | |
| v. : | |
| : | CERTIFICATE OF SERVICE |
| ABEX CORPORATION f/k/a American : Brake Shoe Company, et al.,  : | |
| : | |
| Defendants.  x | |

**WEATHERLY STEPHAN** hereby certifies as follows:

1. I am a paralegal with the law firm of Landman Corsi Ballaine & Ford P.C., attorneys for defendant New York City Transit Authority ("NYCTA") in the above matter.

2. On July 22, 2008, NYCTA's Answer, Affirmative Defenses and Cross-Claims were filed electronically and are available for viewing and downloading on the Court's ECF system.

3. Service of the foregoing upon all counsel registered with the Court's ECF system has been made this date electronically.

4. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:   July 22, 2008
         Newark, NJ

_____
Weatherly Stephan

439763.1 DocsNJ