UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO and DIANA MIRANDA,<br><br>    Plaintiffs,<br><br>  - against -<br><br>ABEX CORPORATION, *et al.*,<br><br>    Defendants. | 08 CV 5491 (SAS)<br><br>**ANSWER TO STANDARD COMPLAINT NO. 1 AND TO PLAINTIFFS' COMPLAINT** |

    Defendant, Lear Siegler Services, Inc. ("LSI"), named *"Lear Siegler Services, Inc., Individually and as Successor in Interest to Lear Siegler, Inc.,"* answers Plaintiffs Ernesto and Diana Miranda's Complaint and answers the New York Asbestos Litigation Standard Complaint No. 1 (hereinafter referred to as "Standard Complaint No. 1") as follows:

## ANSWER TO STANDARD COMPLAINT NO. 1

    LSI states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Standard Complaint No. 1 as regards the other Defendants, and answers as to itself as follows:

    1.  LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of Standard Complaint No. 1.

    2.  LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of Standard Complaint No. 1.

    3.  LSI denies the allegations set forth in paragraph 3 of Standard Complaint No. 1 insofar as they are directed to LSI.

    4.  LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of Standard Complaint No. 1.

5. LSI denies the allegations set forth in paragraph 5 of Standard Complaint No. 1 insofar as they are directed to LSI.

6. LSI denies the allegations set forth in paragraph 6 of Standard Complaint No. I insofar as they are directed to LSI.

7. LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of Standard Complaint No. 1.

8. LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of Standard Complaint No. 1.

9. LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of Standard Complaint No. 1.

10. LSI denies the allegations set forth in paragraph 10 of Standard Complaint No. 1 insofar as they are directed to LSI.

11. LSI denies the allegations set forth in paragraph 11 of Standard Complaint No. 1 insofar as they are directed to LSI.

12. LSI denies the allegations set forth in paragraph 12 of Standard Complaint No. 1 insofar as they are directed to LSI.

13. LSI denies the allegations set forth in paragraph 13 of Standard Complaint No. 1 insofar as they are directed to LSI.

14. LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of Standard Complaint No. 1.

15. LSI denies the allegations set forth in paragraph 15 of Standard Complaint No. I insofar as they are directed to LSI.

16. LSI denies the allegations set forth in paragraph 16 of Standard Complaint No. 1 insofar as they are directed to LSI.

17. LSI denies the allegations set forth in paragraph 17 of Standard Complaint No. 1 insofar as they are directed to LSI.

18. LSI denies the allegations set forth in paragraph 18 of Standard Complaint No. 1 insofar as they are directed to LSI.

19. LSI denies the allegations set forth in paragraph 19 of Standard Complaint No. 1 insofar as they are directed to LSI.

20. LSI denies the allegations set forth in paragraph 20 of Standard Complaint No. 1 insofar as they are directed to LSI.

21. LSI denies the allegations set forth in paragraph 21 of Standard Complaint No. 1 insofar as they are directed to LSI.

22. LSI denies the allegations set forth in paragraph 22 of Standard Complaint No. 1 insofar as they are directed to LSI.

23. In response to paragraph 23, LSI repeats its answers to paragraphs 1 through 22 of Standard Complaint No. 1 as if set forth fully herein.

24. LSI denies the allegations set forth in paragraph 24 of Standard Complaint No. 1 insofar as they are directed to LSI.

25. LSI denies the allegations set forth in paragraph 25 of Standard Complaint No. 1 insofar as they are directed to LSI.

26. LSI denies the allegations set forth in paragraph 26 of Standard Complaint No. 1 insofar as they are directed to LSI.

27. LSI denies the allegations set forth in paragraph 27 of Standard Complaint No. 1 insofar as they are directed to LSI.

28. LSI denies the allegations set forth in paragraph 28 of Standard Complaint No. I insofar as they are directed to LSI.

29. LSI denies the allegations set forth in paragraph 29 of Standard Complaint No. 1 insofar as they are directed to LSI.

30. LSI denies the allegations set forth in paragraph 30 of Standard Complaint No. 1 insofar as they are directed to LSI.

31. LSI denies the allegations set forth in paragraph 31 of Standard Complaint No. 1 insofar as they are directed to LSI.

32. LSI denies the allegations set forth in paragraph 32 of Standard Complaint No. 1 insofar as they are directed to LSI.

33. In response to paragraph 33, LSI repeats its answers to paragraphs 1 through 32 of Standard Complaint No. 1 as if set forth fully herein.

