UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ERNESTO and DIANA MIRANDA,

                         Plaintiffs,

    -against-

ABEX CORPORATION, et al.,

                        Defendants.
------------------------------------------------------------------ x

**AMENDED ANSWER TO STANDARD COMPLAINT NO. 1**

Civil Action No.: 08 CV 5491 (SAS)

Defendant, INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM"), by its attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for its amended answer to Standard Complaint No. 1, alleges as follows, upon information and belief:

**PARTIES PLAINTIFF**

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Standard Complaint as to the plaintiff's employment and alleged diseases and injuries, denies the allegations as to IBM, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Standard Complaint.

**PARTIES DEFENDANT**

3.    Denies the allegations contained in paragraphs 3 and 6 of the Standard Complaint as to IBM and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

668784v

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Standard Complaint.

5. Denies the allegations contained in paragraph 5 of the Standard Complaint that IBM committed any tortious acts within the State and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

## BACKGROUND

6. Denies the allegations contained in paragraph 7 of the Standard Complaint as to IBM and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 and 9 of the Standard Complaint in the form alleged and refers all questions of law to the Honorable Court.

8. Denies the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the Standard Complaint as to IBM and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

9. Denies the allegations contained in paragraph 22 of the Standard Complaint.

## AS TO THE FIRST CLAIM

10. In response to paragraph 23 of the Standard Complaint, defendant repeats and reiterates each admission or denial made herein as though more fully set forth at length herein.

11. Denies the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, and 30 of the Standard Complaint as to IBM and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

12. Denies the allegations contained in paragraphs 31 and 32 of the Standard

-2-

668784v

Complaint.

## AS TO THE SECOND CLAIM

13. In response to paragraph 33 of the Standard Complaint, defendant repeats and reiterates each admission or denial made herein as though more fully set forth at length herein.

14. Denies the allegations contained in paragraphs 34 and 36 of the Standard Complaint.

15. Denies the allegations contained in paragraph 35 of the Standard Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

## AS TO THE THIRD CLAIM

16. In response to paragraph 37 of the Standard Complaint, defendant repeats and reiterates each admission or denial made herein as though more fully set forth at length herein.

17. Denies the allegations contained in paragraphs 38 and 39 of the Standard Complaint.

## AS TO THE FOURTH CLAIM

18. In response to paragraph 40 of the Standard Complaint, defendant repeats and reiterates each admission or denial made herein as though more fully set forth at length herein.

19. Denies the allegations contained in paragraphs 41 and 42 of the Standard Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

20. This Court lacks personal jurisdiction over IBM.

668784v

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

21. All claims and causes of action asserted by the plaintiff are barred by the expiration of the applicable statutes of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

22. If the plaintiff sustained the injuries and damages as alleged, the same were caused, in whole or in part, by the conduct of one or more persons or entities over whom IBM exercised no control and with whom IBM had no legal relationship.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

23. The Standard Complaint fails to state cognizable claims against IBM.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

24. To the extent that the plaintiff alleges claims accruing before September 1, 1975, each such claim is completely barred by the plaintiff's contributory negligence and/or assumption of the risk.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

25. If the plaintiff sustained the injuries and damages as alleged, the same were caused, in whole or in part, by the culpable conduct and/or assumption of the risk by the plaintiff.

668784v

Therefore, the plaintiff's claims are barred or diminished in the proportion that such culpable conduct and/or assumption of the risk bears to the culpable conduct which the plaintiff claims caused the injuries and/or damages.

> **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

26. Pursuant to the law of New York, the liability, if any, of IBM for non-economic loss is not joint and several but shall be limited to the proportionate share, if any, attributed to IBM.

> **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

27. If the plaintiff sustained the injuries and damages as alleged, such injuries and damages are the result of an idiosyncratic reaction, rather than the result of any negligence or breach of duty attributable in any manner to IBM.

> **AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

28. The plaintiff may have had a significant premonitory medical history which was the causative factor of the alleged injuries.

> **AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

29. To the extent that the plaintiff is able to prove the allegations with respect to negligence, injuries, and damages, all of which IBM denies, any such injuries and/or damages to

the plaintiff were the result of intervening and/or interceding acts of superseding negligence on the part of persons over whom IBM had no control or right of control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:

30. The plaintiff contributed to the injuries alleged by the use, either in whole or in part, of other substances, products, medications, and drugs.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:

31. If the plaintiff sustained the injuries and damages as alleged, such injuries and damages are the result of an operation of nature, rather than the result of want of care or breach of duty by IBM.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:

32. Any verdict or judgment against any defendant, including IBM, is entitled to reduction pursuant to General Obligations Law § 15-108, on the basis of prior settlements and/or compromises.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:

33. All causes of action asserted in the Standard Complaint fail to state a claim upon which an award of punitive damages may be made.

### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A CROSS-CLAIM AGAINST ALL DEFENDANTS,

668784v

**INTERNATIONAL BUSINESS MACHINES CORPORATION ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

34.  If the plaintiff was caused to sustain any injuries or damages, through any act or omission, other than those of the plaintiff, said injuries or damages arose, in whole or in part, from the acts or omissions of other defendants. If any judgment is recovered herein by the plaintiff against IBM, this answering defendant shall be entitled to indemnity or contribution on the basis of the proportionate responsibility of each such party.

WHEREFORE, defendant, International Business Machines Corporation, demands judgment dismissing Standard Complaint No. 1 as to defendant, International Business Machines Corporation, and further demands that the ultimate rights of the answering defendant and the co-defendants, as among themselves, be determined in this action, and that the answering defendant have judgment over and against the co-defendants for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with the costs and disbursements of this action.

Dated:   New York, New York
         August 15, 2008

                                            Yours, etc.,

                                            AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
By: *Elizabeth M. Young*
Elizabeth M. Young (EMY 3683)
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION
Office & P.O. Address
757 Third Avenue
New York, New York 10017
(212) 593-6700

-7-

668784v

To:     LEVY PHILLIPS & KONIGSBERG, LLP
Attorneys for Plaintiffs
Ernesto and Diana Miranda
800 Third Avenue - 13th Floor
New York, New York 10022
(212) 605-6200

ALL COUNSEL ON SERVICE LIST

-8-

668784v

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                          ss.:
COUNTY OF NEW YORK  )

HOLLY BASKURT, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

That on the 15th day of August, 2008, deponent served the within AMENDED ANSWER TO STANDARD COMPLAINT NO. 1 on behalf of defendant, INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM"), upon:

LEVY PHILLIPS & KONIGSBERG, L.L.P
Attorney for Plaintiffs
800 Third Avenue 13th Fl
New York, NY 10022
212 605-6200

ALL COUNSEL ON ATTACHED SERVICE LIST

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
HOLLY BASKURT

Sworn to before me this
15th day of August, 2008.

_____
Notary Public

Merline Kelly
Notary Public, State of New York
No. 01KE5068190
Qualified in Queens County
Commission Expires October 28, 2010

**SERVICE LIST**

| COUNSEL | CLIENT |
|---|---|
| LEVY, PHILLIPS & KONIGSBERG, LLP<br>800 Third Avenue – 13th Floor<br>New York, New York 10022 | Plaintiffs |
| Iris M. Gabrielli, Esq.<br>Smith Abbott, L.L.P.<br>48 Wall Street, Suite 1100<br>New York, New York 10005 | Abex Corporation f/k/a American Brake Shoe and Pneumo Abex Corporation, individually and as successor in interest to Abex Corporation |
| Kerryann M. Cook, Esq./Michelle D. Grady, Esq.<br>Monakee D. Griffin, Esq./Philip J. O'Rourke, Esq.<br>McGivney & Kluger, P.C.<br>80 Broad Street, Suite 2300<br>New York, New York 10004 | Alcoa, Inc., Avocet Enterprises, Inc., Courter & Co., Fay Spoffard & Thorndike of New York, Inc. f/k/a Wolf & Munier, Inc., Hercules Chemical Co. Inc., Kentile Floors, Inc., Leslie Controls, Railroad Friction Products Corp., Tate Andale Inc., individually and as successor-in-interest to CH Wheeler Co., and Treadwell Corporation |
| Lisa M. Pascarella, Esq.<br>Pehlivanian Braaten & Pascarella, L.L.C.<br>115 Broadway, 19th Floor<br>New York, New York 10006 | American Refractories, Inc., General Cable, and Ingersoll-Rand Company |
| Suzanne M. Halbardier, Esq.<br>Barry, McTiernan & Moore<br>2 Rector Street, 14th Floor<br>New York, New York 10006 | American Refractories Co., General Refractories Co., Graybar Electric Company, Inc., and John Crane, Inc. |
| Erich J. Gleber, Esq.<br>Segal McCambridge Singer & Mahoney, Ltd.<br>830 Third Avenue, Suite 400<br>New York, New York 10022 | The Anchor Packing Company, Flowserve Corporation, and Garlock Sealing Technologies, LLC |
| Barbara J. Buba, Esq.<br>Wilbraham, Lawler & Buba<br>1818 Market Street, Suite 3100<br>Philadelphia, Pennsylvania 19103-3631 | Atlas Industries |
| Joseph A. D'Avanzo, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker LLP<br>3 Gannett Drive<br>White Plains, New York 10604 | The Boeing Company |
| James M. Altman, Esq./David Bloomberg, Esq.<br>Christopher R. Strianese, Esq.<br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, New York 10104-3300 | The Boeing Company and Nasco Aircraft Brake, Inc. |
| Anna M. DiLonardo, Esq.<br>Andrew M. Warshauer, Esq.<br>Weiner Lesniak LLP | Bondex Incorporated, Borg Warner Corporation, Lockheed Martin Corporation, and Robert A. Keasbey Company |

