USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X

**ERNESTO MIRANDA and DIANA MIRANDA,**

**Plaintiffs,**

**- against -**

**ABEX CORPORATION, *et al.*,**

**Defendants.**

---------------------------------------------------- X

**OPINION AND ORDER**

**08 Civ. 5509 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

On June 18, 2008, defendants Northrop Grumman Corporation and Lockheed Martin Corporation removed this asbestos-related tort action to federal court after invoking the federal officer removal statute, section 1442(a)(1) of Title 28 of the United States Code.[1] Plaintiffs Ernesto and Diana Miranda now move to remand the suit to state court. For the reasons stated below, the Mirandas' motion to remand the case to state court is granted.

## II. BACKGROUND

Ernesto Miranda and his wife, Diana, brought this action in New

---

[1] 28 U.S.C. § 1442(a)(1).

York state court in March 2008. Late in 2007, Ernesto was diagnosed with mesothelioma, a fatal form of cancer attributed to asbestos exposure.[2] The Mirandas' claim was based in part on Ernesto's alleged exposure to asbestos from aircraft during his service in the United States Air Force.[3] Miranda also alleged asbestos exposure apart from his service in the Air Force. The Mirandas assert that the defendants are liable to them for failing to warn Ernesto of the hazards of asbestos exposure. In response, many of the aviation-related defendants asserted a federal contractor defense which — when properly asserted — allows removal to federal court.[4]

On August 28, 2008, the Mirandas filed a motion to remand the case back to New York state court.[5] In a memorandum of law accompanying this motion, the Mirandas asserted that they had waived "all aviation-related claims."[6] On October 6, 2008, the Mirandas supplemented this waiver with a motion to

---

2 *See* 12/19/07 Letter from Dr. Cliff P. Connery to Dr. Gary Burke, Ex. 1 to Defendant General Electric Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Def. Mem.").

3 *See* Def. Mem. at 3.

4 *See* 28 U.S.C. § 1442(a)(1).

5 *See* Plaintiffs' Motion to Remand.

6 *See* Plaintiffs' Reply Brief in Support of Plaintiffs' Motion to Remand ("Reply Brief") at 1.

"dismiss all claims stated in their Complaint arising out of Mr. Miranda's employment in the United States Air Force."[7] Based on their waiver of all aviation-related claims, the Mirandas argued that there are "no claims now pending to which [defendants] could possibly allege a basis of federal jurisdiction."[8] The Mirandas also represent that because Ernesto is gravely ill, his case has already been scheduled for trial in state court.[9]

In opposition to the Mirandas' motion to remand, defendant General Electric ("GE") argues that the Mirandas' dismissal of the aviation-related claims does not strip this Court of jurisdiction under the federal officer removal statute.[10] In essence, GE argues that while the Mirandas have decided not to pursue any aviation-related claims, other defendants have brought cross-claims against GE for contribution in light of Ernesto's aviation-related asbestos exposures. In defending these cross-claims, GE will invoke its federal contractor defense. As GE notes, "Plaintiffs' aviation exposures are in this case regardless of any

---

[7] *See* Plaintiffs' Motion to Dismiss Pursuant to Rule 41(a)(2).

[8] Plaintiffs' Reply Memorandum in Support of Plaintiff's Motion to Dismiss and in Further Support of Remand at 1.

[9] *See* Reply Brief at 1.

[10] *See* Defendant General Electric Company's Memorandum of Law in Response to Plaintiffs' Motion to Dismiss Pursuant to Rule 41(a)(2), and in Further Opposition to Remand at 1-2.

ministerial dismissal of the 'aviation claims' in the Complaint. As long as these exposures are in the case and a claim, by any party, exists that those exposures were a substantial contributing cause of plaintiffs' injuries, GE has a federal defense in this action."[11]

## III. APPLICABLE LAW

Ordinarily, the well-pleaded complaint rule dictates that a defendant may remove an action from state court to federal court only if the case could have been filed in federal court in the first instance.[12] Thus federal question jurisdiction may be invoked only "'when a federal question is presented on the face of the plaintiffs' properly pleaded complaint.'"[13] Suits against federal officers are an exception to this general rule.[14] "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal

---

[11] *Id.* at 2.