34. LSI denies the allegations set forth in paragraph 34 of Standard Complaint No. 1 insofar as they are directed to LSI.

35. LSI denies the allegations set forth in paragraph 35 of Standard Complaint No. 1 insofar as they are directed to LSI.

36. LSI denies the allegations set forth in paragraph 36 of Standard Complaint No. 1 insofar as they are directed to LSI.

37. In response to paragraph 37, LSI repeats its answers to paragraphs I through 36 of Standard Complaint No. 1 as if set forth fully herein.

38. LSI denies the allegations set forth in paragraph 38 of Standard Complaint No. 1 insofar as they are directed to LSI.

39. LSI denies the allegations set forth in paragraph 39 of Standard Complaint No. 1 insofar as they are directed to LSI.

40. In response to paragraph 40, LSI repeats its answers to paragraphs 1 through 40 of Standard Complaint No. 1 as if set forth fully herein.

41. LSI denies the allegations set forth in paragraph 41 of Standard Complaint No. 1 insofar as they are directed to LSI.

42. LSI denies the allegations set forth in paragraph 42 of Standard Complaint No. 1 insofar as they are directed to LSI.

## ANSWER TO PLAINTIFFS' COMPLAINT

43. In response to paragraph 1, LSI repeats its answers to paragraphs 1 through 42 of Standard Complaint No. 1 as if set forth fully herein.

44. LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

45. LSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

## DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted. LSI is not a successor to Lear Siegler, Inc., the entity who Plaintiffs seek to join in this matter as a defendant.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRD DEFENSE**

LSI gave, made or otherwise extended no warranties, whether express or implied, upon which Plaintiffs have a right to rely. LSI is not a successor to Lear Siegler, Inc., the entity who Plaintiffs seek to join in this matter as a defendant.

**FOURTH DEFENSE**

LSI breached no warranties, whether express or implied. LSI is not a successor to Lear Siegler, Inc., the entity who Plaintiffs seek to join in this matter as a defendant.

**FIFTH DEFENSE**

The matters that are the subject of the Plaintiffs' Standard Complaint No. 1 are attributable to third parties over whom LSI had neither control nor right of control.

**SIXTH DEFENSE**

While denying the allegations of Plaintiffs with respect to liability, injury and damages, to the extent that Plaintiffs may be able to prove the same, they were the result of intervening acts or superseding negligence on the part of parties over whom LSI had neither control nor right of control.

**SEVENTH DEFENSE**

There being no privity of contract between LSI and Plaintiffs, there can be no cause of action against LSI for alleged breach of warranties. LSI is not a successor to Lear Siegler, Inc., the entity who Plaintiffs seek to join in this matter as a defendant.

WHEREFORE, LSI demands judgment dismissing the Complaint and awarding its attorney's fees and costs of suit and such other relief which this Court may deem proper and just.

**CROSSCLAIM FOR CONTRIBUTION**

If LSI should be found liable to Plaintiffs, which liability is denied (LSI is not a successor to Lear Siegler, Inc., the entity who Plaintiffs seek to join in this matter as a defendant), LSI

asserts that the Co-Defendants are joint tortfeasors with respect to any loss, liability and expense on account of Plaintiffs' demand for judgment.

WHEREFORE, LSI demands judgment for contribution against its Co-Defendants with respect to any damages which may be recovered against LSI herein, together with the expense of defense and costs of suit.

## ANSWER TO ALL CROSSCLAIMS

LSI answers the Crossclaims of all Co-Defendants, however asserted or alleged, and says:

1. All Crossclaims for Contribution alleged against LSI by any party Defendant are denied.

2. All Crossclaims for Indemnification alleged against LSI by any party Defendant are denied.

WHEREFORE, Defendant LSI demands judgment dismissing all Crossclaims and awarding it attorney's fees and costs of suit and such other relief which this Court may deem proper and just.

Dated: New York, New York
       August 14, 2008

                          Respectfully submitted,

                          BRACEWELL & GIULIANI LLP
                          1177 Avenue of the Americas/19th Floor
                          New York, New York 10036-2714
                          Telephone:    (212) 508-6100
                          Facsimile:     (212) 508-6101

                                  /s/ Daniel S. Meyers
                          Daniel S. Meyers (DM-6704)
                          1177 Avenue of the Americas
                          New York, New York 10036
                          T:  (212) 508-6100
                          F:  (212) 508-6101

## MIRANDA SERVICE LIST

Mr. Patrick J. Timmins
Levy Phillips & Konigsberg, L.L.P.
800 Third Avenue, 13th Floor
New York, New York 10022
*Attorneys for Plaintiffs*
*Ernesto and Diana Miranda*