{00522047.DOC}

| COUNSEL | CLIENT |
|---|---|
| 888 Veterans Memorial Highway<br>Suite 540<br>Hauppauge, New York 11788 | |
| Robert C. Malaby, Esq.<br>Malaby & Bradley, LLC<br>150 Broadway, Suite 600<br>New York, New York 10038 | CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, and J. H. France |
| Michael E. Waller, Esq.<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>One Newark Center, Tenth Floor<br>Newark, New Jersey 07102-5285 | Crane Co., Crane Pumps & Systems, Inc., Crane Resistoflex Aerospace, and Crane Aerospace & Electronics |
| Nancy McDonald, Esq.<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, New Jersey 07962-2075 | Cuttler Hammer, n/k/a Eaton Electrical Inc. |
| Scott R. Emery, Esq.<br>Lynch Daskal Emery, LLP<br>264 West 40th Street<br>New York, New York 10018 | DaimlerChrysler, Georgia-Pacific Corporation, individually and as successor in interest to Consolidated Vultee Aircraft Corporation, and The Goodyear Tire & Rubber Company |
| Judith A. Yavitz, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, New York 10022 | Dana Corporation and Union Carbide |
| Andrew P. Fishkin, Esq.<br>Edwards & Angell, LLP<br>750 Lexington Avenue<br>New York, New York 10022 | Dresser Industries, Inc. |
| William F. Mueller, Esq.<br>Clemente, Mueller & Tobia P.A.<br>218 Ridgedale Avenue<br>P.O. Box 1296<br>Morristown, New Jersey 07962-1296 | Durabla Manufacturing Company |
| Heidi Chang, Esq.<br>McMahon, Martine & Gallagher, LLP<br>90 Broad Street, 14th Floor<br>New York, New York 10004 | Eastern Refractories Corp. |
| Andrew Sapon, Esq.<br>Bivona & Cohen, P.C.<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005-1886 | Eaton Corporation, Eaton Hydraulics, Inc. f/k/a Vickers Inc. and Enpro Industries, Inc., individually and as successer in interest to Menasco, Inc. |
| Abbie Eliasberg Fuchs, Esq./Brian A. Bender, Esq.<br>Harris Beach, PLLC<br>100 Wall Street, 23rd Floor | The Fairchild Corporation and Kentile Floors, Inc. |