[12] *See City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) (citation omitted).

[13] *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). *Accord Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[14] *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

law."[15]

The federal officer removal statute provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court.[16] If the defendant moving for removal is not a federal officer or agency, three conditions must be satisfied for removal to be appropriate. *First*, the defendant must show that it is a "person" as that term is used in section 1442(a)(1).[17] *Second*, the defendant must offer a colorable federal defense.[18] *Third*, "it must establish that it was 'acting under' a federal officer, which subsumes the existence of a 'causal connection' between the charged conduct and asserted official authority."[19] While other removal statutes are interpreted narrowly, the federal officer removal

---

15 *Id.*

16 28 U.S.C. § 1442(a)(1).

17 *See In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

18 *Id.* (citing *Mesa v. California*, 489 U.S. 121, 129 (1989)).

19 *Id.* (citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).

statute "must be liberally construed."[20]

## IV. DISCUSSION

### A. "Person" within the Meaning of Section 1442(a)(1)

In order for removal to be proper under the federal officer removal statute, GE must be a "person" within the meaning of section 1442(a)(1).[21] The Second Circuit has held that "it is clear that corporations are 'persons' within the meaning of [section 1442(a)(1)]."[22] Thus, GE satisfies the first requirement for removal under the federal officer removal statute.

### B. Colorable Federal Defense

#### 1. Legal Standard

For removal to be proper, GE must also assert a colorable federal

---

[20] *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 136 (2d Cir. 2008) (citing *Watson v. Phillip Morris Cos., Inc*, — U.S. —, 127 S. Ct. 2301, 2304-05 (2007); *Willingham*, 395 U.S. at 407 ("Th[e] policy [of providing the protection of a federal forum to federal officers] should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).")). *Accord Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441.").

[21] *See In re MTBE*, 488 F.3d at 124.

[22] *Id.* Federal courts presume that the term "persons" includes corporations "unless the context indicates otherwise." *Isaacson*, 517 F.3d at 135 (citing 1 U.S.C. § 1). "Because the legislative history is devoid of evidence suggesting that Congress intended § 1442 not apply to corporate persons, the ordinary presumption established in 1 U.S.C. § 1 controls." *Id.* at 136.

defense.[23] GE claims that it is immune from state tort liability arising from Ernesto Miranda's alleged aviation-related asbestos exposure because it was serving as military contractor at the time of Miranda's alleged exposure.[24] Such a defense, if established, "presents a colorable federal defense in both design defect and failure to warn cases."[25]

"The military contractor defense is premised on federal displacement of state law where state law significantly conflicts with the federal interest embodied in the federal government's sovereign immunity for discretionary functions."[26] To show such a conflict, and thus to assert this federal defense, a defendant contractor must satisfy three requirements. *First*, it must demonstrate that "'(1) the United States approved reasonably precise specifications' for the military equipment supplied by the contractor."[27] *Second*, it must show that "'the

---

23 *See In re MTBE*, 488 F.3d at 124.

24 *See* Def. Mem. at 17.

25 *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Grispo v. Eagle-Picher Indus., Inc.*, 897 F.2d 626, 629 (2d Cir. 1990)).

26 *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 839 (2d Cir. 1992) (citing *Boyle*, 487 U.S. at 511).

27 *Machnik*, 506 F. Supp. 2d at 102 (quoting *Boyle*, 487 U.S. at 512).

equipment conformed to those specifications.'"[28] *Third*, the defendant contractor must show that it "'warned the United States about the dangers in the use of the equipment that were known to the [contractor] but not to the United States.'"[29] In the failure to warn context, the first prong of this test requires a showing that "whatever warnings accompanied the product resulted from a determination of a government official, and thus that the Government itself 'dictated' the content of the warnings meant to accompany the product."[30]

**2. Analysis**

In determining whether a defendant has asserted a colorable federal defense, courts are permitted "to look beyond the pleadings to the evidence submitted by the parties regarding the Motion to Remand."[31] A review of the evidence submitted by GE shows that it has failed to assert a colorable federal

---

28 *Id.* (quoting *Boyle*, 487 U.S. at 512).