Mr. James Walker Smith
Smith Abbott, L.L.P.
48 Wall Street, Suite 1100
New York, New York 10005
*Attorneys for Abex Corporation*
*f/k/a American Brake Shoe and Pneumo*
*Abex Corporation, individually and as*
*successor in interest to Abex Corporation*

Ms. Suzanne Halbardier
Barry McTiernan & Moore
2 Rector Street, 14th Floor
New York, New York 10006
*Attorneys for American Refractories,*
*Co., Graybar Electric Company, Inc.,*
*General Refractories Co. and John Crane,*
*Inc.*

Mr. David Ferstendig
Law Offices of David L. Ferstendig
292 Madison Avenue, 22nd Floor
New York, New York 10017
*Attorneys for Anchor Packing Company*

Mr. Bashi Buba
Wilbrahim, Lawler & Buba
1818 Market Street, Suite 3100
Philadelphia, Pennsylvania 19103
*Attorneys for Atlas Turner*

Ms. Kerryann M. Cook
McGivney & Kluger P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*Attorneys for Avocet Enterprises, Inc.,*
*Courter & Company and Fay Spoffard &*
*Thorndike of New York, Inc. f/k/a Wolf &*
*Munier, Inc., Hercules Chemical Company,*
*Inc., Leslie Controls, Railroad Friction*
*Products Corp. and Treadwell Corporation*

Ms. Julie Evans
Wilson Elser Moskowitz Edelman
  & Dicker, LLLP
150 East 42nd Street
New York, New York 10017
*Attorneys for A.W. Chesterton Co., Inc.,*
*Carrier Corporation, General Dynamics,*
*The Boeing Company and The Boeing*
*Company sued herein incorrectly as Boeing*
*Integrated Defense Systems*

Mr. Andrew M. Warshauer
Weiner Lesniak, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, New York 11788
*Attorneys for Bondex Incorporated,*
*Lockheed Martin Corporation and Robert*
*A. Keasbey Co.*

Ms. Anna DiLonardo
Weiner Lesniak, LLP
888 Veterans Memorial Highway
Suite 540
Hauppauge, New York 11788
*Attorneys for Borg Warner Corporation*

Mr. Richard A. Menchini
Holland & Knight, LLP
195 Broadway, 24th Floor
New York, New York 10007-3189
*Attorneys for Canadian Commercial*
*Corporation*

Mr. Michael Waller
Kirkpatrick & Lockhart Preston
  Gates Ellis LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
*Attorneys for Crane Co., Crane*
*Pumps & Systems, Inc. and Crain Aerospace*
*& Electronics*

Ms. Deborah L. Slowata
Ms. Nancy McDonald
McElroy, Deutsch, Mulvaney
   & Carpenter, LLP
P.O. Box 2075
1300 Mount Kemble Avenue
Morristown, New Jersey 07962
*Attorneys for Cuttler Hammer n/k/a Eaton Electrical, Inc.*

Ms. Judith Yavitz
Reed Smith, LLP
599 Lexington Avenue
New York, New York 10022
*Attorneys for Dana Corporation*

Mr. Andrew P. Fishkin
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022
*Attorneys for Dresser Industries, Inc.*

Mr. William Mueller
Clemente Mueller & Tobia, P.A.
P.O. Box 1296
Morristown, New Jersey 07962
*Attorneys for Durabla Manufacturing Company*

Ms. Laura B. Hollman
McMahon Martine & Gallagher
90 Broad Street, 14th Floor
New York, New York 10004
*Attorneys for Eastern Refractories Corporation*

Mr. Andrew Sapon
Bivona & Cohen, P.C.
Wallstreet Plaza
88 Pine Street
New York, New York 10005-1886
*Attorneys for Eaton Hydraulics, Inc. and Enpro Industries, Inc., individually and as Successor in interest to Menasco, Inc.*

Mr. Paul Grant
Garrison Litigation Management
   Group, Ltd.
120 East Avenue, Suite 101
Rochester, New York 14604-2551
*Attorney for Enpro Industries*

Mr. Erich Gleber
Segal McCambridge Singer & Mahoney
830 Third Avenue, Suite 400
New York, New York 10022
*Attorneys for Flowserve Corporation, as successor in interest to Durametallic Corporation and Garlock Sealing Technologies, LLC*