| COUNSEL | CLIENT |
|---|---|
| New York, New York 10005 | |
| Michael A. Tanenbaum, Esq.<br>Sedgwick, Detert, Moran & Arnold, LLP<br>Three Gateway Center<br>100 Mulberry Street, 12th Floor<br>Newark, New Jersey 07102 | Foster Wheeler L.L.C. and General Electric Company |
| Patrick J. Dwyer, Esq.<br>Smith, Stratton, Wise, Heher & Brennan, LLP<br>100 Park Avenue – Suite 1600<br>New York, New York 10017 | Goodrich Corporation, f/k/a B.F. Goodrich Company |
| John J. Fanning, Esq.<br>Cullen & Dykman Bleakley Platt LLP<br>177 Montague Street<br>Brooklyn, New York 11201-3602 | Goulds Pumps, Inc. |
| Kenneth J. Kelly, Esq.<br>Epstein Becker & Green, P.C.<br>250 Park Avenue<br>New York, New York 10177-0077 | Grimes Aerospace Company and Wayne Wire Cloth, Inc. |
| Christopher J. Garvey, Esq.<br>Goodwin Procter LLP<br>599 Lexington Avenue<br>New York, New York 10022 | Henkel Corporation |
| Dominic P. Bianco, Esq.<br>Gallagher, Walker, Bianco & Plastaras<br>98 Willis Avenue<br>Mineola, New York 11501 | Hewlett Packard |
| Donald R. Pugliese, Esq.<br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, New York 10173 | Honeywell International Inc., f/k/a AlliedSignal, Inc., successor-in-interest to The Bendix Corporation |
| Joseph G. Colao, Esq.<br>Leader & Berkon LLP<br>630 Third Avenue, 17th Floor<br>New York, New York 10017 | IMO Industries and Warren Pumps |
| Robert D. Brown, Jr., Esq.<br>Gibbons P.C.<br>One Gateway Center<br>Newark, New Jersey 07102-5310 | Konica Minolta Business Solutions U.S.A., Inc. |
| Annalyn G. Smith, Esq.<br>Bracewell & Giuliani, LLP<br>106 South St. Mary's Street<br>Suite 800<br>San Antonio, Texas 78205 | Lear Seigler Services, Inc., individually and as successor in interest to Lear Seigler, Inc. |
| Thomas J. Maimone, Esq.<br>Maimone & Associates PLLC<br>170 Old Country Road<br>Mineola, New York 11501 | Mack Trucks, Inc. |
| Christopher S. Kozak, Esq.<br>Landman Corsi Ballaine & Ford P.C.<br>One Gateway Center, Suite 400 | Metropolitan Transportation Authority |

| COUNSEL | CLIENT |
|---|---|
| Newark, New Jersey 07102 | |
| Steven L. Keats, Esq.<br>131 Mineola Boulevard<br>Mineola, New York 11501 | Munaco Packing & Rubber Co., Inc. |
| Elisa T. Gilbert, Esq.<br>The Gilbert Firm, LLC<br>325 East 57th Street<br>New York, New York 10022 | Northrop Grumman Systems Corporation |
| Arthur D. Bromberg, Esq.<br>Weiner Lesniak LLP<br>629 Parsippany Road<br>Parsippany, New Jersey 07054 | Old Orchard Industrial Corporation, individually and as successor to Vapor Corporation |
| Richard P. O'Leary, Esq.<br>McCarter & English, LLP<br>245 Park Avenue, 27th Floor<br>New York, New York 10167 | Parker Hannifin Corporation |
| Timothy J. McHugh, Esq.<br>Lavin, O'Neil, Ricci, Cedrone & Disipio, P.C.<br>420 Lexington Avenue<br>Graybar Building, Suite 2900<br>New York, New York 10170 | Pratt & Whitney, United Technologies Corporation, individually and as successor in interest to United Aircraft Corporation, United Technologies Building, and 3M Company f/k/a Minnesota Mining and Manufacturing Company. |
| Mark S. Landman, Esq.<br>Landman Corsi Ballaine & Ford P.C.<br>120 Broadway, 27th Floor<br>New York, New York 10271-0079 | Sequoia Ventures, Inc. f/k/a Bechtel Corp. |
| Rob C. Tonogbanua, Esq.<br>Dickie, McCamey & Chilcote, P.C.<br>41 South Haddon Avenue – Suite 5<br>Haddonfield, New Jersey 08033-1800 | Tyco Flow Control, Inc. |
| Genevieve MacSteel, Esq.<br>McGuireWoods LLP<br>1345 Avenue of the Americas, 7th Floor<br>New York, New York 10105-0106 | Westinghouse Air Brake Co. |
| Frank A. Cecere, Jr., Esq.<br>Ahmuty, Demers & McManus<br>200 I.U. Willets Road<br>Albertson, New York 11507 | Yuba Heat Transfer, Division of Connell-Limited Partnership |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                     08 CV 5491 (SAS)

---

ERNESTO and DIANA MIRANDA,

                    Plaintiff,

      -against-

ABEX CORPORATION, et al.

                    Defendants.

---

**AMENDED ANSWER TO STANDARD COMPLAINT NO. 1**

---

**AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP**
Defendants
INTERNATIONAL BUSINESS MACHINES CORPORATION
Office and Post Address
757 Third Avenue
New York, NY 10017
212-593-6700

---

To:   **ALL PARTIES**

672616v