29 *Id.* (quoting *Boyle*, 487 U.S. at 512).

30 *Grispo*, 897 F.2d at 631 (citations omitted). *Accord Machnik*, 506 F. Supp. 2d at 103 ("To prove the 'reasonably precise specifications' requirement, [the defendant] must show that the government actively participated in creating the specifications for the products and warning labels [defendant] supplied, and that the government imposed these specifications on [defendant].") (citing *In re Agent Orange Prod. Liab. Litig.*, 304 F. Supp. 2d 404, 434 (E.D.N.Y. 2004)).

31 *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d. 187, 196-97 (D. Mass. 2008) (citing *Machnik*, 506 F. Supp. 2d at 103).

defense.

In support of its asserted federal defense, GE offers an affidavit from Joseph D. Gould, who has worked at GE's Military Engines Operation since 1974 and who "has affirmed that he is familiar with the procedures and practices associated with providing jet aircraft engines for the U.S. Military through government contracts."[32] According to Gould,

> "all aspects of th[e] . . . design, manufacture, testing and acceptance [of aircraft] engines would have been performed under the immediate close supervision of the United States Air Force and/or Navy . . . . This supervision and control would have been exercised through contract documents, design and construction drawings, written specifications and personal oversight by engineers and government specialists on site at GE Aircraft Engines . . . ."[33]

He also notes that "detailed drawings would have been reviewed and approved by U.S. Air Force personnel and/or their representatives before production of the component parts and assembly of the engines commenced."[34]

In this failure to warn case, GE can assert a federal defense only if the Air Force "dictated" the content of warnings to it.[35] The Gould Affidavit demonstrates that GE employees worked closely with Air Force personnel in the

---

32 Def. Mem. at 18.

33 Affidavit of Joesph D. Gould, Ex. 5 to Def. Mem., at ¶ 6.

34 *Id.* ¶ 7.

35 *Grispo*, 897 F.2d at 631.

design and construction of Air Force jets, yet it says nothing about asbestos warnings — the subject of this lawsuit. In a recent asbestos case in the District of Massachusetts, by contrast, "[e]ach of the defendants claim[ed] that the military, through its contracts, exercised its discretion in such a way as to prevent them from warning [the plaintiff] about the dangers of asbestos."[36] In this case, however, GE makes no such claim. Similarly, GE fails to "rebut the obvious inference: that [it] never tried to warn about asbestos at all."[37]

The Gould Affidavit — the only evidence provided by GE as to the control of the Air Force over jet design and construction — suggests that "the government was silent as to whether or not [GE was] permitted to warn, or that there was no discussion about the content of the warnings.[38] As such, there seems to be no conflict between federal policy and holding GE to its state-law duty to warn.[39] Accordingly, GE's asserted federal defense fails.

---

36 *Hilbert*, 529 F. Supp. 2d at 199.

37 *Id.* at 202.

38 *Id.* at 199.

39 *See id.* ("If no federal policy is infringed and the contractor had discretion to warn, then the affirmative federal contractor defense must fail.") (citing *Dorse v. Eagle-Picher Indus., Inc.*, 898 F.2d 1487, 1488-90 (11th Cir. 1990); *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1155 (D. Colo. 2002); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab.*

## V. CONCLUSION

As GE has not demonstrated that the government prevented it from including warnings on the aircraft components it manufactured, it has failed to establish a colorable federal defense. Therefore, because the Court does not have jurisdiction in this case under the federal officer removal statute, plaintiffs' motion to remand is granted. The Clerk of the Court is directed to close this motion (08 Civ. 5491, Docket No. 57 ) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 31, 2008

---

*Litig.*, 327 F. Supp. 2d 554, 563 (D. Md. 2004)).