Mr. Michael Tanenbaum
Sedgwick, Detert, Moran & Arnold LLP
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
*Attorneys for Foster Wheeler Energy Corp. and General Electric Corporation*

Mr. Ethan Baumfeld
Ms. Nancy L. Pennie
Aaronson Rappaport Feinstein
   & Deutsch, LLP
757 Third Avenue
New York, New York 10017
*Attorneys for General Motors Corporation*

Mr. Scott R. Emery
Lynch Daskal Emery, LLP
264 West 40th Street
New York, New York 10018
*Attorneys for Georgia Pacific Corporation, Individually and as successor in interest To Consolidated Valtee Aircraft Corporation and Goodyear Tire & Rubber*

Mr. Patrick J. Dwyer
Smith, Stratton, Wise, Hheher & Brennan
83 Maiden Lane – Penthouse
New York, New York 10038
*Attorneys for Goodrich Corporation f/k/a B.F. Goodrich Company*

Mr. John Fanning
Cullen & Dykman LLP
177 Montague Street
Brooklyn, New York 11201
*Attorneys for Gould Pumps, Inc.*

Mr. Christopher J. Garvey
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
*Attorneys for Henkel Corporation*

Mr. Dominic Bianco
Gallagher, Walker, Bianco & Plastaras
98 Willis Avenue
Mineola, New York 11501
*Attorneys for Hewlett Packard Company*

Ms. Lisa A. Linsky
Mr. Donald R. Pugliese
McDermott, Will & Emery, LLP
340 Madison Avenue
New York, New York 10173
*Attorneys for Honeywell International, Inc. f/k/a Allied Signal, Inc., successor in interest to Bendix Corporation*

Ms. Lisa M. Pascarella
Pehlivan, Braaten & Pascarella, L.L.C.
Partner's Ridge Office Park
2430 Route 34
Manasquan, New Jersey 08736
*Attorneys for Ingersoll-Rand Company and American Refractories, Inc.*

Mr. Robert C. Malaby
Malaby & Bradley, LLC
150 Broadway, Suite 600
New York, New York 10038
*Attorneys for JH France*

Ms. Abbie Eliasberg Fuchs
Harris Beach, PLLC
100 Wall Street, 23rd Floor
New York, New York 10005
*Attorneys for Kentile Floors, Inc.*

Mr. Philip J. O'Rourke
McGivney & Kluger, P.C.
80 Broad Street, Suite 2300
New York, New York 10004
*Co-counsel for Kentile Floors, Inc.*

Mr. Christopher S. Kozak
Landman Corsi Ballaine & Ford P.C.
One Gateway Center, Fourth Floor
Newark, New Jersey 07102
*Attorneys for Metropolitan Transit Authority*

Mr. Steven L. Keats
131 Mineola Boulevard
Mineola, New York 11501
*Attorneys for Munaco Packing & Rubber Co.*

Mr. James M. Altman
Mr. David Bloomberg
Mr. Christopher R. Strianese
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104-3300
*Attorneys for Nasco Aircraft Brake, Inc.*

Ms. Elisa T. Gilbert
The Gilbert Firm, LLC
325 East 57th Street
New York, New York 10022
*Attorneys for Northrop Grumman Corporation (Northrop Grumman Systems Corporation, erroneously named as Northrop Gruman Corp.)*

Mr. Arthur Bromberg
Weiner Lesniak LLP
629 Parsippany Road
Parsippany, New Jersey 07054
*Attorneys for Old Orchard Industrial Corporation, individually and as successor to Vapor Corporation*

Mr. Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue, 27th Floor
New York, New York 10167
*Attorneys for Parker Hannifin Corporation*

Mr. Timothy J. McHugh
Lavin O'Neil Ricci Cedrone & Disipio
420 Lexington Avenue, Suite 2900
New York, New York 10170
*Attorneys for Pratt & Whitney &*
*United Technologies Corporation,*
*individually and as success in interest*
*to United Aircraft Corporation United*
*Technology Building and 3M Company*
*f/k/a Minnesota Mining & Manufacturing*

Mr. Mark S. Landman
Landman Corsi Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, New York 10271-0079
*Attorneys for Sequoia Ventures, Inc.*
*f/k/a Bechtel Corporation*

Mr. Kenneth J. Kelly
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
*Attorneys for Wayne Wire Cloth Products,*
*Inc. and Grimes Aerospace Company,*
*individually and as successor in interest to*
*Midland-Ross Corporation*

Ms. Genevieve MacSteel
Mr. Robert Brooks-Rigolosi
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10022
Attorneys for Westinghouse Air Brake