**- Appearances -**

**For Plaintiffs:**

Patrick J. Timmins, Esq.
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 605-6209

**For Defendants Boeing Company and Boeing Integrated Defense Systems:**

Joseph A. D'Avanzo, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
177 Broad Street, 6th Floor
Stamford, Connecticut 06901
(203) 388-9100

Charles Christopher De Martino, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

**For Defendant Bondex International, Inc.:**

Anna Maria DiLonardo, Esq.
Weiner Lesniak, LLP
888 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 232-6130

**For Defendants Chrysler LLC, Georgia Pacific Corporation, and Goodyear Tire & Rubber:**

Scott A. Harford, Esq.
Lynch Daskal Emery, LLP

264 West 40th Street
New York, New York 10018
(212) 302-2400

**For Defendant Duramettalic Corporation:**

Erich Gleber, Esq.
Segal, McCambrige, Singer & Mahoney
805 Third Avenue, 19th Floor
New York, New York 10022
(212) 912-3681

**For Defendant Epson America, Inc.:**

John Francis Parker, Esq.
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4206

**For Defendants Fairchild Corporation and Hitco Carbon & Composites:**

Thomas Russell Pantino, Esq.
Mendes & Mount, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8039

**For Defendants GE Aviation Systems LLC and Texas Instruments, Inc.:**

Michael Alan Tanenbaum, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
Three Gateway Center 12th Floor
Newark, New Jersey 07102
(973) 242-0002

**For Defendant General Dynamics:**

Erik Christopher DiMarco, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017
(212)-490-3000

**For Defendant General Motors Corporation:**

Nancy Loraine Pennie, Esq.
Aaronson, Rappaport, Feinstein & Deutsch, LLP
757 Third Avenue
New York, New York 10017
(212) 593-6700

**For Defendant Goodrich Corporation:**

Patrick Joseph Dwyer, Esq.
Katherine E. Hauck, Esq.
Smith, Stratton, Wise, Heher & Brennan, LLP
2 Research Way
Princeton, New Jersey 08540
(609) 734-6186

**For Defendant HoneyWell International, Inc.:**

Donald Richard Pugliese, Sr., Esq.
McDermott, Will & Emery, LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

**For Defendant International Business Machines Corporation:**

Elizabeth Marion Young, Esq.
Aaronson, Rappaport, Feinstein & Deutsch, LLP
757 Third Avenue

New York, New York 10017
(212) 593-6792

**For Defendant Konica Minolta Business Solutions U.S.A., Inc.:**

Robert Dorrance Brown, Jr., Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

**For Defendant Lear Seigler Service, Inc.:**

Daniel Seth Meyers, Esq.
Bracewell & Giuliani, LLP
1177 Avenue of the Americas, 19th Floor
New York, New York 10036
(212) 508-6100

Annalyn G. Smith, Esq.
Bracewell & Giuliani LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
(210) 226-1166

**For Defendant Lockheed Martin Corporation:**

Julie Lynn Mer, Esq.
Weiner Lesniak, LLP
888 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 232-6130

**For Defendants Metropolitan Transit Authority and New York City Transit Authority:**

Samantha Maxwell Burd, Esq.
Landman, Corsi, Bllaine & Ford, P.C.
One Gatewaty Center

Newark, New Jersey 07102
(973) 315-4800

**For Defendant Nasco Air Brakes, Inc.:**

James Mark Altman, Esq.
Christopher Robert Strianese, Esq.
Bryan Cave LLP
1290 Avenue of Americas
New York, New York 10104
(212) 541-2029

**For Defendant Northrop Gruman Corporation:**

Elisa T. Gilbert, Esq.
The Gilbert Firm LLC
325 East 57th
New York, New York 10022
(212) 286-8503

**For Defendant Old Orchard Industrial Corporation:**

Arthur David Bromberg, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue, 3rd Floor
Garden City, New York 11530
(973) 403-1100

**For Defendant Parker Hannifin Corporation:**

Richard P O'Leary, Esq.
McCarter & English, LLP
245 Park Avenue
New York, New York 10167
(212) 609-6800